IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ASHER BRONSTIN, individually and on behalf of all other similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>VIASAT, INC.,<br><br>Defendant. | Civil Action No. 1:25-cv-00927-KMN |

## DECLARATION OF GREGORY HENDERSON

I, Gregory Henderson, hereby declare pursuant to 28 U.S.C. § 1746 as follows:

1. I am over 18 years of age. Unless otherwise stated, the information set forth herein and below is true and correct, is based on my own personal knowledge, and if asked to testify thereto, I could and would do so competently.

2. I am the Associate Director of Sales Performance for the Defendant in this matter, Viasat, Inc. ("Viasat"). I have held this position since 2018.

3. I submit this Declaration in my professional capacity in support of "Defendant's Motion to Dismiss Plaintiff's Complaint" (the "Motion"), filed by Viasat contemporaneously herewith in the above-captioned matter (the "Action").

4. In my professional capacity, I am familiar with Viasat's business operations, policies, and practices, including but not limited to with respect to Viasat's product sales, marketing, and communications with current or potential

customers. Further, in my professional capacity, I am generally familiar with Viasat's business records and records-keeping procedures relating to sales and contact center procedures.

5. All of the records described herein are regularly kept and/or maintained in the normal course of business at Viasat, were made near or at the time of the act or event recorded or were made reasonably soon thereafter, and were made or maintained by an employee, agent, or other representative of Viasat. As part of my job responsibilities, I have reviewed such records, including for this Declaration.

6. Certain of the records described herein were created by businesses or persons other than Viasat. In that regard, my understanding and belief is that all such records were made by, or from information transmitted by, a person with knowledge of the events described therein, at or near the time of the event described, and were prepared and kept in the ordinary course of the regularly conducted business activity of such entities. My understanding and belief, based on my professional experience and on my experience having reviewed and used such records in the past, is that the content of those records is reliable and accurate to the best of my knowledge. As part of its regular business practices, these records have been incorporated into Viasat's business records and are routinely used and relied on by Viasat in conducting its business, and were reviewed by me for purposes of this Declaration.

7. I have also reviewed the putative class action complaint (*see* Dkt. 1, the

Case 1:25-cv-00927-KMN   Document 11-2   Filed 07/17/25   Page 3 of 7

"Complaint") filed by Plaintiff Asher Bronstin ("Plaintiff") in the Action, and I am familiar with the allegations made against Viasat therein.

8. Viasat sells and markets, among other things, internet services. These are marketed primarily through internet advertisements, and consumers will place calls to Viasat or to certain third parties, and request information about and/or purchase those services.

9. Viasat does not make outbound telemarketing calls to sell its products or services. Viasat does not have a telemarketing program, and does not allow third parties to telemarket on its behalf. In fact, Viasat expressly forbids telemarketing, and includes contractual prohibitions on telemarketing in its contracts with third-parties.

10. Viasat has no records of making an outbound call to the phone number alleged in the Complaint, which Plaintiff claims to be his number and which I understand is 760-XXX-8792 (the "Subject Number"). Viasat has confirmed that no third parties did so on Viasat's behalf. The full Subject Number has not been provided herein for confidentiality purposes, but I understand it is known to Plaintiff and can be provided to the Court upon request by Viasat's counsel in the Action.

11. Viasat does not own or use the phone numbers identified in the Complaint ((931) 413-8533 and (530) 235-8385) that allegedly were used to call Plaintiff. Those numbers are not also associated with any vendor Viasat uses. If

either number is called, they do not reach Viasat or any of Viasat's vendors.

12. Viasat's records reflect an individual using the Subject Number made an *inbound* call to 855-478-5112 on April 19, 2024, at 2:17 pm Pacific Time. Among other identifying information, the individual gave his name as Ash Bronstin, expressed interest in purchasing Viasat's internet services during the call, and provided a credit card number for Plaintiff to make the purchase. This call lasted 23 minutes and 41 seconds. A true and correct copy of a business record reflecting this inbound call is attached hereto as **Exhibit A**. This exhibit has been partially redacted for confidentiality, but I understand an unredacted copy can be provided to the Court upon request by Viasat's counsel. That is the only record of any call involving the Subject Number that Viasat has.

13. Again, at no time was a call made to the Subject Number by or on behalf of Viasat. As such, Viasat had no involvement in, and has no knowledge of, any of the calls alleged in the Complaint made to the Subject Number. If any such calls were made (which Viasat denies), they were not made or authorized by Viasat.

14. Nothing in this Declaration should be understood as an admission of liability by Viasat (which is expressly denied), or an admission of any fact alleged by Plaintiff in the Action, including as alleged in the Complaint.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge and belief.

4

Executed on July 17, 2025, in Gilbert, Arizona

By: _____
Gregory Henderson

# EXHIBIT A



EXHIBIT A