IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ASHER BRONSTIN, individually and on behalf of all other similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>VIASAT, INC.,<br><br>Defendant. | Civil Action No. 1:25-cv-00927-KMN<br>(Hon. Keli M. Neary) |

## MOTION FOR PROTECTIVE ORDER TO BIFURCATE DISCOVERY

Defendant Viasat Inc. ("Viasat") hereby respectfully moves, pursuant to Fed. R. Civ. P. 26(c), for a protective order bifurcating discovery between the merits of the individual claim of Plaintiff Asher Bronstin ("Plaintiff") and the putative class members' claims, for the sake of judicial and party economy.

As grounds for this Motion, and as discussed in detail in the accompanying supporting Brief, Plaintiff's individual claims under the Telephone Consumer Protection Act ("TCPA") have serious factual flaws, demonstrating that he lacks a viable TCPA claim, lacks Article III standing, and would not be an adequate class representative. As such, conducting targeted bifurcated discovery for a short period (e.g., 90 to 120 days), followed by summary judgment briefing, to first resolve those (and other) narrow case-dispositive issues unique to Plaintiff's individual claims

would be more efficient, conserve judicial and party resources, best promote the edicts of Rule 1 of the Federal Rules of Civil Procedure, and potentially lead to a swift resolution of this case without prejudicing either party. Many federal courts in and beyond the Third Circuit have recognized this and thus routinely bifurcate discovery in similar TCPA class action cases in such fashion, as doing so benefits all concerned.

The specific legal and factual bases for this Motion are set forth in the accompanying Brief, which is incorporated herein by reference as if fully stated, any materials and other evidence submitted in support, and any other briefs, materials and argument provided to the Court prior to its ruling thereon.

WHEREFORE, for these reasons, the Court should enter a bifurcated discovery schedule. A proposed order has been included herewith for the Court's convenience.

Dated: July 30, 2025

Respectfully submitted,

By: */s/ A. Paul Heeringa*

JOHN W. MCGUINNESS
(*Pro Hac Vice* to be requested)
A. PAUL HEERINGA
(Admitted *Pro Hac Vice*)
MANATT, PHELPS & PHILLIP, LLP
1050 Connecticut Avenue, NW, Suite 600
Washington, D.C. 20036
Telephone: 202-585-6500
Facsimile: 202-585-6600
jmcguinness@manatt.com
pheeringa@manatt.com

FREDERICK P. SANTARELLI (PA 53901)
STEVEN C. TOLLIVER, JR. (PA 327165)
ELLIOTT GREENLEAF, P.C.
Union Meeting Corporate Center V
925 Harvest Drive, Suite 300
Blue Bell, PA 19422
(215) 977-1000 (phone)
(215) 977-1099 (fax)

FPSantarelli@elliottgreenleaf.com
sct@elliottgreenleaf.com

*Counsel for Defendant Viasat, Inc.*

## **LOCAL RULE 7.1 CERTIFICATE**

The undersigned hereby certifies that Defendant's counsel conferred with Plaintiff's counsel on the foregoing Motion on July 18, 2025, and Plaintiff's counsel indicated in writing that Plaintiff does not concur with the relief sought herein.

Dated: July 30, 2025                    */s/ A. Paul Heeringa*
                                         A. PAUL HEERINGA

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that I am causing the foregoing to be filed electronically with the Court, where it is available for viewing and downloading from the Court's ECF system, and that such electronic filing automatically generates a Notice of Electronic Filing constituting service of the filed document upon all counsel of record.

Dated: July 30, 2025         /s/ A. Paul Heeringa
                             A. PAUL HEERINGA