IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ASHER BRONSTIN, individually and on behalf of all other similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>VIASAT, INC.,<br><br>Defendant. | Civil Action No. 1:25-cv-00927-KMN<br><br>(Hon. Keli M. Neary) |

## BRIEF IN SUPPORT OF DEFENDANT'S MOTION FOR PROTECTIVE ORDER TO BIFURCATE DISCOVERY

Defendant Viasat Inc. ("Viasat") hereby respectfully submits this brief in support of its corresponding motion for a protective order, pursuant to Fed. R. Civ. P. 26(c), bifurcating discovery between the merits of the individual claim of Plaintiff Asher Bronstin ("Plaintiff") and the putative class members' claims, for the sake of judicial and party economy. In support, Viasat respectfully states as follows:

### I. INTRODUCTION

This putative class action is a prime candidate for bifurcated discovery, where the parties would initially focus discovery for a short period (*e.g.*, 90 to 120 days) on issues relevant to the merits of Plaintiff's individual claims against Viasat under the Telephone Consumer Protection Act ("TCPA"), before conducting broader and more costly class discovery if necessary. As explained in Viasat's pending motion to

dismiss, Plaintiff's individual claims have significant factual flaws that should lead to the early resolution of this matter. *See generally* Dkt. 11-1. Most notably, the evidence submitted shows **Plaintiff did not receive <u>any</u> call from or on behalf of Viasat** and thus he lacks Article III standing to pursue this case. *Id*. at 3-4, 7-8 (citing *Baccari*).[1] And if Plaintiff lacks standing for his individual claims, he lacks standing to be a class representative, and this case would be over. Moreover, the evidence submitted shows that the second call Plaintiff claims to have received simply could not have occurred. *See id*. at 3. If borne out in the initial individual discovery phase (as it will be), this would also be the end of this case, as the TCPA's "Do Not Call" provisions require more than one "telephone solicitation" call from or on behalf of the defendant in a 12-month period. *See id*. at 8-9. Other individualized issues of fact could dispose of this case as well, including *inter alia* whether Plaintiff received an actionable "telephone solicitation" within the meaning of the TCPA and, if so, whether Viasat is directly or vicariously liable under the TCPA for such calls. As highlighted in Viasat's motion to dismiss, Plaintiff fails to plead any factual support for these issues. *See id*. at 9-18.

Bifurcated discovery and related summary judgment briefing to first resolve dispositive individual issues would be more efficient, conserve judicial and party resources, best promote the edicts of Rule 1 of the Federal Rules of Civil Procedure

---

[1] Though Plaintiff claims to have "evidence" otherwise (*see* Dkt. 17 at 1-2), he has not provided it to Viasat, Viasat disputes it, and, in any event, this just shows why bifurcated discovery is needed. The parties should address this issue from the outset.

2

(*i.e.*, "the just, speedy, and inexpensive determination of every action"), and potentially lead to a swift resolution of this case without prejudicing either party. As demonstrated below, many federal courts have recognized this and thus routinely bifurcate discovery in similar TCPA class action cases in such fashion, as doing so benefits all concerned. This Court should do the same here and order bifurcated discovery in this case, per the schedule Viasat proposed. *See* Section E., *infra*.

## II. ARGUMENT

### A. Bifurcated Discovery Will Serve the Goals of Justice, the Swift Resolution of this Case, and Judicial and Party Economy.

This Court has broad discretion to control its own docket, including to enter protective orders limiting or governing the timing of discovery (including bifurcation of discovery) under Rule 26(c) for "good cause." *See, e.g., Clinton v. Jones*, 520 U.S. 681, 706 (1997); *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *Harman v. Datte*, 427 F. App'x 240, 243 (3d Cir. 2011); *West v. Shultz*, 2013 WL 5438297, at *7 (M.D. Pa. Sept. 27, 2013); *see also* Fed. R. Civ. P. 26(c)(1) (courts "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense"). Courts have found that exercising this broad discretion to bifurcate discovery is especially appropriate in putative class action cases where, as here, (i) "some limited, first-stage [discovery] could stave off substantial wasted efforts" (*Am.'s Health & Res. Ctr., Ltd. v. Promologics, Inc.*, 2018 WL 3474444, at *6 (N.D. Ill. July 19, 2018)), and/or (ii) bifurcation "serves judicial

economy and does not unfairly prejudice any party" (*Guido v. Travelers Cos. Inc.*, 2023 WL 5658920, at *1 (E.D. Ky. Aug. 31, 2023)). *See also Scoma Chiropractic, P.A. v. Jackson Hewitt Inc.*, 2017 WL 2733758, at *1–3 (M.D. Fla. June 26, 2017) ("Within a district court's discretion in managing its cases in order to ensure that the cases move to a timely and orderly conclusion falls the discretion to bifurcate discovery.") (collecting cases). This rings especially true in TCPA class actions.

In fact, federal district courts across the country frequently bifurcate discovery in putative TCPA class actions like this one for efficiency purposes, so that the parties can focus first on the plaintiff-specific discovery necessary for the Court to address the merits of the named plaintiff's claims before addressing class certification issues. For example, in *Moore v. Demand Science Grp, LLC*, 2024 WL 175743 (N.D. Ill. Jan. 4, 2024), the court bifurcated discovery in putative TCPA class action involving some of the same counsel and a similar complaint alleging violations of the TCPA's DNC provisions. The court expressed "concern" about possible prejudice to the defendant and the inefficiency in conducting "wholly unnecessary discovery" (*i.e.,* class discovery), should targeted individual discovery show Plaintiff had no viable claim, lacked standing, or would be an inappropriate class representative. *Id*. at *1. Thus, the court granted the motion to bifurcate, finding "it is more efficient to proceed with the limited and targeted discovery as proposed by Defendant given that the overlap between the proposed initial discovery and merits discovery is minimal." *Id*.

4

More recently, in *Sapan v. Fin. of Am. Reverse LLC*, 2025 WL 1932935 (C.D. Cal. July 14, 2025), the court granted a motion to bifurcate in a DNC case involving a serial litigant (like Plaintiff here), finding bifurcation more efficient. The court noted, *inter alia,* (i) "establishing whether Plaintiff is a typical and adequate class representative as early as possible could help this case move more expeditiously", and (ii) the case at bar was not like those cases where courts "declined bifurcation where the purported threshold questions overlap with class discovery." *Id*. at *1-3.

Many other courts have ruled similarly, and have recognized the efficiencies to be gained and resources to be saved by all concerned in bifurcating discovery. *See, e.g., Newell v. Aliera Healthcare, Inc.,* 2020 WL 13568762, at *3 (N.D. Ga. Apr. 6, 2020) (bifurcating discovery in TCPA class action, holding: "[B]ifurcating discovery into two phases … will promote the efficient resolution of this matter" and will cause "no significant prejudice to Plaintiff."); *Kemen v. Cincinnati Bell Tel. Co. LLC*, 2024 WL 3633333, at *2-3 (S.D. Ohio Aug. 2, 2024) (bifurcating discovery in DNC case, where the plaintiff's standing was in question, recognizing that doing so promotes speedy and efficient resolution of the matter); *Akselrod v. MarketPro Homebuyers LLC*, 2021 WL 100666, at *2 (D. Md. Jan. 12, 2021) (bifurcating discovery in TCPA class action and noting that "[l]imited discovery has the potential to simplify the case and to save both parties the time and expense of class discovery, which can be particularly resource intensive."); *Physicians Healthsource, Inc. v. Janssen Pharms.,*

5

*Inc.*, 2014 WL 413534, at *5 (D.N.J. Feb. 4, 2014) (bifurcating discovery in TCPA case where it would "allow the Court to address a narrow, potentially dispositive issue in a timely and cost effective manner with no significant prejudice to Plaintiff"); *see also Loreaux v. ACB Receivables Mgmt., Inc.*, 2015 WL 5032052, at *4 (D.N.J. Aug. 25, 2015) (bifurcating discovery in non-TCPA case where "bifurcating the two issues ha[d] the potential to save the parties and the Court from the substantial costs and burdens associated with whole scale class action discovery").

As these courts and many others have found, there are often narrow case-dispositive issues in TCPA cases unique to the named plaintiff—for example, if the plaintiff has standing or an actionable TCPA claim—that can be efficiently and quickly resolved through early focused individual discovery. That is precisely the case here. It will be more efficient and cost effective to conduct discovery limited to Plaintiff's individual claims against Viasat; burdensome, time-consuming, and undeniably costly class discovery is simply not necessary to resolve these issues. *See, e.g., Fania v. Kin Ins., Inc.*, 2024 WL 2607303, at *2 (E.D. Mich. May 24, 2024) (bifurcating discovery in TCPA class action for this reason); *Akselrod,* 2021 WL 100666, at *2 (same). This Court should reach the same sound conclusions here.

    **B.**    **Plaintiff's Individual Claim Presents Case- and Class-Dispositive Threshold Issues.**

Many federal courts have found bifurcated discovery in TCPA class actions (*i.e.*, focusing on individual discovery first) is often appropriate and more efficient

6

and cost-effective because, *inter alia*, broad class discovery is not relevant or "necessary to address certain issues that may be dispositive of Plaintiff's individual claims or [his] ability to bring the asserted class claims." *Osidi v. Assurance IQ, LLC*, 2022 WL 623733, at *2 (D. Mass. Mar. 3, 2022); *see also Akselrod*, 2021 WL 100666, at *2 (bifurcating discovery in TCPA class action after determining there were narrow issues of liability unique to the plaintiff that could be addressed early); *Newell*, 2020 WL 13568762, at *3 (ruling similarly); *Fania*, 2024 WL 2607303, at *2 (same). In the present TCPA case, such narrow issues include, *inter alia*, who physically placed the calls for purposes of Viasat's direct or vicarious liability, whether Plaintiff received an actionable "telephone solicitation," and whether Plaintiff even has standing or would be an adequate class representative. These narrow issues are prime candidates for bifurcated discovery, as other courts have recognized. *See Sapan*, 2025 WL 1932935, at *1-3; *Moore*, 2024 WL 175743, at *1. This Court should too.

At bottom, if the targeted bifurcated discovery that Viasat proposes here reveals Plaintiff does not have a valid claim or lacks standing, despite what he alleges, his *entire* TCPA case will be swiftly resolved; if his individual claim fails, he obviously cannot represent the proposed class. *See, e.g.*, *Osidi*, 2022 WL 623733, at *2; *Newell*, 2020 WL 13568762, at *3. Resolution of these (and other) narrow questions surrounding Plaintiff's individual issues, as enabled by a bifurcated discovery schedule, could dispose of this whole case more quickly, efficiently, and still at a fairly

early stage—all without the need for additional expense or burden on the parties or this Court. This alone justifies bifurcating discovery here, as many courts have found; and it is consistent with the bedrock principles of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 1 ("[These rules] should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding."); *see also Adam v. CHW Grp., Inc.*, 2021 WL 7285904, at *3 (N.D. Iowa June 29, 2021) (recognizing bifurcated discovery in a TCPA case is appropriate and that doing so "best implement[s]" the goals of Rule 1).

## C. There Is Minimal (If Any) Risk of Overlap Between Discovery Into Plaintiff's Individual Claim and Class Discovery.

Bifurcation is appropriate here because there is minimal likelihood of overlap between discovery into Plaintiff's individual claim and class discovery; and even then, any slight overlap does not justify denying this Motion or outweigh the inherent prejudice Viasat would suffer. *See, e.g., Harris v. Shore Funding Sols. Inc.,* 2023 WL 3440077, at *5 (E.D.N.Y. Apr. 21, 2023) (finding "good cause" in a TCPA case for "limited [bifurcated] discovery related to Plaintiff's individual claim" because "such discovery would not result in duplication of efforts or substantially overlap with class discovery" and would better serve the purposes of Fed. R. Civ. P. 1); *Sapan*, 2025 WL 1932935, at *2 (rejecting plaintiff's "overlap" argument in DNC case); *Moore*, 2024 WL 175743, at *1 (same); *Kemen*, 2024 WL 3633333, at *3 (same, citing *Chenault v. Beiersdorf, Inc.*, 2020 WL 5016795, at *3 (S.D. Ohio, Aug. 24, 2020) ("[t]hat

class and merits-based discovery will … inevitably be intertwined to some extent does not necessitate denying a motion to bifurcate…")).

As discussed above, Viasat has identified several narrow threshold issues, each of which have the potential to bar Plaintiff's individual claims and thus this entire action—*e.g.*, direct or vicarious liability, whether he received an actionable "telephone solicitation," or whether he has standing. Discovery on these issues is easily ascertainable, including via Plaintiff's own records and testimony, and/or the records and testimony of third parties in specific reference to Plaintiff and/or his phone number (*e.g.*, from his phone or internet carriers or other relevant third parties). In short, these are narrow questions unique to Plaintiff, and they do not bear on the putative class. As such, there is little, if any, risk of discovery "overlap" in this case.

### D. Bifurcated Discovery Is and Would Not Be Prejudicial to Anyone.

Plaintiff and the putative class members will suffer no prejudice if the Court bifurcates discovery here. Viasat anticipates Plaintiff may argue otherwise, and specifically cite the risk of losing evidence with the passage of time. Such an argument would be specious. As an initial matter, Viasat is under a preservation obligation which it takes seriously. *See Canady v. Bridgecrest Acceptance Corp.*, 2020 WL 5249263, at *4 (D. Ariz. Sept. 3, 2020) (noting the legal obligation to preserve evidence reduces the risk of evidence being destroyed, lost, corrupted, or forgotten); *Raimo v. Washington Univ. in St. Louis,* 2021 WL 243559, at *1 (E.D. Mo. Jan. 25,

9

2021) ("The risk of lost evidence or diminished witness recall is … relatively low in a case based on events that took place so recently."). And the "delay" in question (90 to 120 days) is sufficiently short to itself ameliorate any risk of evidence loss. What is more, even hypothetical "prejudice to Plaintiff [because of bifurcated discovery] is significantly outweighed by the potential burdens and costs associated with unnecessary class action discovery" that Viasat will face should individualized discovery prove Plaintiff has no claim. *Newell*, 2020 WL 13568762, at *3. *See also Harris*, 2023 WL 3440077, at *5 (ruling similarly); *Sapan*, 2025 WL 1932935, at *2 (same, DNC case). At bottom, Plaintiff will suffer no harm from a short "delay" of class discovery in order to focus first on case-dispositive individual discovery.

In contrast, moving directly to broader discovery in this case will inherently prejudice Viasat. As one court aptly noted in a putative TCPA class action, "[i]t is well-recognized that discovery in class actions is expensive and asymmetric, with **defendants bearing most of the burdens**." *Babare v. Sigue Corp.*, 2020 WL 8617424, at *2 (W.D. Wash. Sept. 30, 2020) (emphasis added). *See also Sapan*, 2025 WL 1932935, at *2 (citing *Barbare*). This is presumably why TCPA plaintiffs seemingly always oppose bifurcated discovery—not because it is prejudicial to them or inefficient, but because of a desire to leverage the threat of costly class discovery for settlement purposes. *See Bank v. City of Menasha*, 627 F.3d 261, 266 (7th Cir. 2010) (noting plaintiffs can "us[e] discovery to impose asymmetric costs on Defendants in

order to force a settlement advantageous to the plaintiff regardless of the merits of his suit"); *Loreaux*, 2015 WL 5032052, at *3 (noting "substantial costs and burdens associated with whole scale class action discovery"). This makes bifurcated discovery in TCPA class cases all the more appropriate, as courts have found. *See Akselrod*, 2021 WL 100666, at *2 (bifurcating discovery, noting TCPA class discovery "can be particularly resource intensive"). This Court should hold similarly in the present case.

Here, Plaintiff seeks to represent two nationwide proposed classes (*see* Dkt. 1, ¶ 41), which undoubtedly increases the scope of discovery and thus will lead to potentially unnecessary costs and wasted party resources. Forcing Viasat to engage in broad class discovery at this time (especially with Plaintiff's standing in serious doubt) would be and is inherently and highly prejudicial to Viasat, because that discovery is likely to be rendered moot if individual discovery disposes of Plaintiff's individual claims, either on the merits or standing grounds. The validity of his claims can be determined and confirmed quickly, efficiently, and cost-effectively by focusing the short initial discovery phase on the merits of Plaintiff's individual TCPA claims.

    **E.**    **Viasat Proposes a 90- to 120-Day "Phase 1" For Initial Discovery Focused on Plaintiff's Individual TCPA Claim.**

Consistent with the foregoing well-reasoned authorities, Viasat proposes that the Court enter the following bifurcated discovery schedule in this case:

- Discovery as to the merits of Plaintiff's individual claims to proceed for a period of ninety (90) or one hundred twenty (120) days after entry of the Court's scheduling order (no class discovery would be allowed);

11

- Opening summary judgment motions as to the merits of Plaintiff's individual claims be due no later than thirty (30) days thereafter (though summary judgment motions may be filed at any point prior to this deadline);

- Oppositions to summary judgment due thirty (30) days after service of opening motions; and

- Reply briefs in support of summary judgment due fifteen (15) days after service of oppositions.

Viasat further proposes that, if necessary, the Court set a case management conference for either after the initial discovery period or after the Court has ruled on summary judgment motions relating to Plaintiff's individual TCPA claims, and set a schedule for class discovery and all other case management deadlines at that time.

Courts have often entered similar bifurcated schedules in TCPA class actions for efficiency purposes. *See, e.g., Sapan*, 2025 WL 1932935, at *1-3 (bifurcating discovery in TCPA DNC case, allowing for around 90+ days for the first phase devoted to the merits of plaintiff's individual TCPA claim, followed by summary judgment briefing); *Moore,* 2024 WL 175743, at *1 (ruling similarly); *Fania*, 2024 WL 2607303, at *4 (same); *Leschinsky v. Inter-Cont'l Hotels Corp.,* 2015 WL 6150888, at *1 (M.D. Fla. Oct. 15, 2015) (same); *Akselrod,* 2021 WL 100666, at *2 (same); *Katz v. Liberty Power Corp., LLC*, 2019 WL 957129, at *2 (D. Mass. Feb. 27, 2019) (same); *Mantha v. QuoteWizard.com, LLC*, 2020 WL 4369701, at *3 (D. Mass. July 30, 2020) (same). This Court follow these authorities here and enter the proposed schedule above, or a substantially similar bifurcated discovery schedule.

## III. <u>CONCLUSION</u>

For all these reasons, the Court should grant this motion and enter Viasat's proposed bifurcated discovery schedule, for the sake of judicial and party economy. A proposed order is included herewith, for the Court's convenience.

Dated: July 30, 2025

Respectfully submitted,

By: <u>/s/ A. Paul Heeringa</u>

JOHN W. MCGUINNESS
(*Pro Hac Vice* to be requested)
A. PAUL HEERINGA
(Admitted *Pro Hac Vice*)
MANATT, PHELPS & PHILLIP, LLP
1050 Connecticut Avenue, NW, Suite 600
Washington, D.C. 20036
Telephone: 202-585-6500
Facsimile: 202-585-6600
jmcguinness@manatt.com
pheeringa@manatt.com

FREDERICK P. SANTARELLI (PA 53901)
STEVEN C. TOLLIVER, JR. (PA 327165)
ELLIOTT GREENLEAF, P.C.
Union Meeting Corporate Center V
925 Harvest Drive, Suite 300
Blue Bell, PA 19422
(215) 977-1000 (phone)
(215) 977-1099 (fax)
FPSantarelli@elliottgreenleaf.com
sct@elliottgreenleaf.com

*Counsel for Defendant Viasat, Inc.*

## **LOCAL RULE 7.1 CERTIFICATE**

The undersigned hereby certifies that Defendant's counsel conferred with Plaintiff's counsel on the foregoing Motion on July 18, 2025, and Plaintiff's counsel indicated in writing that Plaintiff does not concur with the relief sought herein.

Dated: July 30, 2025           */s/ A. Paul Heeringa*
                               A. PAUL HEERINGA

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that I am causing the foregoing to be filed electronically with the Court, where it is available for viewing and downloading from the Court's ECF system, and that such electronic filing automatically generates a Notice of Electronic Filing constituting service of the filed document upon all counsel of record.

Dated: July 30, 2025          */s/ A. Paul Heeringa*
                              A. PAUL HEERINGA