# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ASHER BRONSTIN, individually and on behalf of all other similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>VIASAT, INC.,<br><br>Defendant. | Civil Action No. 1:25-cv-00927-KMN<br>(Hon. Keli M. Neary) |

## DECLARATION OF GREGORY HENDERSON

I, Gregory Henderson, hereby declare pursuant to 28 U.S.C. § 1746 as follows:

1.  I am over 18 years of age. Unless otherwise stated, the information set forth herein and below is true and correct, is based on my own personal knowledge, and if asked to testify thereto, I could and would do so competently.

2.  I am the Associate Director of Sales Performance for the Defendant in this matter, Viasat, Inc. ("Viasat"). I have held this position since 2018.

3.  I submit this Declaration in my professional capacity in support of "Defendant's Motion to Dismiss Plaintiff's First Amended Complaint" (the "Motion"), filed by Viasat contemporaneously herewith in the above-captioned matter (the "Action"). Nothing in this Declaration is intended to amend or withdraw any previous declaration or testimony I have provided, unless expressly indicated.

4.  In my professional capacity, I am familiar with Viasat's business operations, policies, and practices, including but not limited to with respect to Viasat's product sales, marketing, and communications with current or potential customers. Further, in my professional capacity, I am generally familiar with Viasat's business records and records-keeping procedures relating to sales and contact center procedures.

5.  All of the records described herein are regularly kept and/or maintained in the normal course of business at Viasat, were made near or at the time of the act or event recorded or were made reasonably soon thereafter, and were made or maintained by an employee, agent, or other representative of Viasat. As part of my job responsibilities, I have reviewed such records, including for this Declaration.

6.  Certain of the records described herein were created by businesses or persons other than Viasat. In that regard, my understanding and belief is that all such records were made by, or from information transmitted by, a person with knowledge of the events described therein, at or near the time of the event described, and were prepared and kept in the ordinary course of the regularly conducted business activity of such entities. My understanding and belief, based on my professional experience and on my experience having reviewed and used such records in the past, is that the content of those records is reliable and accurate to the best of my knowledge. As part of its regular business practices, these records have been incorporated into Viasat's

business records and are routinely used and relied on by Viasat in conducting its business, and were reviewed by me for purposes of this Declaration.

7.     I have also reviewed the First Amended Class Action Complaint (*see* Dkt. 21, hereafter, "Complaint") filed by Plaintiff Asher Bronstin ("Plaintiff") in the Action, and I am familiar with the allegations made against Viasat therein.

8.     Viasat sells and markets, among other things, internet services. These are marketed primarily through internet advertisements, and consumers will place inbound calls to certain third party vendors (and to a lesser event, to Viasat directly) and request information about and/or purchase those services on the inbound call. In other words, ViaSat has developed an "inbound" marketing program, where the consumer initiates the sales process through an inbound call. This is done to avoid legal issues with respect to outbound telemarketing.

9.     Accordingly, Viasat does not make outbound calls to sell its products or services, does not have a telemarketing program, and does not allow third parties to make any outbound marketing calls on its behalf. In fact, Viasat expressly forbids telemarketing, and includes contractual prohibitions on making outbound telemarketing communications on its behalf in its contracts with third parties.

10.    Viasat does not direct, control, or have any knowledge of or involvement in the calling activities of any third party vendors working with Viasat,

3

other than the contractual prohibitions on telemarketing noted above. Calls are not transferred by these vendors to Viasat, for example.

11.   Viasat has no records of making an outbound call to the phone number alleged in the Complaint, which Plaintiff claims to be his number and which I understand is 760-XXX-8792 (the "Subject Number"). And although such calls are contractually prohibited, as noted above, Viasat has also confirmed that no third party vendors working with Viasat called the Subject Number on Viasat's behalf. The full Subject Number has not been provided herein for confidentiality purposes, but I understand it can be provided upon request by Viasat's counsel in the Action.

12.   Viasat does not own or use, and has never been the subscriber for, either of the phone numbers identified in the Complaint (specifically, (931) 413-8533 and (530) 235-8385) that allegedly were used to call Plaintiff. The same is true for any vendor Viasat uses, to the best of Viasat's knowledge. Viasat has confirmed that, if either number is called, they do not reach Viasat or any of Viasat's vendors.

13.   I have reviewed the information produced by "IP Horizon" in the Action, relating to the phone numbers identified in the Complaint ((931) 413-8533 and (530) 235-8385) that allegedly were used to call Plaintiff. Viasat does not work with IP Horizon. Viasat is not connected with any of the entities identified by IP Horizon's records. None of Viasat's vendors are identified in those records, either.

14. To reiterate, at no time was a call made to the Subject Number by or on behalf of Viasat. As such, Viasat had no involvement in, and has no knowledge of, any of the calls alleged in the Complaint made to the Subject Number. If any such calls were made (which Viasat denies), they were not made or authorized by Viasat.

15. Nothing in this Declaration should be understood as an admission of liability by Viasat (which is expressly denied), or an admission of any fact alleged by Plaintiff in the Action, including as alleged in the Complaint.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge and belief.

Executed on August 29, 2025, in Gilbert, Arizona

By: _____
Gregory Henderson

5