IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ASHER BRONSTIN, individually and on behalf of all other similarly situated,<br><br>　Plaintiff,<br><br>v.<br><br>VIASAT, INC.,<br><br>　Defendant. | Civil Action No. 1:25-cv-00927-KMN<br>(Hon. Keli M. Neary) |

## DECLARATION OF A. PAUL HEERINGA

I, A. Paul Heeringa, hereby declare pursuant to 28 U.S.C. § 1746 as follows:

1. I am over 18 years of age. Unless otherwise stated, the information set forth herein and below is true and correct, is based on my own personal knowledge, and if asked to testify thereto, I could and would do so competently.

2. I submit this Declaration in support of "Defendant's Motion to Dismiss Plaintiff's First Amended Complaint" (the "Motion"), filed contemporaneously herewith by Defendant Viasat, Inc. ("Viasat"). in the above-captioned matter (the "Action").

3. I am a Partner the law firm of Manatt, Phelps & Phillips, LLP, based in Chicago. I have been licensed to practice law in the State of Illinois since 2006. I am permanently admitted to the Bar of the State of Illinois and several federal district courts. I am in good standing in all jurisdictions where I am admitted.

1

4. I am counsel of record for Viasat in the Action, appearing *pro hac vice*.

5. I have reviewed the First Amended Class Action Complaint (*see* Dkt. 21, hereafter, "Complaint") filed by Plaintiff Asher Bronstin ("Plaintiff") in the Action, and I am familiar with the allegations made against Viasat therein. I am also familiar with the facts, allegations, claims, defenses, and issues in the Action and the arguments made in the Motion.

6. Per the Complaint, the two alleged calls at issue in this Action occurred on April 19, 2024 (*see* Dkt. 21, ¶ 26) and purportedly originated from two different phone numbers, (931) 413-8533 and (530) 235-8385 (*see id.*, ¶¶ 27 and 31). Plaintiff claims that these calls were made to the phone number alleged in the Complaint (*id.* ¶ 20), which Plaintiff claims to be his cell phone number and which I understand is 760-XXX-8792 (hereafter, the "Subject Number"). The full Subject Number has not been provided in the Complaint or herein for confidentiality purposes, but I understand that it is known to Plaintiff and can be provided upon request.

7. A true and correct copy of a subpoena to a third-party cellular phone carrier, T-Mobile, which was duly noticed and served by counsel for Viasat in the Action on July 18, 2025, is attached hereto as **Exhibit A**. The subpoena sought all phone calling and text messaging records (inbound and outbound) during the relevant time period in this case, specifically from April 1, 2024 to May 26, 2025

(the latter date when the Action was commenced). My understanding, based on publicly available records, that T-Mobile is the carrier for the Subject Number.

8. True and correct copies of the records produced by T-Mobile in response to the aforementioned subpoena (Exhibit A) are attached hereto as **Exhibit B**. These records were produced by T-Mobile to Viasat, and also provided to Plaintiff's counsel, on August 7, 2025. They were produced in an Excel spreadsheet, printed by me in PDF form with no alterations, and partially redacted for purposes of this filing. In sum, the T-Mobile records (as reflected in Exhibit B) do not reflect any communications to or from either of the phone numbers identified in the Complaint that allegedly were used to call Plaintiff (*i.e.,* (931) 413-8533 and (530) 235-8385), including on the date in question, April 19, 2024 (see Ex. B at page 5).

9. A true and correct copy of the sworn certificate of authentication from T-Mobile, produced in conjunction with Exhibit B, is attached hereto as **Exhibit C**.

10. Attached hereto as **Exhibits D, E, and F** are true and correct copies of a subpoena issued to, and two records produced in response thereto by, a third party phone carrier, IP Horizon. Per the Complaint, Plaintiff claims IP Horizon is "Defendant's calling carrier" (*see* ¶ 40). The subpoena (Exhibit D) was duly noticed and served on IP Horizon by counsel for Plaintiff in the Action on August 25, 2025, and sought to obtain information identifying the subscribers for the two phone numbers identified in the Complaint ((931) 413-8533 and (530) 235-8385) that

3

allegedly were used to call Plaintiff in the Action. My understanding is that the records produced by IP Horizon in response thereto (Exhibits E and F) were produced to Plaintiff's counsel on August 25, 2025, and were forwarded to our office the same day. In summary, these records do not reflect Viasat was ever a subscriber for those phone numbers, including on the day in question (April 19, 2024).

11. The attached Exhibits have been partially redacted for confidentiality purposes but were provided by or to our office to Plaintiff's Counsel in the Action in unredacted form prior to the filing of the Motion. No content was altered.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge.

Executed on August 29, 2025 in LaGrange, Illinois,

By: /s/ A. Paul Heeringa
A. Paul Heeringa