# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ASHER BRONSTIN, individually and on behalf of all other similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>VIASAT, INC.,<br><br>Defendant. | Civil Action No. 1:25-cv-00927-KMN<br>(Hon. Keli M. Neary) |

### ORDER GRANTING DEFENDANT'S RENEWED MOTION FOR PROTECTIVE ORDER TO BIFURCATE DISCOVERY

The Court, having received, reviewed, and considered "Defendant's Renewed Motion for Protective Order to Bifurcate Discovery" (the "Motion") filed in the above-captioned matter, the parties' briefing on same, and all papers filed in connection therewith, and for good cause shown, IT IS HEREBY ORDERED that:

1. The Motion is GRANTED for all the reasons stated therein.

2. All discovery in this matter will be phased/bifurcated going forward, with individual discovery to proceed first, according to the following schedule:

    a. Discovery as to the merits of Plaintiff's individual Telephone Consumer Protection Act ("TCPA") claim against the Defendant, as alleged in his current operative First Amended Complaint (*see* Dkt. 21) or any

1

subsequent amendments thereto, shall proceed for one hundred and twenty (120) days after entry of this Order;

    b. Opening summary judgment motions as to the merits of Plaintiff's individual TCPA claim shall be due thirty (30) days after the close of the initial phase of individual discovery;

    c. Oppositions to summary judgment due thirty (30) days after service of opening motions; and

    d. Reply briefs in support of summary judgment due fifteen (15) days after service of oppositions.

3. All discovery during this initial period shall be limited to issues relevant to determining the merits of Plaintiff's individual TCPA claims as alleged against Defendant, including: (i) whether Plaintiff has standing to bring his claim (including whether Plaintiff received the alleged calls on his cell phone and whether the alleged callers' numbers belong to or are used by Defendant); (ii) whether Defendant is directly or vicariously liable under the TCPA for the alleged calls; (iii) whether Plaintiff received an actionable "telephone solicitation" (or alternatively provided his "prior express invitation or permission" or had an "established business relationship" with the caller) within the meaning of the TCPA's "Do Not Call" ("DNC") provisions and related implementing regulations; (iv) whether Plaintiff qualifies as a

"residential telephone subscriber" within the meaning of the TCPA's DNC regulations; (v) whether the subject number was properly registered on the National DNC Registry and by who; (vi) what Plaintiff's Caller ID may have displayed; (vii) whether Plaintiff received any or more than one "telephone solicitation" call in a 12-month period made by or on behalf of Defendant; and (viii) whether Plaintiff would be an appropriate class representative.

4. The Parties can issue third party discovery during this initial discovery period as needed, but class related discovery (for parties or third parties) shall not be allowed during this period, other than as to Plaintiff's adequacy as a class representative, absent further order from this Court. Accordingly, to the extent Plaintiff has already issued any class-related discovery requests to Defendant or third parties, Defendant or other parties need not respond to same.

5. After the initial discovery period and the Court's ruling on the Parties' summary judgment briefing as to Plaintiff's individual TCPA claim (if any), the Court shall set a further case management and scheduling conference to occur, at the Court's convenience, in order to set, if necessary, a schedule for class discovery and all other case management deadlines.

6. The parties may petition the Court to extend the bifurcated period, as needed.

7. This Order does not change any briefing schedule with respect to Defendant's pending motion to dismiss.

SO ORDERED THIS \_\_\_ DAY OF _____, 2025

By:_____

Hon. Keli M. Neary

United States District Judge