IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ASHER BRONSTIN,** individually and on behalf of all others similarly situated,<br><br>*Plaintiff,*<br><br>v.<br><br>**VIASAT INC.**<br><br>*Defendant.* | Case No. 1:25−CV−00927−KMN<br><br>**CLASS ACTION**<br><br>**JURY TRIAL DEMANDED** |

**DECLARATION OF ASHER BRONSTIN IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

1. My name is Asher Bronstin. I am over 18 years old. I can testify competently to the undersigned statements.

2. This declaration is based on my personal knowledge.

3. My cellular telephone number 760-XXX-XXXX is on the National Do-Not-Call Registry and has been since I registered it there over three years prior to the calls at issue.

4. I am the user of 760-XXX-XXXX. I never provided my consent to Defendant to make calls to this number, including, but not limited to, via calling the Defendant.

5. The number 760-XXX-XXXX is assigned to a non-business, residential consumer cellular telephone service. It is not a business account or part of a business account.

6. To be clear, the two calls for which I sue the Defendant, which came from the caller IDs 931-413-8533 and 530-235-8385, on April 19, 2024, were *incoming* calls to my phone. To be clear, I did not call the Defendant; the *Defendant called me*.

1

7. Thereafter, as I explain in my Amended Complaint, after I was attempted to be sold ViaSat's internet services on the second call which was placed to me, and speaking with a representative who confirmed that they were calling from ViaSat, attempted to charge the credit card I provided, and further sent me emails from ViaSat.

8. I have reviewed the Defendant's motion and attached declaration. This declaration is especially perplexing because the declaration is contradicted by the records from my phone, which show incoming calls:




9. Moreover, my own counsel *also* sent a subpoena to T-Mobile and received a different response than that proffered by the Defendant, which I understand is attached as an exhibit, stating that T-Mobile has no records of calls during April of 2024.

10. This response makes sense, because my telephone service provider at the time of the alleged calls was *not* T-Mobile. Rather, it was Google Fi, which is a separate service that aggregates and runs off multiple providers' cell towers, and which I believe runs off another telephone company's services called Bandwidth.

11. This would explain why T-Mobile's records show no records of calls, either incoming or outgoing, on April 19, 2024, because I was not a T-Mobile customer at the time.

12. The other records around that date appear to be text messages of which I was a part, possibly from other T-Mobile customers, and I note that T-Mobile's records show no telephone call activity until after I transferred my number to T-Mobile.

13. It is also my understanding that, in addition to using T-Mobile's cell towers, Google Fi also uses other provers' towers, which would further explain why T-Mobile has partial records of text messages, possibly because I was connected to such towers as part of my Google Fi service.

14. Indeed, my counsel has also sent a subpoena to Google Fi for my telephone records, and that subpoena remains outstanding. I believe that those records will confirm my assertion that I received the subject calls.

15. I also believe that Google will also be able to testify at a more technical and network-centric level to the fact that the call was an incoming call that was placed to me.

16. Defendant's own records are incongruous with my own, which reflect that I received two calls from "spoofed" caller IDs.

17. The caller IDs were "spoofed" because it is my understanding that the IP Horizon subpoena records show that one of the telephone numbers from which I received calls was not even assigned to a customer at the time I received them.

18. My own phone records, as well as the subpoena response obtained from IP Horizon, shows this. Defendant has nothing other than an affidavit attesting to an unspecified "review" of their internal records.

19. To be clear, I do nothing to precipitate the illegal calls which are placed to me. I do not want these communications, but they continue to be placed to me. They are highly annoying and disruptive. They therefore harmed me.

20. To state that I called the Defendant is contradicted by my own telephone records and my own call records and recollected experience, which I remember was an inbound call placed to me.

21. Moreover, I would not have called ViaSat because I do not want or need the Defendant's goods and services.

22. I understand that this lawsuit alleges that the Defendant violated the Telephone Consumer Protection Act by placing calls to my telephone number on the National Do Not Call Registry without obtaining proper consent or following legal requirements.

23. I was deprived of legitimate use of my telephone, bandwidth, power, and storage space and my privacy was improperly invaded. Additionally, my statutory rights as recognized by the TCPA were violated. Illegal calls are frustrating, obnoxious, and annoying. They are even more so after they continue and the Defendant lies about the fact they called you, despite you wanting them to stop, and being unable to stop them. The calls I received was a nuisance and disturbed my solitude and wasted my time.

24. I do not and have never welcomed nor wanted illegal calls and do nothing to receive or deserve them. My injury was done completely at the hands of Defendant, who took it upon itself to call me in violation of the TCPA. I did not call the Defendant. The Defendant injured me by calling me, including with spoofed Caller ID numbers.

**I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.**

Executed this 25th day of September, 2025

_____

**ASHER BRONSTIN**