IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ASHER BRONSTIN, individually and on behalf of all others similarly situated,  :<br>:<br>:<br>:<br>Plaintiff  :<br>:<br>v.  :<br>:<br>VIASAT, INC.,  :<br>:<br>Defendant  : | CIVIL ACTION NO. 1:25-CV-927<br><br>(Judge Neary) |

# ORDER

AND NOW, this 20th day of October, 2025, upon consideration of the motion (Doc. 27) to bifurcate discovery filed by defendant Viasat, Inc., wherein Viasat seeks to split discovery on whether plaintiff Asher Bronstin has standing and can state a claim from discovery on class certification, and further upon consideration of the briefs in support of and opposition to the motion, (Docs. 29, 31, 34), and the court noting that motions to bifurcate discovery are governed by Federal Rule of Civil Procedure 42(b) and that the "decision to bifurcate, and the manner in which bifurcation should be ordered, is left to the trial court's informed discretion and must be decided on a case by case basis," Clarity Sports Int'l LLC v. Redland Sports, 400 F. Supp. 3d 161, 184 (M.D. Pa. 2019) (citations omitted), and that the "moving party bears the burden of demonstrating that bifurcation would serve judicial economy, avoid inconvenience, and not prejudice any of the parties," id. (citation omitted), and it appearing that Bronstin would only have standing to bring this matter if ViaSat can be connected to the phone calls he claims to have received, and

that Bronstin claims the phone numbers that called him were from the carrier IP Horizon, (Doc. 21 ¶¶40-41), and it further appearing that IP Horizon does not have any record of ViaSat being associated with the subject numbers for the relevant time period in this case, (Docs. 23-7, 23-8), and the court finding that the proposed discovery plan by Viasat is short enough to avoid prejudice to either party, and that discovery on Viasat's relationship to the subject telephone numbers is unlikely to require experts or significant depositions, and the court further finding that the limited discovery proposed is unlikely to result in significant duplicative discovery for class certification, it is hereby ORDERED that:

1. Viasat's motion (Doc. 27) to bifurcate discovery is GRANTED.

2. Discovery as to the merits of Bronstin's individual Telephone Consumer Protection Act ("TCPA") claim against Viasat shall proceed for one hundred and twenty (120) days after entry of this Order.

3. All discovery during this initial period shall be limited to issues relevant to determining the merits of Bronstin's individual TCPA claims as alleged against Viasat, including: (i) whether Bronstin has standing to bring his claim (including whether Bronstin received the alleged calls on his cell phone and whether the alleged callers' numbers belong to or are used by Viasat); (ii) whether Viasat is directly or vicariously liable under the TCPA for the alleged calls; (iii) whether Bronstin received an actionable "telephone solicitation" (or alternatively provided his "prior express invitation or permission" or had an "established business relationship" with the caller) within the meaning of the TCPA's "Do Not Call" ("DNC") provisions and related implementing regulations; (iv) whether Bronstin qualifies as a "residential telephone subscriber" within the meaning of the TCPA's DNC regulations; (v) whether the subject number was properly registered on the National DNC Registry and by who; (vi) what Bronstin's Caller ID may have displayed; (vii) whether Bronstin received any or more than one "telephone solicitation" call in a 12-month period made by or on behalf of Viasat; and (viii) whether Bronstin would be an appropriate class representative.

4.  The parties can issue third party discovery during this initial discovery period as needed, but class-related discovery (for parties or third parties) shall not be allowed during this period, other than as to Bronstin's adequacy as a class representative, absent further order from this Court. Accordingly, to the extent Bronstin has already issued any class-related discovery requests to Viasat or third parties, Viasat or other parties need not respond to same.

5.  This Order does not change any briefing schedule with respect to Viasat's pending motion to dismiss.

        /S/ KELI M. NEARY
        Keli M. Neary
        United States District Judge
        Middle District of Pennsylvania