**manatt**

A. Paul Heeringa
Manatt, Phelps & Phillips, LLP
Direct Dial: (312) 529-6308
pheeringa@manatt.com

November 12, 2025

**VIA CM/ECF**

Hon. Keli M. Neary
United States District Court for the Middle District of Pennsylvania
Sylvia H. Rambo United States Courthouse
1501 North 6th Street, Suite 101
Harrisburg, PA 17102

> Re: *Bronstin v. Viasat, Inc.,* Case No. 1:25-cv-00927-KMN (M.D. Pa.)
> Defendant's Request for Discovery Dispute Conference

Dear Judge Neary:

Defendant Viasat, Inc. ("Viasat") respectfully submits this letter to apprise the Court of certain discovery disputes and to request a discovery conference with respect to Plaintiff's deficient discovery responses and document production, as discussed below.[1] The dispute primarily concerns Plaintiff's refusal to produce evidence the Court has already determined is necessary to resolve a threshold issue in this case: whether Plaintiff actually received the calls alleged in his complaint and, if so, whether Viasat made those calls. Viasat seeks the Court's assistance to stop Plaintiff's gamesmanship and order him to produce whatever evidence he has of the subject calls.

## BACKGROUND

This is a putative Telephone Consumer Protection Act ("TCPA") class action. Plaintiff Asher Bronstin claims he received two unsolicited telemarketing calls on his "residential" cell phone, which is purportedly listed on the National "Do Not Call"

---

[1] The parties have met and conferred (*see* Exhibit A, attached) and are at an impasse.

manatt

Hon. Keli M. Neary
November 12, 2025
Page 2

Registry. *See generally* Dkt. 21. Viasat has moved to dismiss the complaint for lack of standing because it did not call Plaintiff (or anyone else) and does not believe that *anyone* did. *See generally* Dkt. 23, 24, and 37. In fact, as is discussed in briefing on Viasat's motion to dismiss, Viasat subpoenaed T-Mobile for Plaintiff's call records. T-Mobile responded with **verified** records that show that **Plaintiff did not receive either call alleged in the complaint**. *See* Dkt. 24 at 5; *see also* Dkt. 23-4 and 23-5.

Plaintiff now claims those records are somehow incomplete or inaccurate because a different company, Google Fi, was his carrier at the time of the alleged calls. *See* Dkt. 30 at 8. Yet, Plaintiff has not produced any records from Google Fi in discovery. Nor has he provided copies of his counsel's supposed communications with Google Fi, despite repeated requests (*see* Ex. A) and suggesting in response to Viasat's motion to dismiss that Google Fi's records will prove his standing. *See* Dkt. 30-2, ¶¶ 10, 14 and Dkt. 30 at 8-9. Plaintiff also cannot explain why IP Horizon, the carrier he associates with the alleged callers' numbers that he himself subpoenaed, "does not have any record of Viasat being associated with the [callers'] numbers for the relevant time period in this case." Dkt. 36 at 2 (citing Dkts. 23-7 and 23-8).

Simply put, Plaintiff's TCPA case cannot move forward if no one called him. This Court recognized as much when granting Viasat's motion to bifurcate discovery. *See* Dkt. 36 at 1-2. Contrary to the Court's discovery order, however, Plaintiff has not

manatt

Hon. Keli M. Neary
November 12, 2025
Page 3

provided <u>any</u> competent evidence showing his receipt of the two subject calls, let alone evidence connecting those calls to Viasat, either in connection with his opposition to Viasat's dispositive motion (*see generally* Dkt. 30) or in response to its discovery requests (*see generally* Exhibit B, attached). In fact, Plaintiff has ***yet to produce a single responsive document on any subject matter to date***—not even copies of the two purported "screenshots" of the calls referenced in his complaint.

Plaintiff's failure to produce any documents is highly problematic. That is particularly true because his counsel has confirmed that Plaintiff does not have custody or control of his own call records. *See* Ex. A ("[T]he Plaintiff's Google Fi history online no longer exists, and he does not have such call records in his possession, care, custody, or control."). As far as Viasat can tell, Plaintiff filed this action and opposed Viasat's motion to dismiss without a factual basis to do so. To the extent Plaintiff argues otherwise, now is the time to produce whatever evidence he has to support his claims or to voluntarily dismiss his complaint.

### DISCOVERY REQUESTS IN DISPUTE

For the reasons outlined below and to be further discussed with the Court at the conference, Plaintiff should be ordered to produce the following categories of relevant information in response to Viasat's requests discovery or, alternatively, to promptly confirm in writing that he has no records supporting Viasat's liability.

manatt

Hon. Keli M. Neary
November 12, 2025
Page 4

**Phone records.** Plaintiff has refused to produce (or even to simply confirm the existence of) his own phone records, largely based on boilerplate burden, relevance, and privacy objections. *See* Ex. B, Requests for Production ("RFP") 3, 4, 5, 7, 8, 9, 11, 15, 20 24, 50; Interrogatories ("ROG") 15, 16.[2] Of course, a plaintiff's phone records are relevant in nearly every TCPA case. *See, e.g.*, *Hancock v. Credit Pros. Int'l Corp.*, 2021 WL 2948154, at *8 (D.N.J. July 13, 2021) (The "production of call logs and related data is standard fare in TCPA actions."); *Perrong v. Sperian Energy Corp.*, 2020 WL 8834753, at *12, n.7 (D. Nev. May 27, 2020) ("[C]alling records in a TCPA case are, without doubt, central to liability.") (collecting cases). Here, such records are plainly relevant because Viasat alleges Bronstin did not receive the calls alleged in his compliant at all, and because "Bronstin would only have standing to bring this matter if Viasat can be connected to the phone calls he claims to have received." Dkt. 36 at 1-2. Plaintiff's phone records may also reveal that he lacks standing to bring a TCPA claim for other reasons, such that he is welcoming telemarketing calls and thus would not be injured by such calls even if he received

---

[2] At best, Plaintiff indicated he is willing to produce "redacted" copies of his phone records "showing his ownership of the numbers at issue on which he received the [alleged] calls" and/or "sufficient to reflect [the] number of calls at issue within a reasonable time not to exceed thirty days." Ex. B, RFP No. 4 and 5. This is plainly insufficient. Plaintiff cannot impose his own artificial limitations on these requests, and Plaintiff must at least produce records showing his receipt of the calls at issue.

manatt

Hon. Keli M. Neary
November 12, 2025
Page 5

them. *See, e.g., Rowan v. Pierce,* 2022 WL 14898076, at *3 (D.P.R. Oct. 26, 2022) (ordering TCPA plaintiff to produce phone records, finding that they were relevant to his standing to the extent he welcomed calls and therefore was not injured).

As noted, federal district courts routinely permit discovery of the named plaintiff's **complete unredacted** phone records in putative TCPA class actions, often ordering production of a year or more of records. *See, e.g.*, *Sapan v. Diamond Resorts Holdings*, 2023 WL 8229984, at *1-6 (C.D. Cal. Oct. 6, 2023); *Perrong v. Golden Rule Ins. Co.*, 2020 WL 13557776, at *3 (S.D. Ind. Mar. 17, 2020); *Katz v. Liberty Power Corp., LLC*, 2019 WL 957129, at *4 (D. Mass. Feb. 27, 2019); *Fitzhenry v. ADT Corp.*, 2014 WL 12874055, at *1 (S.D. Fla. Aug. 8, 2014); *Molnar v. NCO Fin. Sys., Inc.*, 2014 WL 3371414, at *3–4 (S.D. Cal. July 8, 2014); *Davis v. Reliance First Cap., LLC*, 2022 WL 17085598, at *3 (E.D.N.C. Nov. 18, 2022). And Plaintiff's generic "privacy" concerns as to these records do not outweigh their relevance or preclude their discovery in this case, especially when those concerns can be mitigated through confidentiality orders. *See*, *e.g., Molnar*, 2014 WL 3371414, at *3.

**Additional Discovery Disputes.** In addition to his call records, Plaintiff has made various invalid boilerplate objections and has refused to produce (i) records or information relating to his internet usage (*see* Ex. B, ROGs 6, 7, 8; RFPs 16, 17, 18, 19, 22, 23, 38, 39); (ii) his engagement letters with his counsel (*see id.*, RFP 34); and

# manatt

Hon. Keli M. Neary
November 12, 2025
Page 6

(iii) records or information on his prior litigation history (see id., ROG 20; RFPs 44 and 45).[3] Courts have held that such information is discoverable, not privileged, and highly relevant to the named plaintiff's claims and possible defenses, their standing, or adequacy as a class representative in TCPA (and other) class actions. See, e.g., Davis, 2022 WL 17085598, at *3 (ordering production of internet records); Bonkuri v. Grand Caribbean Cruises, Inc., 2021 WL 7082829, at *3 (S.D. Fla. Feb. 12, 2021) (same); Moser v. Health Ins. Innovations, Inc., 2019 WL 2271804, at *6-7, 18 (S.D. Cal. May 28, 2019) (internet records and prior litigation records); Sapan, 2023 WL 8229984, at *3, 6 (ordering production of engagement letters and prior litigation information); Pontes v. Rowan Univ., 2024 WL 3507737 (D.N.J. July 23, 2024) (engagement letters); Porter v. Nationscredit Consumer Disc. Co., 2004 WL 1753255, at *2 (E.D. Pa. July 8, 2004), aff'd sub nom. 285 F. App'x 871 (3d Cir. 2008) (engagement letters); Moser v. Health Ins. Innovations, Inc., 2018 WL 6735710, *15-16 (S.D. Cal. Dec. 21, 2018) (prior litigation information); Devane v. Walmart Inc., 2024 WL 4875324, at *2 (M.D. Ala. Oct. 8, 2024) (same). Plaintiff has no valid basis to withhold this information here, and should be ordered to produce it, as well.

---

[3] Relevant materials here would include demand letters that Plaintiff or his counsel have sent, their communications with other defendants, documents produced, or settlement negotiations and agreements in other TCPA cases. As a compromise, Viasat has offered to forego production of materials publicly available on PACER.

manatt

Hon. Keli M. Neary
November 12, 2025
Page 7

\* \* \*

We look forward to addressing these issues with Your Honor at the discovery conference, and will make ourselves available for one at the Court's convenience.[4]

    Respectfully submitted,

    /s/ *A. Paul Heeringa* (appearing PHV)

    A. Paul Heeringa

    Counsel for Defendant Viasat Inc.

---

[4] Viasat does not waive any rights with respect to other disputed discovery issues not expressly discussed herein, nor is this letter intended to be a complete statement of Viasat's positions or of applicable legal authority on any disputed issue.