**EXHIBIT A**

## Heeringa, Paul

| | |
|---|---|
| **From:** | Heeringa, Paul |
| **Sent:** | Tuesday, November 4, 2025 6:39 PM |
| **To:** | Andrew Perrong |
| **Cc:** | McGuinness, John; Brenda, Bryce; sct@elliottgreenleaf.com; Fred Santarelli; Anthony Paronich |
| **Subject:** | RE: Bronstin v. Viasat - Plaintiff's Discovery Responses (M&C Correspondence) |

Andrew:

The communications you had with Google FI and T-Mobile are well within the scope of the discovery requests we already served (including RFP #50), and they should have already been produced. Please produce them immediately.

There is no need to further meet and confer. We already did what is required, and will move to compel.

**A. Paul Heeringa**
Partner

**Manatt, Phelps & Phillips,** LLP
151 North Franklin Street
Suite 2600
Chicago, IL 60606
**D** (312) 529-6308 **F** (312) 529-6315
PHeeringa@manatt.com

**manatt.com**

CONFIDENTIALITY NOTICE: This e-mail transmission, and any documents, files or previous e-mail messages attached to it, may contain confidential information that is legally privileged. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of any of the information contained in or attached to this message is STRICTLY PROHIBITED. If you have received this transmission in error, please immediately notify us by reply email and destroy the original transmission and its attachments without reading them or saving them to disk. Thank you.

**From:** Andrew Perrong <a@perronglaw.com>
**Sent:** Tuesday, November 4, 2025 5:43 PM
**To:** Heeringa, Paul <PHeeringa@manatt.com>
**Cc:** McGuinness, John <JMcGuinness@manatt.com>; Brenda, Bryce <BBrenda@manatt.com>; sct@elliottgreenleaf.com; Fred Santarelli <fpsantarelli@elliottgreenleaf.com>; Anthony Paronich <anthony@paronichlaw.com>
**Subject:** Re: Bronstin v. Viasat - Plaintiff's Discovery Responses (M&C Correspondence)

**[EXTERNAL] Please do not reply, click links, or open attachments unless you recognize the source of this message and know the content is safe.**

Mr. Heeringa,

You can serve us a discovery request for our attorney communications with Google and T-Mobile's counsel (the responses to which we have already produced), and we will respond in due course.

Second, as we stated, the Plaintiff's Google Fi history online no longer exists, and he does not have such call records in his possession, care, custody, or control. The Plaintiff cannot produce what he does not have.

Third, we will look for your discovery letter and will send ours shortly as to the points of impasse.

On Mon, Nov 3, 2025 at 2:58 PM Heeringa, Paul <PHeeringa@manatt.com> wrote:

> Hi Andrew:
>
> We are following up on our previous email on October 24, below.  Please provide us with the Google Fi and T-Mobile correspondence, as well as confirm whether your client has any other records reflecting the two subject calls (beyond the screenshots) that he will be producing.
>
> Thanks.
>
> Best regards,
>
> **A. Paul Heeringa**
> Partner
>
> **Manatt, Phelps & Phillips,** LLP
> 151 North Franklin Street
> Suite 2600
> Chicago, IL 60606
> **D** (312) 529-6308 **F** (312) 529-6315
> PHeeringa@manatt.com
>
> **manatt.com**
>
> CONFIDENTIALITY NOTICE: This e-mail transmission, and any documents, files or previous e-mail messages attached to it, may contain confidential information that is legally privileged. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of any of the information contained in or attached to this message is STRICTLY PROHIBITED. If you have received this transmission in error, please immediately notify us by reply email and destroy the original transmission and its attachments without reading them or saving them to disk. Thank you.
>
> **From:** Heeringa, Paul
> **Sent:** Friday, October 24, 2025 1:59 PM
> **To:** Andrew Perrong <a@perronglaw.com>
> **Cc:** McGuinness, John <JMcGuinness@manatt.com>; Brenda, Bryce <BBrenda@manatt.com>; sct@elliottgreenleaf.com; Fred Santarelli <fpsantarelli@elliottgreenleaf.com>; Anthony Paronich

<anthony@paronichlaw.com>
**Subject:** RE: Bronstin v. Viasat - Plaintiff's Discovery Responses (M&C Correspondence)

Hi Andrew:

We are writing to follow up on today's discovery M&C call with respect to plaintiff's discovery responses.

**First**, we understand from our discussion that Google Fi has responded to plaintiff's subpoena, albeit with objections (no records have been produced), and that you have had correspondence with their counsel about it. We are entitled to see that. Please produce that correspondence with Google Fi immediately.

Relatedly, it appears that you had correspondence with T-Mobile relating to plaintiff's subpoena, only some of which has been provided (see Dkt. 30-3 at p, 5). Please produce any other correspondence with T-Mobile.

**Second**, we also understand from our discussion that, because Plaintiff does not have access to his former Google Fi account, he presently has no call records in his possession, custody, or control reflecting his receipt of the two alleged calls in the FAC, other than the two alleged screenshots and the T-Mobile records we forwarded to you. If that is not correct, and he does have additional call records reflecting the subject calls, please produce them <u>immediately</u>, along with the original (full) screenshots. We do not need to receive the T-Mobile records again.

**Third**, with the respect to the "category" list from my earlier email (below), we understand that the parties are at an impasse with respect to those categories / discovery requests highlighted in yellow. With respect to the "prior litigation" category highlighted in blue, however, we understand that plaintiff is willing to consider a reasonable limitation for those requests. Accordingly, we plan and reserve the right to immediately seek all available court relief as to the former (impasse categories), and we will send you a proposal with respect to the latter under separate cover. We can revisit the top category (phone records) and the last category at a later time.

Our client continues to reserve all rights.

Thanks,

Best regards,

-Paul

---

**From:** Heeringa, Paul
**Sent:** Friday, October 24, 2025 9:38 AM
**To:** Andrew Perrong <a@perronglaw.com>
**Cc:** McGuinness, John <JMcGuinness@manatt.com>; Brenda, Bryce <BBrenda@manatt.com>; sct@elliottgreenleaf.com; Fred Santarelli <fpsantarelli@elliottgreenleaf.com>; Anthony Paronich <anthony@paronichlaw.com>
**Subject:** Bronstin v. Viasat - Plaintiff's Discovery Responses (M&C Correspondence)

Hi Andrew:

As I noted earlier, you sent us the invite for the wrong time for the call today on the *Bronstin v. Viasat* matter. If you would still like to have a meet-and-confer today, please re-send your call invite for the previously discussed time, 11am CT. Otherwise, we will need to find another date.

For discussion on today's M&C call (assuming we are still proceeding), we would like to discuss the following issues with respect to Plaintiff's responses to Viasat's discovery requests:

- Whether Plaintiff will agree to produce more than 30 days of call records: RFPs 3, 4, 5, 7, 8, 9, 11, 15, 24
- Whether Plaintiff will produce information with respect to any additional phone numbers: ROGs 15, 16; RFP 20
- Whether Plaintiff will produce any internet/IP usage records/information: ROGs 6, 7, 8; RFPs 16, 17, 18, 19, 22, 23
- Whether Plaintiff will produce information relating to internet service purchases and inquiries: RFPs 38, 39
- Whether Plaintiff will produce his engagement letters with counsel: RFP 34
- Whether Plaintiff will produce his phone for inspection and copying: RFP 27
- Whether Plaintiff will produce information relating to prior TCPA litigation: ROG 20; RFPs 44 and 45

4

- Whether Plaintiff will supplement his responses to the following requests (to which he did not or refused to substantively respond, or only provided a limited substantive response, or did not fully respond): RFAs 11, 13, 14, 16, 17, 18, 20, 22, 24; ROGs 3, 10, 11; RFPs 21, 24, 30, 32, 33, 35, 46, 47

All of the foregoing categories of information are plainly relevant to the parties, claims, and defenses in this matter and in TCPA cases generally, do not implicate any privileged information, and have been deemed discoverable (and thus ordered produced by courts over plaintiffs' objections) in countless TCPA cases.  See, e.g., *Sapan v. Diamond Resorts Holdings, LLC*, 2023 WL 8229984, at *1-10 (C.D. Cal. Oct. 6, 2023); *Davis v. Reliance First Cap., LLC,* 2022 WL 17085598, at *3 (E.D.N.C. Nov. 18, 2022); *Bonkuri v. Grand Caribbean Cruises, Inc.*, 2021 WL 7082829, at *3 (S.D. Fla. Feb. 12, 2021); *Moser v. Health Ins. Innovations, Inc.*, 2019 WL 2271804, at *18 (S.D. Cal. May 28, 2019); *Mantha v. QuoteWizard.com, LLC,* 2020 WL 4369701, at *4 (D. Mass. July 30, 2020); *Perrong v. Sperian Energy Corp.*, 2020 WL 8834753, at *12, n.7 (D. Nev. May 27, 2020); *Mintz v. Mark Bartelstein & Assocs., Inc.,* 885 F.Supp.2d 987, 1001 (C.D. Cal. 2012); *Gusman v. Comcast Corp.,* 298 F.R.D. 592, 599-600 (S.D. Cal. 2014); *Haghayeghi v. Guess?, Inc.*, 2016 WL 9526465, at *2 (S.D. Cal. Mar. 21, 2016); *Fischer v. TriVita Inc.*, 2020 WL 13349089, at *1–2 (M.D. Fla. Aug. 13, 2020); *Katz v. Liberty Power Corp.*, LLC, 2019 WL 957129, at *4 (D. Mass. Feb. 27, 2019); *Corsair Special Situations Fund, LP v. Engineered Framing Sys., Inc.,* 2011 WL 3651821, at *2-3 (D. Md. Aug. 17, 2011); *Fitzhenry v. ADT Corp.*, 2014 WL 12874055, at *1 (S.D. Fla. Aug. 8, 2014); *Molnar v. NCO Fin. Sys., Inc.,* 2014 WL 3371414, at *3–4 (S.D. Cal. July 8, 2014); *Larson v. Harman-Mgmt. Corp.,* 2019 WL 7038399, at *1 (E.D. Cal. Dec. 20, 2019); *Olney v. Job.com*, 2014 WL 5430350, at *2–3 (E.D. Cal. Oct. 24, 2014); *Baemmert v. Credit One Bank,* N.A., 271 F. Supp. 3d 1043, 1052 (W.D. Wis. 2017).

Plaintiff has no valid basis to withhold this discoverable information from Defendant here.  Accordingly, Plaintiff's written responses to the foregoing requests should be supplemented, his baseless objections should be withdrawn, and the information and documents requested should be produced without further delay.

This is a non-exhaustive list and not intended to be a complete statement of our client's positions on the foregoing requests, or as to plaintiff's responses and objections thereto.  We reserve the right to raise issues with respect other discovery requests, and plaintiff's responses and objections thereto, not specifically listed above.

Best regards,

**A. Paul Heeringa**
Partner

**Manatt, Phelps & Phillips,** LLP
151 North Franklin Street
Suite 2600
Chicago, IL 60606
**D** (312) 529-6308 **F** (312) 529-6315
PHeeringa@manatt.com

manatt.com

CONFIDENTIALITY NOTICE: This e-mail transmission, and any documents, files or previous e-mail messages attached to it, may contain confidential information that is legally privileged. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of any of the information contained in or attached to this message is STRICTLY PROHIBITED. If you have received this transmission in error, please immediately notify us by reply email and destroy the original transmission and its attachments without reading them or saving them to disk. Thank you.