EXHIBIT B

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ASHER BRONSTIN, individually and on behalf of all other similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> VIASAT, INC., <br><br> Defendant. | Civil Action No. 1:25-cv-00927-KMN (Hon. Keli M. Neary) |

### PLAINTIFF'S RESPONSES TO DEFENDANT'S FIRST SET OF DISCOVERY REQUESTS TO PLAINTIFF
### (REISSUED)

Plaintiff, by and through undersigned counsel, submits the following omnibus responses and objections to Defendant VIASAT, INC.'S Requests for Production, Requests for Admission, and Interrogatories pursuant to Rules 26, 33, 36, and 34 of the Federal Rules of Civil Procedure. Plaintiff expressly reserves all objections, including but not limited to relevance, overbreadth, undue burden, vagueness, ambiguity, attorney–client privilege, the attorney work-product doctrine, and expert privileges. Plaintiff further reserves the right to supplement, modify, or amend these responses as discovery proceeds and additional facts are developed. or at such other time and place as is mutually convenient and agreed to by the parties.

1

## RESPONSES TO REQUESTS FOR ADMISSION TO PLAINTIFF

1.      Admit that You are <u>not</u> asserting a claim against Viasat under Section 227(b) of the TCPA in this Action.

Response: Plaintiff objects to the extent that the request is not relevant to any party's claim or defense or proportional to the needs of the case other than the telephone numbers or contacts at issue in this case. The Plaintiff objects to this request in that it requires the disclosure of attorney-client admissions, work-product admissions, and related admissions, such as trial preparation admissions. Plaintiff objects in that this request seeks a conclusion about the Complaint, as pled, which speaks for itself. Plaintiff further objects as there may be other calls, including calls using a prerecorded voice, which discovery may reveal at a later date. Plaintiff objects to any attempts to use this Request for Admission to assert that the Plaintiff is admitting that subsequent facts may not later be developed demonstrating the appropriateness of such a claim. The Plaintiff objects in that this request asks him to characterize evidence, which such evidence speaks for itself, or indeed, to the extent it contravenes the Plaintiff's own evidence. Plaintiff objects insofar as this request calls for a legal conclusion. Notwithstanding the foregoing, admitted that the complaint, in its current state, does not assert a 227(b) claim against ViaSat; the only claims it asserts are 227(c) claims.

2.      Admit that the only Calls at issue (*i.e.*, the only Calls that You claim to have received from or on behalf of Viasat in violation of the TCPA) in this Action are described in paragraphs 26 through 36 of the Complaint.

Response: Plaintiff objects to the extent that the request is not relevant to any party's claim or defense or proportional to the needs of the case other than the telephone numbers or contacts at issue in this case. The Plaintiff objects to this request in that it requires the disclosure of attorney-client admissions, work-product admissions, and related admissions, such as trial preparation admissions. Plaintiff objects in that this request seeks a conclusion about the Complaint, as pled, which speaks for itself. Plaintiff further objects as there may be other calls which discovery may reveal at a later date. Plaintiff objects to any attempts to use this Request for Admission to assert that the Plaintiff is admitting that subsequent facts may not later be developed demonstrating the appropriateness of such a claim for such calls. The Plaintiff objects in that this request asks him to characterize evidence, which such evidence speaks for itself, or indeed, to the extent it contravenes the Plaintiff's own evidence. Plaintiff objects insofar as this request calls for a legal conclusion.

Notwithstanding the foregoing, admitted that the complaint, in its current state, asserts only claims for the two calls described therein.

3.    Admit that the times provided for the Calls alleged in paragraphs 26 through 36 of the Complaint are stated in Pacific Time.

> Response: Plaintiff objects to the extent that the request is not relevant to any party's claim or defense or proportional to the needs of the case other than the telephone numbers or contacts at issue in this case. The Plaintiff objects to this request in that it requires the disclosure of attorney-client admissions, work-product admissions, and related admissions, such as trial preparation admissions. Plaintiff objects in that this request seeks a conclusion about the Complaint, as pled, which speaks for itself. Plaintiff further objects as there may be other calls which discovery may reveal at a later date. Plaintiff objects to any attempts to use this Request for Admission to assert that the Plaintiff is admitting that subsequent facts may not later be developed demonstrating the appropriateness of such a claim for such calls. The Plaintiff objects in that this request asks him to characterize evidence, which such evidence speaks for itself, or indeed, to the extent it contravenes the Plaintiff's own evidence. Plaintiff objects insofar as this request calls for a legal conclusion. Notwithstanding the foregoing, Admitted.

4.    Admit that the only Calls at issue (*i.e.*, the only Calls that You claim to have received from or on behalf of Viasat in violation of the TCPA) in this Action originated from the phone numbers identified in paragraphs 26 through 36 of the Complaint.

> Response: Plaintiff objects to the extent that the request is not relevant to any party's claim or defense or proportional to the needs of the case other than the telephone numbers or contacts at issue in this case. The Plaintiff objects to this request in that it requires the disclosure of attorney-client admissions, work-product admissions, and related admissions, such as trial preparation admissions. Plaintiff objects to this Request as difficultly worded and practically nonsensical to parse as written. Plaintiff objects in that this request seeks a conclusion about the Complaint, as pled, which speaks for itself. Plaintiff further objects as there may be other calls which discovery may reveal at a later date. Plaintiff objects to any attempts to use this Request for Admission to assert that the Plaintiff is admitting that subsequent facts may not later be developed demonstrating the

appropriateness of such a claim for such calls. The Plaintiff objects in that this request asks him to characterize evidence, which such evidence speaks for itself, or indeed, to the extent it contravenes the Plaintiff's own evidence. Plaintiff objects insofar as this request calls for a legal conclusion. Plaintiff objects insofar as this request assumes or insinuates that the calls were not spoofed. Notwithstanding the foregoing, admitted that the complaint, in its current state, asserts only claims for the two calls from the two phone numbers, which were spoofed numbers, as described therein.

5.    Admit that calling either of the phone numbers identified in paragraphs 27 and 31 of the Complaint does not reach or contact Viasat.

Response: Plaintiff objects to the extent that the request is not relevant to any party's claim or defense or proportional to the needs of the case other than the telephone numbers or contacts at issue in this case. The Plaintiff objects to this request in that it requires the disclosure of attorney-client admissions, work-product admissions, and related admissions, such as trial preparation admissions. Plaintiff objects in that this request seeks a conclusion about the Complaint, as pled, which speaks for itself. The Plaintiff objects in that this request asks him to characterize evidence, which such evidence speaks for itself, or indeed, to the extent it contravenes the Plaintiff's own evidence. Plaintiff objects in that this Request imposes no temporal limitation to the date of the calls at issue. Plaintiff objects insofar as this request calls for a legal conclusion. Plaintiff objects insofar as this request assumes or insinuates that the calls were not spoofed. Notwithstanding the foregoing, Admitted in Part, Denied in Part. Because the numbers were spoofed, as such, they neither reach ViaSat nor can they be expected to when called back. Moreover, one of the telephone numbers was not assigned on the date of the alleged calls, and thus could not have rung back to anyone.

6.    Admit that Viasat is not the subscriber for the phone numbers identified in paragraphs 27 and 31 of the Complaint.

Response: Plaintiff objects to the extent that the request is not relevant to any party's claim or defense or proportional to the needs of the case other than the telephone numbers or contacts at issue in this case. The Plaintiff objects to this request in that it requires the disclosure of attorney-client

4

admissions, work-product admissions, and related admissions, such as trial preparation admissions. Plaintiff objects in that this request seeks a conclusion about the Complaint, as pled, which speaks for itself. The Plaintiff objects in that this request asks him to characterize evidence, which such evidence speaks for itself, or indeed, to the extent it contravenes the Plaintiff's own evidence. Plaintiff objects in that this Request imposes no temporal limitation to the date of the calls at issue. Plaintiff objects insofar as this request calls for a legal conclusion. Plaintiff objects insofar as this request assumes or insinuates that the calls were not spoofed. Notwithstanding the foregoing, Admitted in Part, Denied in Part. Because the numbers were spoofed, one number was spoofed to a Canadian telephone subscriber. The other number was not assigned to any customer of record, and thus, could not have been assigned to any subscriber, let alone ViaSat.

7.    Admit that the records produced on August 25, 2025 by non-party IP Horizon to Plaintiff in this Action do not reflect that the phone numbers alleged in paragraphs 27 and 31 of the Complaint were assigned to Viasat.

Response: Plaintiff objects to the extent that the request is not relevant to any party's claim or defense or proportional to the needs of the case other than the telephone numbers or contacts at issue in this case. The Plaintiff objects to this request in that it requires the disclosure of attorney-client admissions, work-product admissions, and related admissions, such as trial preparation admissions. Plaintiff objects in that this request seeks a conclusion about the Complaint, as pled, which speaks for itself. The Plaintiff objects in that this request asks him to characterize evidence, which such evidence speaks for itself, or indeed, to the extent it contravenes the Plaintiff's own evidence. Plaintiff objects in that this Request imposes no temporal limitation to the date of the calls at issue.  Plaintiff objects insofar as this request calls for a legal conclusion. Plaintiff objects insofar as this request assumes or insinuates that the calls were not spoofed. Notwithstanding the foregoing, Admitted in Part, Denied in Part. Because the numbers were spoofed, one number was spoofed to a Canadian telephone subscriber. The other number was not assigned to any customer of record, and thus, could not have been assigned to any subscriber, let alone ViaSat. It further follows that it would have been impossible for the Plaintiff to receive a call from that number absent spoofing.

8.    Admit that the phone numbers identified in paragraphs 27 and 31 of the Complaint do not appear in the phone records produced by T-Mobile on August 7, 2025 in this Action (these were provided to Plaintiff's counsel on August 7, 2025).

Response: Plaintiff objects to the extent that the request is not relevant to any party's claim or defense or proportional to the needs of the case other than the telephone numbers or contacts at issue in this case. The Plaintiff objects to this request in that it requires the disclosure of attorney-client admissions, work-product admissions, and related admissions, such as trial preparation admissions. Plaintiff objects in that this request seeks a conclusion about the Complaint, as pled, which speaks for itself. The Plaintiff objects in that this request asks him to characterize evidence, which such evidence speaks for itself, or indeed, to the extent it contravenes the Plaintiff's own evidence. Plaintiff objects insofar as this request assumes or insinuates that the T-Mobile production was complete, particularly insofar as the Plaintiff was not a T-Mobile subscriber on April 19, 2024. Plaintiff objects insofar as this request calls for a legal conclusion. Plaintiff objects insofar as this request assumes or insinuates that the calls were not spoofed. Notwithstanding the foregoing, Admitted, as the Plaintiff was not a T-Mobile subscriber on April 19, 2024 and thus T-Mobile's records could not be expected to identify the calls.

9.    Admit that the phone records produced by T-Mobile on August 7, 2025 in this Action are complete.

Response: Plaintiff objects to the extent that the request is not relevant to any party's claim or defense or proportional to the needs of the case other than the telephone numbers or contacts at issue in this case. The Plaintiff objects to this request in that it requires the disclosure of attorney-client admissions, work-product admissions, and related admissions, such as trial preparation admissions. Plaintiff objects in that this request seeks a conclusion about the Complaint, as pled, which speaks for itself. The Plaintiff objects in that this request asks him to characterize evidence, which such evidence speaks for itself, or indeed, to the extent it contravenes the Plaintiff's own evidence. Plaintiff objects insofar as this request assumes or insinuates that the T-Mobile production was complete, particularly insofar as the Plaintiff was not a T-Mobile subscriber on April 19, 2024. Plaintiff objects insofar as this request calls for a legal conclusion. Plaintiff objects insofar as this request assumes or insinuates that the calls were not spoofed. Notwithstanding the foregoing, Denied.

10.    Admit that You placed a phone call (i.e., dialed and made an inbound call) to 855-478-5112 on April 19, 2024.

Response: Plaintiff objects to the extent that the request is not relevant to any party's claim or defense or proportional to the needs of the case other than the telephone numbers or contacts at issue in this case. The Plaintiff objects to this request in that it requires the disclosure of attorney-client admissions, work-product admissions, and related admissions, such as trial preparation admissions. Plaintiff objects in that this request seeks a conclusion about the Complaint, as pled, which speaks for itself. The Plaintiff objects in that this request asks him to characterize evidence, which such evidence speaks for itself, or indeed, to the extent it contravenes the Plaintiff's own evidence. Plaintiff objects insofar as this request calls for a legal conclusion. Notwithstanding the foregoing, Denied.

11.    Admit that You voluntarily purchased Viasat's internet services on April 19, 2024 over the phone, and provided your credit card information to do so.

Response: Plaintiff objects to the extent that the request is not relevant to any party's claim or defense or proportional to the needs of the case other than the telephone numbers or contacts at issue in this case. The Plaintiff objects to this request in that it requires the disclosure of attorney-client admissions, work-product admissions, and related admissions, such as trial preparation admissions. Plaintiff objects in that this request seeks a conclusion about the Complaint, as pled, which speaks for itself. The Plaintiff objects in that this request asks him to characterize evidence, which such evidence speaks for itself, or indeed, to the extent it contravenes the Plaintiff's own evidence. Plaintiff objects insofar as this request calls for a legal conclusion. Plaintiff objects in that it is ViaSat's current theory that the credit card charge the Plaintiff received is not from ViaSat, which Plaintiff disputes, and as such, the Plaintiff is without sufficient information to answer or deny this request absent additional discovery into who made the credit card charge and what the alleged purchase was for. As such, this Request cannot be responded truthfully through admission, denial, or qualified denial absent additional discovery. Plaintiff refuses to admit or deny on the basis of the foregoing objections.

12.    Admit that none of the persons with whom You allegedly spoke, per the Complaint, expressly identified themselves as an "employee" of Viasat.

Response: Plaintiff objects to the extent that the request is not relevant to

any party's claim or defense or proportional to the needs of the case other than the telephone numbers or contacts at issue in this case. The Plaintiff objects to this request in that it requires the disclosure of attorney-client admissions, work-product admissions, and related admissions, such as trial preparation admissions. Plaintiff objects in that this request seeks a conclusion about the Complaint, as pled, which speaks for itself. The Plaintiff objects in that this request asks him to characterize evidence, which such evidence speaks for itself, or indeed, to the extent it contravenes the Plaintiff's own evidence. Plaintiff objects insofar as this request calls for a legal conclusion. Notwithstanding the foregoing, Admitted that none of the persons with whom Plaintiff spoke used the word "employee" to describe themselves.

13.    Admit that Defendant itself did not physically place any of the Calls alleged in the Complaint.

Response: Plaintiff objects to the extent that the request is not relevant to any party's claim or defense or proportional to the needs of the case other than the telephone numbers or contacts at issue in this case. The Plaintiff objects to this request in that it requires the disclosure of attorney-client admissions, work-product admissions, and related admissions, such as trial preparation admissions. Plaintiff objects in that this request seeks a conclusion about the Complaint, as pled, which speaks for itself. The Plaintiff objects in that this request asks him to characterize evidence, which such evidence speaks for itself, or indeed, to the extent it contravenes the Plaintiff's own evidence. Plaintiff objects insofar as this request calls for a legal conclusion. Plaintiff objects in that it is ViaSat's current theory that ViaSat did not physically place any of the Calls alleged in the Complaint, which Plaintiff disputes, and as such, the Plaintiff is without sufficient information to answer or deny this request absent additional discovery into who placed or spoofed the calls. As such, this Request cannot be responded truthfully through admission, denial, or qualified denial absent additional discovery. Plaintiff refuses to admit or deny on the basis of the foregoing objections.

14.    Admit that a third party physically placed all of the Calls alleged in the Complaint.

Response: Plaintiff objects to the extent that the request is not relevant to any party's claim or defense or proportional to the needs of the case other

than the telephone numbers or contacts at issue in this case. The Plaintiff objects to this request in that it requires the disclosure of attorney-client admissions, work-product admissions, and related admissions, such as trial preparation admissions. Plaintiff objects in that this request seeks a conclusion about the Complaint, as pled, which speaks for itself. The Plaintiff objects in that this request asks him to characterize evidence, which such evidence speaks for itself, or indeed, to the extent it contravenes the Plaintiff's own evidence. Plaintiff objects insofar as this request calls for a legal conclusion. Plaintiff objects in that it is ViaSat's current theory that ViaSat had nothing to do with any of the Calls alleged in the Complaint (including in any manner with third parties), which Plaintiff disputes, and as such, the Plaintiff is without sufficient information to answer or deny this request absent additional discovery into who placed or spoofed the calls. As such, this Request cannot be responded truthfully through admission, denial, or qualified denial absent additional discovery. Plaintiff refuses to admit or deny on the basis of the foregoing objections.

15.    Admit that You are only alleging a direct liability theory against Viasat in this Action.

Response: Plaintiff objects to the extent that the request is not relevant to any party's claim or defense or proportional to the needs of the case other than the telephone numbers or contacts at issue in this case. The Plaintiff objects to this request in that it requires the disclosure of attorney-client admissions, work-product admissions, and related admissions, such as trial preparation admissions. Plaintiff objects in that this request is premature, as discovery may yet reveal facts and evidence probative of direct and/or vicarious liability. Plaintiff objects to any attempts to use this Request for Admission to assert that the Plaintiff is admitting that subsequent facts may not later be developed demonstrating the appropriateness of such a claim. The Plaintiff objects in that this request asks him to characterize evidence, which such evidence speaks for itself, or indeed, to the extent it contravenes the Plaintiff's own evidence. Plaintiff objects insofar as this request calls for a legal conclusion. Notwithstanding the foregoing, admitted that the complaint, in its current state, asserts only a direct liability claim against ViaSat.

16.    Admit that You did not receive any calls made to the Subject Phone Number by or on behalf of Viasat.

Response: Plaintiff objects to the extent that the request is not relevant to any party's claim or defense or proportional to the needs of the case other than the telephone numbers or contacts at issue in this case. The Plaintiff objects to this request in that it requires the disclosure of attorney-client admissions, work-product admissions, and related admissions, such as trial preparation admissions. Plaintiff objects in that this request seeks a conclusion about the Complaint, as pled, which speaks for itself. The Plaintiff objects in that this request asks him to characterize evidence, which such evidence speaks for itself, or indeed, to the extent it contravenes the Plaintiff's own evidence. Plaintiff objects insofar as this request calls for a legal conclusion. Plaintiff objects in that it is ViaSat's past theory (which ViaSat seems to have now abandoned) that ViaSat received an inbound call from Plaintiff, which Plaintiff disputes, and as such, the Plaintiff is without sufficient information to answer or deny this request absent additional discovery into who placed or spoofed the calls. As such, this Request cannot be responded truthfully through admission, denial, or qualified denial absent additional discovery. Plaintiff refuses to admit or deny on the basis of the foregoing objections.

17.    Admit that You did not receive any text messages sent to the Subject Phone Number by or on behalf of Viasat.

Response: Plaintiff objects to the extent that the request is not relevant to any party's claim or defense or proportional to the needs of the case other than the telephone numbers or contacts at issue in this case. The Plaintiff objects to this request in that it requires the disclosure of attorney-client admissions, work-product admissions, and related admissions, such as trial preparation admissions. Plaintiff objects insofar as the Plaintiff nowhere pleads the receipt of text messages, and as such, this Request is vague and confusing. Plaintiff reserves the right to assert additional objections or respond further as this request is clarified. Plaintiff refuses to admit or deny on the basis of the foregoing objections.

18.    Admit that You had more than one phone number (i.e., that You were the subscriber or user of more than one phone number) between March 1, 2024 and May 26, 2025.

RESPONSE: Plaintiff objects to the extent that the request is not relevant to any party's claim or defense or proportional to the needs of the case other than the telephone numbers or contacts at issue in this case. Plaintiff objects to this request in that it calls for a legal conclusion, rather than a factual question or the application of law to fact. The Plaintiff objects to this request in that it requires the disclosure of attorney-client admissions, work-product admissions, and related admissions, such as trial preparation admissions. The Plaintiff further objects in that information about the Plaintiff's other telephone numbers is irrelevant to the Plaintiff's claims or the Defendant's defenses and appears to be designed to harass the Plaintiff, particularly as this case revolves around a single telephone number. The Plaintiff refuses to admit or deny on the basis of the foregoing objections.

19.    Admit that You had a landline phone installed at Your residence on or between March 1, 2024 and May 26, 2025.

RESPONSE: Plaintiff objects to the extent that the request is not relevant to any party's claim or defense or proportional to the needs of the case other than the telephone numbers or contacts at issue in this case. Plaintiff objects to this request in that it calls for a legal conclusion, rather than a factual question or the application of law to fact. The Plaintiff objects to this request in that it requires the disclosure of attorney-client admissions, work-product admissions, and related admissions, such as trial preparation admissions. The Plaintiff further objects in that information about the Plaintiff's other telephone numbers is irrelevant to the Plaintiff's claims or the Defendant's defenses and appears to be designed to harass the Plaintiff, particularly as this case revolves around a single telephone number. The Plaintiff refuses to admit or deny on the basis of the foregoing objections.

20.    Admit that Subject Phone Number has been used to conduct business.

RESPONSE: Plaintiff objects to the extent that the request is not relevant to any party's claim or defense or proportional to the needs of the case other than the telephone numbers or contacts at issue in this case. Plaintiff objects to this request in that it calls for a legal conclusion, rather than a factual question or the application of law to fact. Plaintiff objects to this request as the term "used to conduct business," in addition to being a legal conclusion, is vague, undefined, and confusing. The Plaintiff objects to this request in that it requires the disclosure of attorney-client admissions, work-product admissions, and related admissions, such as trial preparation admissions. The Plaintiff refuses to admit or deny on the basis of the

foregoing objections.

21.    Admit that You no longer have the device associated with the Subject Phone Number as of April 2024 in Your possession, custody, or control.

RESPONSE: Plaintiff objects to the extent that the request is not relevant to any party's claim or defense or proportional to the needs of the case other than the telephone numbers or contacts at issue in this case. Plaintiff objects to this request in that it calls for a legal conclusion, rather than a factual question or the application of law to fact. Plaintiff objects to the fact that this request assumes facts not in evidence, namely, that a "device" was used to receive the subject calls. The Plaintiff objects to this request in that it requires the disclosure of attorney-client admissions, work-product admissions, and related admissions, such as trial preparation admissions. Notwithstanding the foregoing, Denied.

22.    Admit that You did not personally register the Subject Phone Number on the National Do Not Call Registry.

RESPONSE: Plaintiff objects to the extent that the request is not relevant to any party's claim or defense or proportional to the needs of the case other than the telephone numbers or contacts at issue in this case. Plaintiff objects to this request in that it calls for a legal conclusion, rather than a factual question or the application of law to fact. Plaintiff objects to this request as the term "personally register the Subject Phone Number on the National Do Not Call Registry," in addition to being a legal conclusion, is vague, undefined, and confusing. Plaintiff notes that there is no requirement that a telephone number be personally registered on the National Do Not Call Registry under the TCPA, and as such, the information sought is not relevant nor proportional to the needs of the case as it seeks admission of information of no probative value. The Plaintiff objects to this request in that it requires the disclosure of attorney-client admissions, work-product admissions, and related admissions, such as trial preparation admissions. The Plaintiff refuses to admit or deny on the basis of the foregoing objections.

23.     Admit that You have no Documents or other materials in Your possession, custody or control evidencing that Viasat owns (i.e., that Viasat is the subscriber) or uses the phone numbers paragraphs 27 and 31 of the Complaint.

Response: Plaintiff objects to the extent that the request is not relevant to any party's claim or defense or proportional to the needs of the case other than the telephone numbers or contacts at issue in this case. The Plaintiff objects to this request in that it requires the disclosure of attorney-client admissions, work-product admissions, and related admissions, such as trial preparation admissions. Plaintiff objects to this request as premature. Plaintiff objects in that this request seeks a conclusion about the Complaint, as pled, which speaks for itself. The Plaintiff objects in that this request asks him to characterize evidence, which such evidence speaks for itself, or indeed, to the extent it contravenes the Plaintiff's own evidence. Plaintiff objects in that this Request imposes no temporal limitation to the date of the calls at issue. Plaintiff objects insofar as this request calls for a legal conclusion. Plaintiff objects insofar as this request assumes or insinuates that the calls were not spoofed. Notwithstanding the foregoing, Admitted in Part, Denied in Part. Because the numbers were spoofed, the Plaintiff has no documents linking the spoofed numbers to ViaSat, nor could he, because the very point of spoofing is to hide the identity of the caller. However, the Plaintiff was able to identify ViaSat as the caller through the interaction and advertising of ViaSat's services on the calls. Furthermore, Denied in that this Request insinuates that the Plaintiff will not later come into possession of more evidence.

24.     Admit that You have no Documents or other materials in Your possession, custody or control evidencing that any of the Calls alleged in the Complaint were physically placed by Viasat itself.

Response: Plaintiff objects to the extent that the request is not relevant to any party's claim or defense or proportional to the needs of the case other than the telephone numbers or contacts at issue in this case. The Plaintiff objects to this request in that it requires the disclosure of attorney-client admissions, work-product admissions, and related admissions, such as trial preparation admissions. Plaintiff objects to this request as premature. Plaintiff objects in that this request seeks a conclusion about the Complaint, as pled, which speaks for itself. The Plaintiff objects in that this request asks him to characterize evidence, which such evidence speaks for itself, or indeed, to the extent it contravenes the Plaintiff's own evidence. Plaintiff objects in that this Request

imposes no temporal limitation to the date of the calls at issue. Plaintiff objects insofar as this request assumes or insinuates that the calls were not spoofed. Plaintiff objects insofar as this request calls for a legal conclusion. Plaintiff objects in that it is ViaSat's current theory that ViaSat did not place the calls, which Plaintiff disputes, and as such, the Plaintiff is without sufficient information to answer or deny this request absent additional discovery into who placed or spoofed the calls. As such, this Request cannot be responded truthfully through admission, denial, or qualified denial absent additional discovery. Plaintiff refuses to admit or deny on the basis of the foregoing objections.

25.    Admit that You have no Documents or other materials in Your possession, custody or control evidencing that Viasat physically placed or is otherwise responsible for any Calls that You allege violated the TCPA in this case.

Response: Plaintiff objects to the extent that the request is not relevant to any party's claim or defense or proportional to the needs of the case other than the telephone numbers or contacts at issue in this case. Plaintiff objects in that this request is deceptively worded in that it couches a response in whether ViaSat is "otherwise responsible" for the calls, which is a legal conclusion bearing on an ultimate issue, such as that of direct or vicarious liability. The Plaintiff objects to this request in that it requires the disclosure of attorney-client admissions, work-product admissions, and related admissions, such as trial preparation admissions. Plaintiff objects to this request as premature. Plaintiff objects in that this request seeks a conclusion about the Complaint, as pled, which speaks for itself. The Plaintiff objects in that this request asks him to characterize evidence, which such evidence speaks for itself, or indeed, to the extent it contravenes the Plaintiff's own evidence. Plaintiff objects in that this Request imposes no temporal limitation to the date of the calls at issue. Plaintiff objects insofar as this request assumes or insinuates that the calls were not spoofed. Plaintiff objects insofar as this request calls for a legal conclusion. Plaintiff objects in that it is ViaSat's current theory that ViaSat did not place the calls, which Plaintiff disputes, and as such, the Plaintiff is without sufficient information to answer or deny this request absent additional discovery into who placed or spoofed the calls, including as to whether such conduct would render ViaSat "otherwise responsible" therefor. As such, this Request cannot be responded truthfully through admission, denial, or qualified denial absent additional discovery. Plaintiff refuses to admit or deny on the basis of the foregoing objections.

14

## RESPONSES TO INTERROGATORIES TO PLAINTIFF

1.      Describe in detail every Call that You claim to have received on any number and that You contend was placed by or behalf of Viasat at any time, including but not limited to providing (for each Call identified) the date, time, phone numbers involved (i.e., for the caller and recipient), the names of all persons involved, the duration, and the substance of the Call (i.e., what specifically was discussed).

**ANSWER:** Plaintiff objects to the extent that the request is not relevant to any party's claim or defense or proportional to the needs of the case other than the telephone numbers or contacts at issue in this case. Plaintiff objects to this interrogatory as impermissibly compound. Plaintiff objects to this interrogatory as an impermissible contention interrogatory requiring him to characterize and/or summarize evidence. Plaintiff objects to this interrogatory as vague and confusing. Plaintiff further objects in that this interrogatory seeks information relating to recorded calls, which speak for themselves and objects to any attempts to characterize them. Plaintiff objects in that this interrogatory seeks information and seeks to have the Plaintiff characterize carrier call records, which speak for themselves. The Plaintiff objects to this request in that it requires the disclosure of attorney–client and expert communications. Plaintiff further objects in that a single Interrogatory is a disproportionate vehicle to demand that Plaintiff to "describe in detail" what occurred on the call, which in addition to being vague, is impermissible, particularly insofar as Defendant intends to use such a response to preclude the Plaintiff from introducing other evidence or will be used to attempt to prevent the introduction of discoverable evidence on the grounds that it was not identified. The Plaintiff objects insofar as this request asks him, as a non-attorney, to make legal conclusions and to evaluate evidence and documents for whether it appropriately rebuts evidence in support of these contentions. Lastly, this request also plainly seeks attorney work product mental impressions, i.e., the opinion of Plaintiff's counsel as to what documents would or would not be used to support or oppose such contentions. Notwithstanding the foregoing, pursuant to Rule 33(d), the records that must be reviewed are Plaintiff's records, including call detail records and recordings, which speak for themselves, and will enable Defendant to locate and identify them as readily as Plaintiff could, and Plaintiff will produce such records within a reasonable time not to exceed thirty days. Additionally, the Plaintiff responds as follows: on April 19, 2024, at 2:12 pm, from the spoofed caller ID (931) 413-8533, lasting one minute and thirty-seven seconds. During this

call, Plaintiff spoke with an individual who was attempting to sell ViaSat's internet services in the Plaintiff's local area, for which the "service [prices] have been dropped down in your local area." The Plaintiff hung up the call, thereby indicating that he was not interested. Despite this fact, the Plaintiff received a second call. The second call was made by the Defendant at 2:14 pm from the spoofed caller ID (530) 235-8385 and lasted twenty-five minutes and twenty-three seconds. This call had the same representative as the first call and when Plaintiff answered, the representative stated, "[Y]our call was declined. I'm sorry. I have my verifier on line. He will assess more information." This "verifier" asked various questions about the Plaintiff's existing internet services and asked the Plaintiff if he was interested in getting "cheaper and better rates" on his internet service and if he was "interested in getting a quote" for "what I have right now." The "verifier" stated that he would then connect the call to "the licensed agent in your zip code . . . on the line, and they're going to let you know about what types of promotions are available in your ZIP code and how you can get that." The Plaintiff was then transferred to a sales specialist and "home services advisor" who confirmed they were calling from ViaSat. This individual quoted a monthly price of $94.99 for ViaSat's internet services and stated that the Plaintiff would need to provide a $300 down payment in advance. Both calls were thus made to sell and attempted to sell the Plaintiff ViaSat's internet services.

2.    For every Call identified in response to Interrogatory No. 1 above, identify specifically who (i.e., which person or entity) You contend physically placed each Call (i.e., who literally placed the Call directly to You or the Subject Phone Number).

**ANSWER:** Plaintiff objects to the extent that the request is not relevant to any party's claim or defense or proportional to the needs of the case other than the telephone numbers or contacts at issue in this case. Plaintiff objects to this interrogatory as impermissibly compound. Plaintiff objects to this interrogatory as an impermissible contention interrogatory requiring him to characterize and/or summarize evidence. Plaintiff objects to this interrogatory as vague and confusing. Plaintiff further objects in that discovery is still ongoing, and subpoenas to carriers and third parties are outstanding, rendering this interrogatory premature. Plaintiff objects in that this request seeks information which is more available, or only so, to the Defendant, than the Plaintiff, as the initiator of the subject calls. The Plaintiff objects to this request to the extent it requires the disclosure of attorney–client and expert communications. Notwithstanding the foregoing, Plaintiff presently contends that the calls were placed by ViaSat, including a representative, a verifier, and a sales specialist and home services advisor who confirmed they were calling from ViaSat.

3.    Identify all Calls that were received on or made from the Subject Phone Number on or between March 1, 2024 to April 30, 2024, to the extent not identified in response to the preceding Interrogatories.

**ANSWER:** Plaintiff objects to the extent that the request is not relevant to any party's claim or defense or proportional to the needs of the case other than the telephone numbers or contacts at issue in this case. Plaintiff objects to this interrogatory as overly broad, unduly burdensome, harassing, and not proportional to the needs of the case insofar as it seeks the identification of every call made or received over a two-month period rather than the specific calls at issue. Plaintiff objects to this interrogatory as vague and confusing. Plaintiff objects to the extent that this request is cumulative, duplicative, and seeks information already requested or available through other discovery requests. Plaintiff objects to this interrogatory as it seeks information, including CPNI, protected under applicable consumer privacy statutes. Moreover, as this is an action alleging violations of consumer privacy statutes, this discovery is disproportionate and substantially impacts Plaintiff's privacy rights and is harassing on the same basis. Plaintiff objects further in that the only records conceivably relevant are the records of the calls themselves, not all of Plaintiff's telephone records for a two-month period.

4.    For every Call identified in response to any of the preceding Interrogatories, identify all Documents relating to, reflecting, or evidencing each Call of which You are aware or that are in Your possession, custody, or control.

**ANSWER:** Plaintiff objects to the extent that the request is not relevant to any party's claim or defense or proportional to the needs of the case other than the telephone numbers or contacts at issue in this case. Plaintiff objects to this interrogatory as overly broad, unduly burdensome, harassing, and not proportional to the needs of the case insofar as it seeks identification of all documents "relating to, reflecting, or evidencing" calls rather than the specific calls at issue. Plaintiff objects to this interrogatory as vague and confusing, including insofar as the phrases "relating to," "reflecting," and "evidencing" are undefined and unascertainable. Plaintiff further objects in that this interrogatory seeks information relating to recorded calls, which speak for themselves and objects to any attempts to characterize them. Plaintiff objects to this interrogatory as premature. Plaintiff objects in that this interrogatory seeks information and seeks to have the Plaintiff characterize carrier call records, which speak for themselves. Moreover, as this is an

17

action alleging violation of consumer privacy statutes, this discovery is disproportionate and substantially impacts Plaintiff's privacy rights. It is also harassing on the same basis. Notwithstanding the foregoing, the only records with respect to the calls at issue in the Plaintiff's possession, care, custody, and control are the call detail records and the call recordings of the calls at issue.

5.    Identify all Persons with knowledge of any of the factual allegations in the Complaint, including each Person's first and last name, last known mailing address, email address, phone number, and the nature and extent of their knowledge and information.

**ANSWER:** Plaintiff objects to the extent that the request is not relevant to any party's claim or defense or proportional to the needs of the case other than the telephone numbers or contacts at issue in this case. The Plaintiff objects to this request in that it requires the disclosure of attorney-client communications. Plaintiff objects to this Interrogatory, as it is not a single request, but a series of requests in violation of Federal Rule of Civil Procedure 33, which requires interrogatories to be limited to a single question each. It is therefore compound. Plaintiff objects in that this interrogatory seeks information more known to, or only known by, the Defendant than the Plaintiff. Plaintiff objects insofar as this information seeks information in the Plaintiff's initial disclosures. Notwithstanding the foregoing, the Plaintiff incorporates by reference herein his initial disclosures. Plaintiff reserves the right to amend his responses as additional persons or entities are ascertained.

6.    Identify all websites or URLs visited by You, Your spouse, or someone living in Your Household on any internet-accessible computing device (e.g., smartphone, tablet, laptop, or PC), regardless of location on where visited or accessed or the subject matter, on or between March 1, 2024 and April 30, 2024.

**ANSWER:** Plaintiff objects to this request insofar as it seeks documents other than the telephone number or calls at issue in this case and includes information not relevant to any party's claim or defense, do not relate in any manner to Defendant, and as a result are not proportional to the needs of the case. The Plaintiff objects to this request insofar as it seeks highly-sensitive and personal browsing history information, for a two month period, which is completely irrelevant to the issues in this case, particularly as Defendant has provided no evidence of consent, let alone any relying on an alleged website visit. As such, Plaintiff's other internet activity and browsing history has no bearing on the consent or claims and defenses at issue

in this case. This is to say nothing of the browsing history of Plaintiff's spouse, or "someone living in Your Household," which is even more intrusive and invades the privacy of third parties. The Plaintiff objects to this request in that any information obtained therefrom may be used to attempt to manufacture consent evidence. Plaintiff objects to this request insofar as it purports to assert that Plaintiff has or had such information in his possession, care, custody, or control, and insofar as this request seeks information which never existed, or which was never stored in any medium from which data may be retrieved, accessed, read, or examined, or fixed in any way in any tangible form. Plaintiff objects to this interrogatory as seeking documents, which is more appropriately done through a request for production. The Plaintiff further objects to this request as any information regarding the data sought is available through a less intrusive means of discovery, particularly as there has been no allegation rising to any level that the Plaintiff provided consent via a website, let lone is withholding discoverable information. *See John B. v. Goetz*, 531 F.3d 448, 459 (6th Cir. 2008). Moreover, as this is an action alleging violation of consumer privacy statutes, this discovery is disproportionate and substantially impacts Plaintiff's privacy rights. It is also harassing on the same basis. Plaintiff objects insofar as this request seeks information and devices containing attorney-client communications, common interest privilege, communications with experts, and/or trial preparation materials. Plaintiff further objects insofar as this request implicates the privacy and data security interests of Plaintiff and/or which also seeks information which is protected by law from disclosure. Plaintiff further objects in that the request makes no attempt to tailor itself to specific discoverable information but is rather a fishing expedition that implicates significant personal privacy and confidentiality concerns. The Plaintiff further objects insofar as this request insinuates that the Plaintiff consented.

7.      Identify all internet providers for any internet-accessible device in Your Household on or between March 1, 2024 and April 30, 2024.

**ANSWER:** Plaintiff objects to the extent that the request is not relevant to any party's claim or defense or proportional to the needs of the case other than the telephone numbers or contacts at issue in this case. The Plaintiff objects to this request in that it requires the disclosure of attorney-client materials, work-product materials, and related materials, such as trial preparation materials. The Plaintiff objects to this request in that it is being propounded to harass the Plaintiff, particularly as the Defendant has not yet produced any evidence of consent or otherwise for why Plaintiff's internet providers would be relevant. To date, Defendant has produced no evidence of consent, and certainly none relying on a web visit from a certain internet service provider. The Plaintiff objects in that this request

implicates significant consumer personal and data security and privacy protection concerns, particularly as this is a lawsuit alleging receipt of unsolicited messages. The Plaintiff also objects insofar as this request asserts that Plaintiff provided his consent, in any way, shape, or form, to receive calls or text messages. Furthermore, the Plaintiff objects to this request in that it violates the Plaintiff's privacy interests. The Plaintiff objects to this request in that any information obtained therefrom may be used to attempt to manufacture consent evidence.

8.    Identify all internet-accessible computing or other electronic devices (e.g., laptops, PCs, smart phones, tablets) located in Your Household, or at Your place of employment, or to which You otherwise had access or used on or between March 1, 2024 and April 30, 2024. For your answer, please include the IP address for each device.

**ANSWER:** Plaintiff objects to the extent that the request is not relevant to any party's claim or defense or proportional to the needs of the case other than the telephone numbers or contacts at issue in this case. The Plaintiff objects to this request in that it requires the disclosure of attorney-client communications. Plaintiff objects to this Interrogatory, as it is not a single request, but a series of requests in violation of Federal Rule of Civil Procedure 33, which requires interrogatories to be limited to a single question each. It is therefore compound. Defendant asks Plaintiff to identify all "internet-accessible computing or other electronic devices (e.g., laptops, PCs, smart phones, tablets" that the Plaintiff has so much as has even used in an almost two-month period. This is clearly overbroad. Next, the information sought is not even confined to Plaintiff, requesting not just his devices, but any other ones that he so much as at his "place of employment, or to which You otherwise had access or used." The Plaintiff objects insofar as this interrogatory seeks information regarding so much as any electronic device the plaintiff has ever used, including devices he has only used temporarily. Not only that, but also there is no indication that the information sought is relevant to any claim or defense in this matter, particularly as no claim has been made that the Plaintiff submitted his information to receive calls from ViaSat on any website; to the contrary, ViaSat claims to have nothing to do with the conduct alleged. Indeed, the burden associated with identifying each of the aforementioned devices would be high, and it is unclear what relevance, if any, the information sought would have to the Plaintiff's claims or the Defendant's defenses, particularly as Defendant has not specified a specific device it contends was used to submit the alleged opt in. It is simply not proportional to the needs of this case. Plaintiff further objects to this Interrogatory as vague and confusing, including because it is technically unsound. The Interrogatory is not clear as to whether it seeks information as to public or private IP addresses. The

Interrogatory further does not qualify whether it seeks static IP addresses, dynamic IP addresses, or both, particularly given the somewhat ethereal nature of dynamic IP addresses. Furthermore, "devices" do not have IP addresses; connections do. Any other IP addresses the Plaintiff may have used are irrelevant to the specific alleged consent, which has not yet even been adduced. The Plaintiff objects to this request in that it requires the disclosure of attorney-client materials, work-product materials, and related materials, such as trial preparation materials. The Plaintiff objects to this request in that it is being propounded to harass the Plaintiff, particularly as the Plaintiff's IP addresses are irrelevant to the issue of consent. The Plaintiff further objects in that this interrogatory may be technicalogically impossible to comply with. The Plaintiff also objects insofar as this request asserts that Plaintiff provided his consent, in any way, shape, or form, to receive calls or text messages. Furthermore, the Plaintiff objects to this request in that it violates the Plaintiff's privacy and data security interests. The Plaintiff objects to this request in that any information obtained therefrom may be used to attempt to manufacture consent evidence. The Plaintiff objects in that this request implicates significant consumer personal and data security and privacy protection concerns, particularly as this is a lawsuit alleging receipt of unsolicited messages. The Plaintiff also objects insofar as this request asserts that Plaintiff provided his consent, in any way, shape, or form, to receive calls or text messages. Furthermore, the Plaintiff objects to this request in that it violates the Plaintiff's privacy interests.

9.      Identify all Persons living or present in Your Household on or between March 1, 2024 and April 30, 2024.

**ANSWER:** Plaintiff objects to the extent that the request is not relevant to any party's claim or defense or proportional to the needs of the case other than the telephone numbers or contacts at issue in this case. Plaintiff objects to this request as overly broad, unduly burdensome, and plainly disproportional to the needs of the case, as a sweeping demand for months of residential visitation history and the identities of cohabitants risks exposing sensitive personal data of non-parties, including family members and minors, who are not implicated in this litigation, thereby constituting an unjustified invasion of personal privacy and impacting Plaintiff's privacy rights. Furthermore, the Plaintiff objects to this request in that it violates the Plaintiff's privacy interests. This request appears designed not to elicit discoverable facts but rather to harass, intimidate, or chill Plaintiff's willingness to pursue claims, especially since disclosure of addresses and household members raises significant privacy and confidentiality concerns, particularly as TCPA

plaintiffs in other lawsuits have been harassed and threatened with bodily and physical harm, sexual assault, and had weapons pulled on them. Plaintiff further objects that this request seeks disclosure of the contents of attorney–client communications, common interest privilege, communications with experts, and/or trial preparation materials (including work product and trial preparation materials). Plaintiff also objects to the extent that this Interrogatory implies that Plaintiff made, or engaged an agent to make, any website submission relied upon for putative consent in this matter. Plaintiff vehemently denies and rejects this implication. The Plaintiff also objects insofar as this request asserts that Plaintiff provided his consent, in any way, shape, or form, to receive calls or text messages. Moreover, as this is an action alleging violation of consumer privacy statutes, this discovery is disproportionate and substantially impacts Plaintiff's privacy rights. Plaintiff objects to this request in that it is being propounded to harass the Plaintiff, particularly as all people who were "present" at Plaintiff's address is irrelevant to the calls the Plaintiff received. Moreover, as it seeks vast quantities of irrelevant information, it is vague and confusing.


10.    Identify all Your employers (*i.e.*, what entity or person that You were employed by or received any income from) on or between March 1, 2024 and May 31, 2025, including the full name and physical mailing address for each.

**ANSWER:** Plaintiff objects to the extent that the request is not relevant to any party's claim or defense or proportional to the needs of the case other than the telephone numbers or contacts at issue in this case. Plaintiff objects to the extent that the request is not relevant to any party's claim or defense or proportional to the needs of the case other than the telephone numbers or contacts at issue in this case, which concerns a limited set of unsolicited telemarketing calls placed to a specific residential telephone number within a defined time period, and not employment history. The Plaintiff objects to this interrogatory as impermissibly compound. Plaintiff objects that this interrogatory is impermissibly compound, as it seeks multiple pieces of information (employer name, job title, address, and dates) in a single request. The Plaintiff objects to this request in that it is being propounded to harass the Plaintiff, as well as argumentative particularly as the Plaintiff's employment history is irrelevant to the calls the Plaintiff received. This request is objectionable because it appears designed not to elicit discoverable facts but rather to harass, intimidate, or chill Plaintiff's willingness to pursue claims, particularly as the Plaintiff's income and employment history are irrelevant to the calls the Plaintiff received. Plaintiff objects to this Interrogatory on the grounds that it seeks information that is irrelevant to the claims or defenses in this action and is not

proportional to the needs of the case, as required by Rule 26(b)(1) of the Federal Rules of Civil Procedure. The employment history of Plaintiff bears no reasonable relationship to the central question in this case, namely, whether Defendant placed unlawful telemarketing calls to Plaintiff's residential telephone line in violation of the TCPA. This Interrogatory is also facially overbroad and unduly burdensome, sweeping in private employment data that lacks any nexus to the phone number or alleged calls at issue. Furthermore, the Plaintiff objects that this request violates the Plaintiff's privacy interests. Plaintiff objects to this request insofar as it seeks disclosure of the contents of attorney–client communications, common interest privilege, communications with experts, and/or trial preparation materials. The request appears designed not to elicit discoverable facts but rather to harass, intimidate, or chill Plaintiff's willingness to pursue his claims. As multiple courts have held, one's prior employment history is irrelevant to the case at hand, and as such, is neither relevant nor proportional to the needs of the case. The Plaintiff objects to this request in that it intimates that the possession of multiple jobs is inappropriate, unlawful, untoward, nefarious, or otherwise improper.

11.    Describe in detail each and every instance in which You, someone in Your Household, or someone acting on Your behalf provided any telephone number owned, subscribed to, or regularly used by You (including but not limited to the Subject Phone Number) for any reason to any Person or entity that sells, promotes, advertises, or markets internet services of any kind on or between March 1, 2024 and May 31, 2025.

**ANSWER:** Plaintiff objects to the extent that the request is not relevant to any party's claim or defense or proportional to the needs of the case other than the telephone numbers or contacts at issue in this case. Plaintiff objects to this interrogatory as impermissibly compound. Plaintiff objects that this request is overly broad, unduly burdensome, and plainly disproportional to the needs of the case, as a sweeping demand for online activity risks exposing sensitive personal data and irrelevant information of non-parties, including family members and minors, who are not implicated in this litigation. Plaintiff objects to the extent this interrogatory improperly assumes facts not in evidence and constitutes an impermissible attempt to shift the burden of proof to Plaintiff regarding the affirmative defense of consent; specifically, it is Defendant's burden to prove consent, not Plaintiff's burden to disprove it. The request appears designed to harass, intimidate, or chill Plaintiff's willingness to pursue his claims. Plaintiff further objects that this request seeks information regarding the private activity of non-parties, namely, Plaintiff's family members, who are not involved in this litigation and whose actions are not attributable to Plaintiff. Plaintiff objects to this request insofar as it seeks disclosure

of the contents of attorney–client communications, common interest privilege, communications with experts, and/or trial preparation materials. Notwithstanding the foregoing, the Plaintiff vehemently denies and rejects the implication that he, someone in his household, or someone acting on his behalf provided any telephone number for putative consent to entities marketing internet services.

12.    Identify all Documents You referenced, relied upon, referred to, or cited in Your Complaint or to prepare Your Complaint.

**ANSWER:** Plaintiff objects to the extent that the request is not relevant to any party's claim or defense or proportional to the needs of the case other than the telephone numbers or contacts at issue in this case. The Plaintiff objects to this interrogatory as an impermissible contention interrogatory requiring him to characterize and/or summarize evidence, particularly insofar as it seeks "all documents" which the Plaintiff "referenced, relied upon, referred to, or cited" in the Complaint or to prepare the Complaint. It is also impermissibly compound. As such, it is practically impossible for the Plaintiff to form a coherent list outlining every possible document which might in any way support any allegation in the Complaint. This Interrogatory is overly burdensome, vague, and ambiguous. A single Interrogatory is a disproportionate vehicle to demand that Plaintiff provide all documents with respect to each allegation in the Complaint. Plaintiff also objects to this Interrogatory as premature. This case is in a nascent stage. The Plaintiff objects insofar as this request seeks attorney-client communications, as well as expert, trial preparation material, and other similar such material. The Plaintiff objects insofar as this request asks him, as a non-attorney, to make legal conclusions and to evaluate evidence and documents for whether it bears on the allegations in the Complaint. Lastly, this request also plainly seeks attorney work product mental impressions, i.e., the opinion of Plaintiff's counsel as to what documents would or would not support Plaintiff's allegations. Hence, the response it seeks is outside the scope of discovery. Plaintiff objects to this request in that it requires the disclosure of attorney-client communications. Notwithstanding the foregoing, Plaintiff refers Defendant to his Rule 26(a)(1) Initial Disclosures and documents he has already agreed to produce.

13.    Identify all Documents You referenced, review, relied upon, or referred to prepare Your answers to these Interrogatories.

**ANSWER:** Plaintiff objects to the extent that the request is not relevant to any party's claim or defense or proportional to the needs of the case other than the telephone numbers or contacts at issue in this case. Plaintiff objects to this

interrogatory as duplicative of Interrogatory 12. The Plaintiff objects to this interrogatory as an impermissible contention interrogatory requiring him to characterize and/or summarize evidence, particularly insofar as it seeks "all documents" which the Plaintiff "referenced, review, relied upon, or referred to" in these Interrogatories. It is also impermissibly compound. As such, it is practically impossible for the Plaintiff to form a coherent list outlining every possible document which might in any way support or reference any or statement in the Interrogatories. This Interrogatory is overly burdensome, vague, and ambiguous. A single Interrogatory is a disproportionate vehicle to demand that Plaintiff provide all documents with respect to each allegation in every other Interrogatory, which further renders it compound. Plaintiff also objects to this Interrogatory as premature. This case is in a nascent stage. The Plaintiff objects insofar as this request seeks attorney-client communications, as well as expert, trial preparation material, and other similar such material. The Plaintiff objects insofar as this request asks him, as a non-attorney, to make legal conclusions and to evaluate evidence and documents for whether it bears on the answers to the Interrogatories. Lastly, this request also plainly seeks attorney work product mental impressions, i.e., documents to which counsel referred to in creating the Interrogatory responses. Hence, the response it seeks is outside the scope of discovery. Plaintiff objects to this request in that it requires the disclosure of attorney-client communications. Notwithstanding the foregoing, Plaintiff refers Defendant to his Rule 26(a)(1) Initial Disclosures and documents he has already agreed to produce.

14.    Describe in detail how, if at all, the Subject Phone Number was registered on the National "Do Not Call" Registry, including but not limited when it was registered, how, and by whom.

**ANSWER:** Plaintiff objects to the extent that the request is not relevant to any party's claim or defense or proportional to the needs of the case other than the telephone numbers or contacts at issue in this case. The Plaintiff objects to this interrogatory as impermissibly compound. The Plaintiff objects insofar as this request seeks disclosure of the contents of attorney-client communications, common interest privilege, communications with experts, and/or trial preparation materials. The Plaintiff objects to this request as legally irrelevant as to who placed Plaintiff's telephone number on the National Do Not Call Registry. Plaintiff further objects in that the "how" of how a telephone number is registered on the Do Not Call Registry is vague and confusing, particularly insofar as it seeks to have the Plaintiff explain a uniform sign up process. Notwithstanding the foregoing, Plaintiff confirms that he listed the phone number identified in the Complaint on the National Do Not Call Registry on February 23, 2021.

15.    Identify every telephone number (including but not limited to any landline, cellular, facsimile, or VoIP numbers) owned or used by You (regardless of alleged use) or for which You are/were the subscriber or account holder, from 2020 to the present.

**ANSWER:** Plaintiff objects to the extent that the request is not relevant to any party's claim or defense or proportional to the needs of the case other than the telephone numbers or contacts at issue in this case, which concerns a limited set of unsolicited telemarketing calls placed to a specific residential telephone number within a defined time period. Plaintiff objects to this request insofar as it seeks disclosure of the contents of attorney–client communications, common interest privilege, communications with experts, and/or trial preparation materials. Plaintiff objects to this interrogatory as impermissibly compound, overly broad, unduly burdensome, and harassing in seeking all numbers so much as "owned" or "used" over a multi-year period (from 2020 to the present/July 1, 2020), which far exceeds the scope of permissible discovery, the TCPA's statute of limitations and invades substantial privacy and data security interests in this consumer privacy action. The Plaintiff objects to this request in that it is being propounded to harass the Plaintiff, particularly as the Plaintiff's other phone numbers sought (if any) are irrelevant to the calls the Plaintiff received. The request seeks information irrelevant to the claims or defenses, given that only the telephone number that received the alleged calls is relevant. The Plaintiff further objects in that this interrogatory, as written, would cover any circumstance in which the Plaintiff has ever used a phone, including someone else's, which was so much as "utilized" within an almost five-year period. Furthermore, the Plaintiff objects to this request in that it violates the Plaintiff's privacy interests. Plaintiff objects that this interrogatory intimates that the use of multiple telephone numbers is inappropriate, unlawful, untoward, nefarious, or otherwise improper. Notwithstanding the foregoing, the Plaintiff will identify the full telephone number at issue in this case with a confidential designation upon appropriate entry of a protective order in this case.

16.    For every phone number identified in response to Interrogatory No. 15 above, identify the telephone service provider or carrier for each number.

**ANSWER:** Plaintiff objects to the extent that the request is not relevant to any party's claim or defense or proportional to the needs of the case other than the telephone numbers or contacts at issue in this case, which concerns a limited set of

unsolicited telemarketing calls placed to a specific residential telephone number within a defined time period. Plaintiff objects to interrogatory as duplicative of Interrogatory 15. Plaintiff objects to this request insofar as it seeks disclosure of the contents of attorney–client communications, common interest privilege, communications with experts, and/or trial preparation materials. Plaintiff objects to this interrogatory as impermissibly compound, overly broad, unduly burdensome, and harassing in seeking, and incorporating by reference, the carrier for all numbers so much as "owned" or "used" over a multi-year period (from 2020 to the present/July 1, 2020), which far exceeds the scope of permissible discovery, the TCPA's statute of limitations and invades substantial privacy and data security interests in this consumer privacy action. The Plaintiff objects to this request in that it is being propounded to harass the Plaintiff, particularly as the carriers for Plaintiff's other phone numbers sought (if any) are irrelevant to the calls the Plaintiff received. The request seeks information irrelevant to the claims or defenses, given that only the carrier for the telephone number that received the alleged calls is relevant. The Plaintiff further objects in that this interrogatory, as written, and by implication, would cover seeking the carrier for any circumstance in which the Plaintiff has ever used a phone, including someone else's, which was so much as "utilized" within an almost five-year period. Furthermore, the Plaintiff objects to this request in that it violates the Plaintiff's privacy interests. Plaintiff objects that this interrogatory intimates that the use of multiple telephone numbers is inappropriate, unlawful, untoward, nefarious, or otherwise improper. Notwithstanding the foregoing, the carrier for the number at the time of the alleged calls was Google Fi. The Plaintiff subsequently transferred the number to T-Mobile.

17.    Describe in detail how the Subject Phone Number was used on or between March 1, 2024 and May 31, 2025 by any Person, including (for example) describing whether the Subject Phone Number was ever used for "business" purposes (e.g., to make or receive a call or text relating to any goods or services sold by You or Your employer, to any business owned or operated by You or someone in Your Household, or to Your employment where You used it for work related purposes) within this time period.

**ANSWER:** Plaintiff objects to the extent that the request is not relevant to any party's claim or defense or proportional to the needs of the case other than the telephone numbers or contacts at issue in this case. Plaintiff objects to this request on the grounds that it seeks information that is not relevant to any party's claim or defense or proportional to the needs of the case other than the telephone numbers or contacts at issue in this case, which concern a limited set of unsolicited telemarketing calls placed to a specific residential telephone number within a defined time period.

27

The Plaintiff objects to this interrogatory as impermissibly compound. Plaintiff objects to this interrogatory as impermissibly compound, overly broad, unduly burdensome, and plainly disproportional, spanning a 15-month period and encompassing the activity of non-parties, thus infringing on substantial privacy interests. The Plaintiff objects to this interrogatory as an impermissible contention interrogatory requiring him to characterize and/or summarize evidence. The Plaintiff objects insofar as this request seeks attorney-client communications. The employment, purchasing, and usage history of Plaintiff and his household members lacks any nexus to the phone number or alleged calls at issue, and the request further seeks disclosure of the contents of attorney-client communications, common interest privilege, communications with experts, and/or trial preparation materials. Plaintiff objects insofar as this request asks him, as a non-attorney, to make legal conclusions to evaluate the facts which support the fact that the calls were made to a "subscriber and/or regular user," or to a "business" or "residential" number as those terms are defined in applicable TCPA case law. The Plaintiff objects to this request in that it is being propounded to harass the Plaintiff. Furthermore, the Plaintiff objects to this request in that it violates the Plaintiff's privacy interests. The information sought is inherently private and implicates not only Plaintiff's personal privacy interests but may also encroach upon the privacy rights of third parties. The request appears designed not to elicit discoverable facts but rather to harass, intimidate, or chill Plaintiff's willingness to pursue his claims. Notwithstanding the foregoing, the Plaintiff is and was the only subscriber and user of his telephone number. The number is and was assigned to a residential, not a business or commercial, telephone service. Notwithstanding these objections, the Subject Phone Number is and was assigned to a residential, not a business or commercial, telephone service and is used for personal, residential, and household reasons. Plaintiff contends the number was not a business phone line and denies that the primary purpose of its use was to receive calls alleged to be violations of the law. The use of the phone during the relevant period involved receiving unwanted, nonconsensual, illegal telemarketing calls, which caused a legally cognizable harm, including disruption, invasion of privacy, and the use of the phone's storage space, network bandwidth, and power. Furthermore, the Plaintiff used the number to investigate illegal calls, including speaking with representatives (sometimes using the alias "Dara Pinn" or "Joe Arnold") to track the source of the calls and, in some cases, providing notice to cease contact or sending correspondence to the Defendant prior to litigation. The sources contain no responsive information identifying any business usage as described in the interrogatory, or any usage that constitutes business usage, by the Plaintiff or anyone else in the household during the specified time period.

18.    Identify all Documents in Your possession, custody or control or of which You are aware evidencing, relating to, or reflecting any of the factual assertions made in response to any of the preceding Interrogatories.

**ANSWER:** Plaintiff objects to the extent that the request is not relevant to any party's claim or defense or proportional to the needs of the case other than the telephone numbers or contacts at issue in this case. Plaintiff objects to this interrogatory as impermissibly compound. Plaintiff objects to this interrogatory as duplicative of Interrogatories 12 and 13. Plaintiff objects to this request on the grounds that it seeks documents other than the telephone numbers or contacts at issue in this case and includes information not relevant to any party's claim or defense or proportional to the needs of the case. The Plaintiff objects to this interrogatory as an impermissible contention interrogatory requiring him to characterize and/or summarize evidence, particularly insofar as it seeks "all documents" in any manner "evidencing, relating to, or reflecting" any of the factual assertions made in response to any of the preceding Interrogatories. Plaintiff objects that this request is overly broad, unduly burdensome, and plainly disproportional to the needs of the case because it seeks "all Documents" evidencing every single factual assertion made in preceding interrogatory responses. This Interrogatory is overly burdensome, vague, and ambiguous. This request is objectionable because it renders itself impermissibly vague as it does not set forth a reasonably particularized category of documents to be produced. A single Interrogatory is a disproportionate vehicle to demand that Plaintiff provide all documents with respect to each response to the preceding Interrogatories. As such, it is practically impossible for the Plaintiff to form a coherent list outlining every possible document which might in any way relate to the responses to the Interrogatories. Plaintiff also objects to this Interrogatory as premature. This case is in a nascent stage. Plaintiff further objects that this request improperly seeks information protected by the attorney-client privilege, attorney work-product doctrine, common interest privilege, and/or material reflecting attorney mental impressions or trial strategy, particularly where it concerns documents prepared, reviewed, or relied upon in preparing answers to discovery. Lastly, this request also plainly seeks attorney work product mental impressions-i.e., the opinion of Plaintiff's counsel as to what documents would or would not support Plaintiff's responses. Hence, the response it seeks is outside the scope of discovery. Plaintiff objects to this request in that it requires the disclosure of attorney-client communications. Plaintiff further objects that this request compels the production of irrelevant, immaterial, and personal information that has no bearing on the claims or defenses in this matter. The request appears designed as a fishing expedition. Notwithstanding the foregoing, Plaintiff refers Defendant to his Rule 26(a)(1) Initial Disclosures and documents he has already agreed to produce.

19.    Identify all Documents supporting any of the factual allegations in the Complaint regarding Your claims against Viasat in the Action, to the extent not identified in response to the preceding Interrogatories.

**ANSWER:** Plaintiff objects to the extent that the request is not relevant to any party's claim or defense or proportional to the needs of the case other than the telephone numbers or contacts at issue in this case. The Plaintiff objects to this interrogatory as an impermissible contention interrogatory requiring him to characterize and/or summarize evidence, particularly insofar as it seeks "all documents" which "support" any of the factual allegations in the Complaint. Plaintiff objects that this request, seeking "all Documents" supporting "any" factual allegation, is overly broad, unduly burdensome, and is essentially a fishing expedition for documents potentially even tangentially related to the claims asserted, which involves irrelevant, immaterial, and personal information. As such, it is practically impossible for the Plaintiff to form a coherent list outlining every possible document which might in any way support any allegation in the Complaint. This Interrogatory is overly burdensome, vague, and ambiguous. A single Interrogatory is a disproportionate vehicle to demand that Plaintiff provide all documents with respect to each allegation in the Complaint. Plaintiff also objects to this Interrogatory as premature. This case is in a nascent stage. The Plaintiff objects insofar as this request seeks attorney-client communications, as well as expert, trial preparation material, and other similar such material. The Plaintiff objects insofar as this request asks him, as a non-attorney, to make legal conclusions and to evaluate evidence and documents for whether it bears on the allegations in the Complaint. Lastly, this request also plainly seeks attorney work product mental impressions-i.e., the opinion of Plaintiff's counsel as to what documents would or would not support Plaintiff's allegations. Hence, the response it seeks is outside the scope of discovery. The request further seeks information protected by the attorney-client privilege, work-product doctrine, common interest privilege, and/or material reflecting attorney mental impressions or trial strategy. Notwithstanding the foregoing, Plaintiff refers Defendant to his Rule 26(a)(1) Initial Disclosures and documents he has already agreed to produce.

20.    Identify all prior TCPA (or state equivalent) matters in which You were a named party, including providing the date filed, the date closed, the case caption information (e.g., the court, case number, parties, counsel, etc.) and the disposition (e.g., voluntarily dismissed without settlement, settled, dismissed by the court, etc.).

**ANSWER:** Plaintiff objects to the extent that the request is not relevant to any

party's claim or defense or proportional to the needs of the case other than the telephone numbers or contacts at issue in this case. Plaintiff objects to this request on the grounds that it seeks information that is not relevant to any party's claim or defense or proportional to the needs of the case, which concerns a limited set of unsolicited telemarketing calls placed to a specific residential telephone number within a defined time period. The Plaintiff objects to this interrogatory as impermissibly compound. The Plaintiff objects insofar as this interrogatory seeks information which is of public record, and therefore equally available to the Defendant as the Plaintiff. Furthermore, the Plaintiff objects as this interrogatory is overly broad as it purports to seek information about every lawsuit in which the Plaintiff has ever been involved in without any sort of time limitation and which exceeds the TCPA's four year statute of limitations. The Plaintiff objects to this request in that it requires the disclosure of attorney-client communications, attorney work product, and trial preparation materials, including confidential Rule 408 communications and other communications protected from disclosure by federal law or court order. The Plaintiff objects to this request in that it intimates that filing multiple lawsuits is inappropriate, unlawful, untoward, nefarious, or otherwise improper. Plaintiff objects to this request in that it intimates that filing multiple lawsuits or obtaining settlements for statutory damages is inappropriate, unlawful, untoward, nefarious, or otherwise improper. As multiple courts have held, one's prior litigation history is irrelevant to the case at hand, and as such, is neither relevant nor proportional to the needs of the case.

## **<u>VERIFICATION</u>**

Pursuant to the Federal Rules of Civil Procedure, the undersigned says that the foregoing Answers to Interrogatories are true and correct to the best of his knowledge and belief.

Dated: <u>Oct 21, 2025</u>

<u>*Asher Bronstin*</u>
Asher Bronstin (Oct 21, 2025 19:25:19 PDT)

Asher Bronstein

## RESPONSES TO REQUESTS FOR PRODUCTION
## AND INSPECTION TO PLAINTIFF

1.    All Documents that You referenced, referred to, or relied upon to prepare Your answers to Viasat's Interrogatories or RFAs above.

Response: Plaintiff objects to this request insofar as it seeks documents other than the telephone number or calls at issue in this case and includes information not relevant to any party's claim or defense, do not relate in any manner to Defendant, and as a result are not proportional to the needs of the case. Plaintiff objects to this request insofar as it seeks "all documents" so much as "referenced, referred to, or relied upon" to prepare answers to Interrogatories or Requests for Admission, and as such the request is overly broad and disproportional to the needs of the case, including by rendering it impermissibly vague as it does not put Plaintiff on notice of the exact documents which are being sought. Plaintiff objects that this request is overly broad, unduly burdensome, and plainly disproportional because it seeks "All Documents", potentially encompassing thousands of pages of records, and renders itself impermissibly vague as it does not set forth a reasonably particularized category of documents to be produced. The Plaintiff further objects in that the request can be read in such a way that it makes no attempt to tailor itself to specific discoverable information but is rather a fishing expedition for documents in any way even tangentially related to the interrogatory or admission responses, or statements made therein, which implicates significant personal privacy and confidentiality concerns, which includes irrelevant, disproportional information of a highly sensitive and personal nature, including, but not limited to, communications protected by various privileges, including attorney-client privilege. This request is objectionable because it is essentially a fishing expedition seeking irrelevant, immaterial, and personal information, including client correspondences. Plaintiff objects in that this request seeks information which is more available, or only so, to the Defendant, than the Plaintiff. The Plaintiff objects to this request to the extent it requires the disclosure of attorney-client communications. Plaintiff further objects that compelling disclosure of all documents relied upon or consulted in preparing discovery responses improperly inquires into attorney mental impressions, trial strategy, and is categorically protected by the attorney-client privilege, the attorney work-product doctrine, and/or common interest privilege. The Plaintiff objects to this request insofar as it purports to assert that the Plaintiff has such documents in his possession, care, custody, or control, and insofar as this request seeks information which never existed, or which were never stored in any medium from which data may be retrieved, accessed, read, or examined, or fixed in any tangible form. Plaintiff incorporates each of his objections to the Interrogatories and Requests for Admission

as if though fully set forth herein. Notwithstanding the foregoing, the Plaintiff has not referenced, relied upon, or referred to any non-privileged documents and communications in his answers to interrogatories or requests for admission other than those which he has already agreed to produce, including as further referenced herein.

2.    All Documents that You referenced or referred to in Your answers to Viasat's Interrogatories or RFAs above.

Response: Plaintiff objects to this request insofar as it seeks documents other than the telephone number or calls at issue in this case and includes information not relevant to any party's claim or defense, do not relate in any manner to Defendant, and as a result are not proportional to the needs of the case. Plaintiff objects to this request insofar as it seeks "all documents" so much as "referenced or referred to" in answers to Interrogatories or Requests for Admission, and as such the request is overly broad and disproportional to the needs of the case, including by rendering it impermissibly vague as it does not put Plaintiff on notice of the exact documents which are being sought. Plaintiff objects that requests for documents supporting or used to prepare discovery responses, including interrogatory answers, are overly broad, disproportional, and impermissibly vague, as they often function as a fishing expedition. Plaintiff objects that this demand does not set forth a reasonably particularized category of documents to be produced. The Plaintiff further objects in that the request can be read in such a way that it makes no attempt to tailor itself to specific discoverable information but is rather a fishing expedition for documents in any way even tangentially related to the interrogatory or admission responses, or statements made therein, which implicates significant personal privacy and confidentiality concerns, which includes irrelevant, disproportional information of a highly sensitive and personal nature, including, but not limited to, communications protected by various privileges, including attorney-client privilege. Plaintiff further objects that this request improperly seeks disclosure of documents protected by attorney-client privilege, attorney work-product doctrine, or common interest privilege. Plaintiff objects that compelling disclosure of all documents relied upon or consulted in preparing discovery responses improperly inquires into attorney mental impressions and trial strategy. Plaintiff objects in that this request seeks information which is more available, or only so, to the Defendant, than the Plaintiff. The Plaintiff objects to this request to the extent it requires the disclosure of attorney-client communications. The Plaintiff objects to this request insofar as it purports to assert that the Plaintiff has such documents in his possession, care, custody, or control, and insofar as this request seeks information which never existed, or which were never stored in any medium from which data may be retrieved, accessed, read,

or examined, or fixed in any tangible form. Plaintiff incorporates each of his objections to the Interrogatories and Requests for Admission as if though fully set forth herein. Notwithstanding the foregoing, the Plaintiff has not referenced or referred to any non-privileged documents and communications in his answers to interrogatories or requests for admission other than those which he has already agreed to produce, including as further referenced herein. Beyond these documents, there are no other documents other than those which the Plaintiff has already agreed to produce.

3.    All Documents reflecting when and how You obtained or became the subscriber or regular user of the Subject Phone Number, or identifying any other or prior subscribers or users for the Subject Phone Number.

Response: Plaintiff objects to this request insofar as it seeks documents other than the telephone number or calls at issue in this case and includes information not relevant to any party's claim or defense, do not relate in any manner to Defendant, and as a result are not proportional to the needs of the case. Plaintiff objects to this request insofar as it seeks "all documents" in any manner "reflecting when and how" the Plaintiff obtained or became the subscriber or user of the subject telephone number, and as such the request is overly broad and disproportional to the needs of the case, including by rendering it impermissibly vague as it does not put Plaintiff on notice of the exact documents which are being sought. Moreover, the request is nonsensical as written, seeking information as to how every "prior subscriber" or "user" of the number obtained it. This would require the Plaintiff to conduct a massive and practically impossible search for information that never existed or is solely in the possession of the telephone carrier. Moreover, the Plaintiff objects to the wholesale production of the Plaintiff's telephone records and account information as violative of the Plaintiff's substantial privacy interests in this lawsuit, which concerns breaches of consumer privacy statutes. The Plaintiff objects insofar as this request seeks attorney-client communications, common interest privilege, communications with experts, and/or trial preparation materials. Plaintiff objects to this request insofar as it purports to assert that Plaintiff has or had such documents in his possession, care, custody, or control, and insofar as this request seeks information which never existed, or which was never stored in any medium from which data may be retrieved, accessed, read, or examined, or fixed in any way in any tangible form. Notwithstanding the foregoing, and designating the same as confidential, the Plaintiff will produce redacted copies of billing statements sufficient to show his ownership of the number at issue on which he received the calls, as well as any applicable contracts and terms of service, within a reasonable time not to exceed thirty days, as contemplated by FED. R. CIV. P. 34(b)(2)(B).

4.    Complete billing records for any telephone or other device associated with the Subject Phone Number covering the period of March 1, 2024 to May 31, 2025 inclusive. Such records should include, but not be limited to, details of Calls or text messages made, sent, or received (e.g., dates, times, phone numbers used, content of any text messages, etc.) and/or subscriber or account holder information.

Response: Plaintiff objects to this request insofar as it seeks documents other than the telephone number or calls at issue in this case and includes information not relevant to any party's claim or defense, do not relate in any manner to Defendant, and as a result are not proportional to the needs of the case. Moreover, the Plaintiff objects to the wholesale production of the Plaintiff's telephone records for an almost two-year period as violative of the Plaintiff's substantial privacy interests in this lawsuit, which concerns breaches of consumer privacy statutes. The Plaintiff objects insofar as this request seeks attorney-client communications, common interest privilege, communications with experts, and/or trial preparation materials. Plaintiff objects to this request insofar as it purports to assert that Plaintiff has or had such documents in his possession, care, custody, or control, and insofar as this request seeks information his never existed, or which was never stored in any medium from which data may be retrieved, accessed, read, or examined, or fixed in any way in any tangible form. Notwithstanding the foregoing, and designating the same as confidential, the Plaintiff will produce redacted copies of billing statements showing his ownership of the numbers at issue on which he received the calls, as well as any applicable contracts and terms of service, within a reasonable time not to exceed thirty days, as contemplated by FED. R. CIV. P. 34(b)(2)(B). The Plaintiff will also provide specific telephone records as to the calls at issue only within his possession, care, custody, and control, as well.

5.    All Documents reflecting or evidencing the total number of Calls of any kind that You contend were placed by or on behalf of Viasat to the Subject Phone Number at any time, to the extent not produced in response to the preceding RFPs.

Response: Plaintiff objects to this request insofar as it seeks documents other than the telephone number or calls at issue in this case and includes information not relevant to any party's claim or defense, do not relate in any manner to Defendant, and as a result are not proportional to the needs of the case. Plaintiff objects to this request insofar as it seeks "all documents" concerning the "total number of Calls," and as such the request is overly broad and disproportional to the needs of the case, including by rendering it impermissibly vague as it does not put Plaintiff on notice

of the exact documents which are being sought. Plaintiff objects in that this request seeks documents solely within the possession of the Defendant. The Plaintiff objects insofar as this request seeks attorney-client communications, common interest privilege, communications with experts, and/or trial preparation materials. Plaintiff objects to this request insofar as it purports to assert that Plaintiff has or had such documents in his possession, care, custody, or control, and insofar as this request seeks information which never existed, or which was never stored in any medium from which data may be retrieved, accessed, read, or examined, or fixed in any way in any tangible form. Plaintiff objects that this demand does not set forth a reasonably particularized category of documents to be produced. The Plaintiff further objects in that the request can be read in such a way that it makes no attempt to tailor itself to specific discoverable information but is rather a fishing expedition for documents in any way even tangentially related to any calls received by him on the number, which implicates significant personal privacy and confidentiality concerns, which includes irrelevant, disproportional information of a highly sensitive and personal nature, including, but not limited to, communications protected by various privileges, including attorney-client privilege.  Notwithstanding the foregoing, the Plaintiff will produce documents sufficient to reflect number of calls at issue within a reasonable time not to exceed thirty days, as contemplated by FED. R. CIV. P. 34(b)(2)(B). The Plaintiff will also produce call recordings, call logs, and correspondences regarding the calls. The Plaintiff will also provide specific telephone records as to the calls at issue only within his possession, care, custody, and control, as well. Plaintiff reserves the right to supplement his responses and objections thereto as he comes into possession of more responsive documents.

6.      All Documents evidencing Your receipt of Calls originating from the phone numbers referenced in paragraphs 26 through 36 of the Complaint on any number, to the extent not produced in response to the preceding RFPs.

Response: Plaintiff objects to this request insofar as it seeks documents other than the telephone number or calls at issue in this case and includes information not relevant to any party's claim or defense, do not relate in any manner to Defendant, and as a result are not proportional to the needs of the case. Plaintiff objects to this request insofar as it seeks "all documents" in any manner "evidencing" receipt of calls, and as such the request is overly broad and disproportional to the needs of the case, including by rendering it impermissibly vague as it does not put Plaintiff on notice of the exact documents which are being sought. Plaintiff objects that this demand does not set forth a reasonably particularized category of documents to be produced. The Plaintiff further objects in that the request can be read in such a way that it makes no attempt to tailor itself to specific discoverable information but is

rather a fishing expedition for documents in any way even tangentially related to the calls, which implicates significant personal privacy and confidentiality concerns, which includes irrelevant, disproportional information of a highly sensitive and personal nature, including, but not limited to, communications protected by various privileges, including attorney-client privilege. Plaintiff objects in that this request seeks information which is more available, or only so, to the Defendant, than the Plaintiff. The Plaintiff objects to this request insofar as it purports to assert that the Plaintiff has such documents in his possession, care, custody, or control, and insofar as this request seeks information which never existed, or which were never stored in any medium from which data may be retrieved, accessed, read, or examined, or fixed in any tangible form. Notwithstanding the foregoing, the Plaintiff is not currently in possession of any relevant responsive documents beyond those which he has already agreed to produce.

7.     All Documents identifying or reflecting the user, subscriber, or owner of the phone numbers referenced in paragraphs 27 and 31 of the Complaint.

Response: Plaintiff objects to this request insofar as it seeks documents other than the telephone number or calls at issue in this case and includes information not relevant to any party's claim or defense, do not relate in any manner to Defendant, and as a result are not proportional to the needs of the case. Plaintiff objects to this request insofar as it seeks "all documents" in any manner "identifying or reflecting" the user, subscriber, or owner of the phone numbers, and as such the request is overly broad and disproportional to the needs of the case, including by rendering it impermissibly vague as it does not put Plaintiff on notice of the exact documents which are being sought. Plaintiff objects that this demand does not set forth a reasonably particularized category of documents to be produced. Moreover, the Plaintiff objects insofar as this request calls for information as to the numbers from which he received calls. Plaintiff does not know who the owners of some of the subject telephone numbers he received calls from are, particularly insofar as some of such numbers were spoofed. Plaintiff objects that this request is overly broad, unduly burdensome, and plainly disproportional, as it seeks to identify the owner, user, or subscriber of third-party numbers (the alleged calling parties). Documents reflecting ownership of these numbers are solely in the possession of the telephone carrier or the Defendant, making this information more available, or only so, to the Defendant, than the Plaintiff. The Plaintiff objects insofar as this request seeks attorney-client communications, common interest privilege, communications with experts, and/or trial preparation materials. Plaintiff objects to this request insofar as it purports to assert that Plaintiff has or had such documents in his possession, care, custody, or control, and insofar as this request seeks information which never

existed, or which was never stored in any medium from which data may be retrieved, accessed, read, or examined, or fixed in any way in any tangible form. Notwithstanding the foregoing, the Plaintiff will produce responsive documents within a reasonable time not to exceed thirty days, as contemplated by FED. R. CIV. P. 34(b)(2)(B).

8.    All Documents reflecting that the phone numbers referenced in paragraphs 27 and 31 of the Complaint are "spoofed" as alleged.

Response: Plaintiff objects to this request insofar as it seeks documents other than the telephone number or calls at issue in this case and includes information not relevant to any party's claim or defense, do not relate in any manner to Defendant, and as a result are not proportional to the needs of the case. Plaintiff objects to this request insofar as it seeks "all documents" in any manner "reflecting that the phone numbers" are "spoofed," and as such the request is overly broad and disproportional to the needs of the case, including by rendering it impermissibly vague as it does not put Plaintiff on notice of the exact documents which are being sought. Plaintiff objects to this request as harassing and argumentative. Plaintiff objects that this demand does not set forth a reasonably particularized category of documents to be produced. The Plaintiff objects insofar as this request seeks attorney-client communications, common interest privilege, communications with experts, and/or trial preparation materials. Plaintiff objects to this request in that it seeks information more available, or only so, to the Defendant. Plaintiff objects to this request as premature, as discovery is still in its early stages. Plaintiff objects to this request insofar as it purports to assert that Plaintiff has or had such documents in his possession, care, custody, or control, and insofar as this request seeks information which never existed, or which was never stored in any medium from which data may be retrieved, accessed, read, or examined, or fixed in any way in any tangible form. Notwithstanding the foregoing, the Plaintiff will produce responsive documents within a reasonable time not to exceed thirty days, as contemplated by FED. R. CIV. P. 34(b)(2)(B). Plaintiff reserves the right to supplement his responses and objections thereto as he comes into possession of more responsive documents.

9.    All Documents relating to the phone numbers referenced in paragraphs 27 and 31 of the Complaint, to the extent not produced in response to the preceding

RFP.

Response: Plaintiff objects to this request insofar as it seeks documents other than the telephone number or calls at issue in this case and includes information not relevant to any party's claim or defense, do not relate in any manner to Defendant, and as a result are not proportional to the needs of the case. The phones referenced in paragraphs 27 and 31 of the Complaint are (931) 413-8533 and (530) 235-8385, which allegedly were used to call the Plaintiff. Plaintiff objects that this request is overly broad and disproportional because it seeks "All Documents relating to" these numbers. This definition is unclear, vague, and lacks a limiting or guiding principle. Plaintiff objects to this request insofar as it seeks "all documents" in any manner "relating to" the phone numbers, and as such the request is overly broad and disproportional to the needs of the case, including by rendering it impermissibly vague as it does not put Plaintiff on notice of the exact documents which are being sought. Plaintiff objects that this demand does not set forth a reasonably particularized category of documents to be produced. Plaintiff objects in that this request seeks information which is more available, or only so, to the Defendant, than the Plaintiff. The Plaintiff objects to this request to the extent it requires the disclosure of attorney-client communications. Plaintiff further objects that this request improperly seeks information protected by the attorney-client privilege, attorney work-product doctrine, common interest privilege, and/or trial preparation materials. Plaintiff objects to this request as premature, as discovery is still in its early stages and he has not yet received complete finalized traced subpoena responses for each of the numbers at issue. The Plaintiff objects to this request insofar as it purports to assert that the Plaintiff has such documents in his possession, care, custody, or control, and insofar as this request seeks information which never existed, or which was never stored in any medium from which data may be retrieved, accessed, read, or examined, or fixed in any tangible form. Notwithstanding the foregoing, the Plaintiff will produce responsive documents, which consists of subpoena responses thus far, within a reasonable time not to exceed thirty days, as contemplated by FED. R. CIV. P. 34(b)(2)(B). Plaintiff reserves the right to supplement his responses and objections thereto as he comes into possession of more responsive documents.

10.     Screenshots from any device that You own, regularly use, or have access to reflecting any Calls or text messages that You contend were placed or sent by or on behalf of Viasat at any time, to the extent not produced in response to the preceding RFPs.

Response: Plaintiff objects to this request insofar as it seeks documents other than

the telephone number or calls at issue in this case and includes information not relevant to any party's claim or defense, do not relate in any manner to Defendant, and as a result are not proportional to the needs of the case. Plaintiff objects to this request insofar as it seeks screenshots from "any device" that the Plaintiff owns, regularly uses, or has access to, and as such the request is overly broad and disproportional to the needs of the case, including by rendering it impermissibly vague as it does not put Plaintiff on notice of the exact documents which are being sought. Plaintiff objects that this demand does not set forth a reasonably particularized category of documents to be produced. The Plaintiff further objects in that the request can be read in such a way that it makes no attempt to tailor itself to specific discoverable information but is rather a fishing expedition for screenshots in any way even tangentially related to the calls or text messages, which implicates significant personal privacy and confidentiality concerns, which includes irrelevant, disproportional information of a highly sensitive and personal nature, including, but not limited to, communications protected by various privileges, including attorney-client privilege. Plaintiff objects in that this request seeks information which is more available, or only so, to the Defendant, than the Plaintiff. The Plaintiff objects to this request to the extent it requires the disclosure of attorney-client communications. The Plaintiff objects to this request insofar as it purports to assert that the Plaintiff has such documents in his possession, care, custody, or control, and insofar as this request seeks information which never existed, or which were never stored in any medium from which data may be retrieved, accessed, read, or examined, or fixed in any tangible form. Notwithstanding the foregoing, the Plaintiff is not currently in possession of any relevant responsive documents beyond those which he has already agreed to produce or has produced, including in the Amended Complaint.

11.    All audio or other electronic recordings (e.g., video recordings) for any Calls received on any device associated with the Subject Phone Number that You contend were placed by or on behalf of Viasat at any time.

Response: Plaintiff objects to this request on the grounds that it seeks documents other than the telephone number or calls at issue in this case and includes information not relevant to any party's claim or defense or proportional to the needs of the case, which concerns a limited set of unsolicited telemarketing calls placed to a specific residential telephone number. Furthermore, the request is objectionable because the Defendant itself denies placing any calls, and as such it is impossible to put the Plaintiff on notice as to what documents are being sought. Plaintiff objects to this request insofar as it seeks "all audio or other electronic recordings" for any calls, and as such the request is overly broad and disproportional to the needs of the case, including by rendering it impermissibly vague as it does not put Plaintiff on notice

of the exact documents which are being sought. Plaintiff objects that this demand does not set forth a reasonably particularized category of documents to be produced. Plaintiff objects in that this request seeks information which is more available, or only so, to the Defendant, than the Plaintiff. The Plaintiff objects to this request to the extent it requires the disclosure of attorney-client communications. The Plaintiff objects to this request insofar as it purports to assert that the Plaintiff has such documents in his possession, care, custody, or control, and insofar as this request seeks information which never existed, or which were never stored in any medium from which data may be retrieved, accessed, read, or examined, or fixed in any tangible form. Notwithstanding the foregoing, the Plaintiff will produce responsive documents within a reasonable time not to exceed thirty days, as contemplated by FED. R. CIV. P. 34(b)(2)(B).

12.    All audio or other electronic recordings for any Calls received on any other device that You own, regularly use, or have access to that You contend were placed by or on behalf of Viasat at any time, to the extent not produced in response to the preceding RFP.

Response: Plaintiff objects to this request on the grounds that it seeks documents other than the telephone number or calls at issue in this case and includes information not relevant to any party's claim or defense or proportional to the needs of the case, which concerns a limited set of unsolicited telemarketing calls placed to a specific residential telephone number. Plaintiff objects to this request as duplicative of RFP 11. Furthermore, the request is objectionable because the Defendant itself denies placing any calls, and as such it is impossible to put the Plaintiff on notice as to what documents are being sought. Plaintiff objects to this request insofar as it seeks "all audio or other electronic recordings" for any calls, and as such the request is overly broad and disproportional to the needs of the case, including by rendering it impermissibly vague as it does not put Plaintiff on notice of the exact documents which are being sought, particularly as it somehow broadens the scope of RFP 11 without a limiting or guiding principle for the Plaintiff to follow. Plaintiff objects that this demand does not set forth a reasonably particularized category of documents to be produced. Plaintiff objects in that this request seeks information which is more available, or only so, to the Defendant, than the Plaintiff. The Plaintiff objects to this request to the extent it requires the disclosure of attorney-client communications. The Plaintiff objects to this request insofar as it purports to assert that the Plaintiff has such documents in his possession, care, custody, or control, and insofar as this request seeks information

which never existed, or which were never stored in any medium from which data may be retrieved, accessed, read, or examined, or fixed in any tangible form. Notwithstanding the foregoing, there are no responsive documents beyond those which the Plaintiff has already agreed to produce.

13.    All Documents, communications, and other materials evidencing, reflecting, or relating to the any of the Calls discussed in Your Complaint, to the extent not produced in response to the preceding RFPs.

Response: Plaintiff objects to this request insofar as it seeks documents other than the telephone number or calls at issue in this case and includes information not relevant to any party's claim or defense, do not relate in any manner to Defendant, and as a result are not proportional to the needs of the case. Plaintiff objects that this request is overly broad and disproportional because it seeks "All Documents, communications, and other materials" evidencing calls "discussed in" the Complaint. This scope is rendered impermissibly vague as it does not set forth a reasonably particularized category of documents to be produced. Plaintiff further objects that many such documents are more available, or only so, to the Defendant as the initiator of the calls. Indeed, as the Plaintiff noted in his initial disclosures, some of the documents and categories of documents the Plaintiff requires are within the sole possession, care, custody, and control of the Defendant. The Plaintiff further objects in that the request can be read in such a way that it makes no attempt to tailor itself to specific discoverable information but is rather a fishing expedition for documents in any way even tangentially related to the calls, which implicates significant personal privacy and confidentiality concerns, which includes irrelevant, disproportional information of a highly sensitive and personal nature, including, but not limited to, communications protected by various privileges, including attorney-client privilege. Plaintiff objects insofar as this request improperly demands documents protected by the attorney-client privilege, attorney work-product doctrine, common interest privilege, and/or material reflecting attorney mental impressions or trial strategy. Plaintiff objects in that this request seeks information which is more available, or only so, to the Defendant, than the Plaintiff. The Plaintiff objects to this request to the extent it requires the disclosure of attorney-client communications. The Plaintiff objects to this request insofar as it purports to assert that the Plaintiff has such documents in his possession, care, custody, or control, and insofar as this request seeks information which never existed, or which were never stored in any medium from which data may be retrieved, accessed, read, or examined, or fixed in any tangible form.

14.    All Documents, communications, and other materials evidencing,

reflecting, or relating to the any Calls not alleged in the Complaint that You contend are at issue or violated the TCPA in this Action, to the extent not produced in response to the preceding RFPs.

Plaintiff objects to this request insofar as it seeks documents other than the telephone number or calls at issue in this case and includes information not relevant to any party's claim or defense, do not relate in any manner to Defendant, and as a result are not proportional to the needs of the case. Plaintiff objects that this request is overly broad and disproportional because it seeks "All Documents, communications, and other materials" evidencing calls "not alleged in" the Complaint, but seemingly still "contend are at issue or violated the TCPA." This scope is rendered impermissibly vague as it does not set forth a reasonably particularized category of documents to be produced. Plaintiff further objects that many such documents are more available, or only so, to the Defendant as the initiator of the calls. Indeed, as the Plaintiff noted in his initial disclosures, some of the documents and categories of documents the Plaintiff requires are within the sole possession, care, custody, and control of the Defendant. The Plaintiff further objects in that the request can be read in such a way that it makes no attempt to tailor itself to specific discoverable information but is rather a fishing expedition for documents in any way even tangentially related to the calls, which implicates significant personal privacy and confidentiality concerns, which includes irrelevant, disproportional information of a highly sensitive and personal nature, including, but not limited to, communications protected by various privileges, including attorney-client privilege. Plaintiff objects insofar as this request improperly demands documents protected by the attorney-client privilege, attorney work-product doctrine, common interest privilege, and/or material reflecting attorney mental impressions or trial strategy. Plaintiff objects in that this request seeks information which is more available, or only so, to the Defendant, than the Plaintiff. The Plaintiff objects to this request to the extent it requires the disclosure of attorney-client communications. The Plaintiff objects to this request insofar as it purports to assert that the Plaintiff has such documents in his possession, care, custody, or control, and insofar as this request seeks information which never existed, or which were never stored in any medium from which data may be retrieved, accessed, read, or examined, or fixed in any tangible form.

15.    All Documents and other materials relating to or reflecting any communications by You with Viasat or that You received from or on behalf of Viasat, to the extent not produced in response to the preceding RFPs.

Response: Plaintiff objects to this request insofar as it seeks documents other than the telephone number or calls at issue in this case and includes information not

relevant to any party's claim or defense, do not relate in any manner to Defendant, and as a result are not proportional to the needs of the case. Plaintiff objects that this request is duplicative of other Requests for Production which already seek documents reflecting communications with Viasat. Plaintiff objects to this request insofar as it seeks "all documents and other materials" relating to or reflecting any communications by him with Viasat or that he received from or on behalf of Viasat, and as such the request is overly broad and disproportional to the needs of the case, including by rendering it impermissibly vague as it does not put Plaintiff on notice of the exact documents which are being sought. This is also insufficiently specific to place the Plaintiff on notice as to what documents exactly the Defendant is seeking. The Plaintiff further objects in that the request can be read in such a way that it makes no attempt to tailor itself to specific discoverable information but is rather a fishing expedition for documents in any way even tangentially related to the claims asserted in this case or statements made therein. Moreover, as this is an action alleging violation of consumer privacy statutes, this discovery is disproportionate and substantially impacts Plaintiff's privacy rights. It is also harassing on the same basis. The Plaintiff objects insofar as this request seeks attorney-client communications, common interest privilege, communications with experts, and/or trial preparation materials. Plaintiff objects to this request insofar as it purports to assert that Plaintiff has or had such documents in his possession, care, custody, or control, and insofar as this request seeks information which never existed, or which was never stored in any medium from which data may be retrieved, accessed, read, or examined, or fixed in any way in any tangible form. Plaintiff objects in that this request seeks information which is more available, or only so, to the Defendant, than the Plaintiff. Notwithstanding the foregoing, the Plaintiff will produce responsive materials not already produced, within a reasonable time not to exceed thirty days, as contemplated by FED. R. CIV. P. 34(b)(2)(B). Plaintiff reserves the right to supplement his responses and objections thereto as he comes into possession of more responsive documents.

16.    All Documents reflecting or relating to any websites relating to any internet services provided by any company that were visited on or between March 1, 2024 through April 19, 2024 by You or Your spouse or someone living in Your Household, including but not limited to a complete listing of all websites or URLs visited or accessed.

Response: Plaintiff objects to this request insofar as it seeks documents other than the telephone number or calls at issue in this case and includes information not relevant to any party's claim or defense, do not relate in any manner to Defendant, and as a result are not proportional to the needs of the case. Plaintiff objects to this

request insofar as it seeks "all documents" concerning the incredibly vague and confusing "internet services" and "websites" visited, and as such the request is overly broad and disproportional to the needs of the case, including by rendering it impermissibly vague as it does not put Plaintiff on notice of the exact documents which are being sought. This is also insufficiently specific to place the Plaintiff on notice as to what documents exactly the Defendant is seeking, and substantially invades his privacy interests. The Plaintiff objects further in that the request can be read in such a way that it makes no attempt to tailor itself to specific discoverable information but is rather a fishing expedition for documents in any way even tangentially related to Plaintiff's internet activity. Moreover, the Plaintiff objects to this request as seeking private online activity of non-parties, such as his spouse or someone living in his household, and constituting an unjustified invasion of personal privacy. Plaintiff objects to this request seeking website visit information as implicating significant personal privacy and confidentiality concerns. Moreover, as this is an action alleging violation of consumer privacy statutes, this discovery is disproportionate and substantially impacts Plaintiff's privacy rights. It is also harassing on the same basis. The request unduly seeks confidential or privileged information, including attorney-client communications, common interest privilege, or trial preparation materials. Furthermore, production of the aforementioned browsing history is an extraordinary remedy and a "drastic" discovery measure because of its highly intrusive nature. The Plaintiff further objects to this request as any information regarding the data sought is available through a less intrusive means of discovery. The Plaintiff objects insofar as this request seeks information and devices containing attorney-client communications, common interest privilege, communications with experts, and/or trial preparation materials. Plaintiff objects to this request insofar as it purports to assert that Plaintiff has or had such documents in his possession, care, custody, or control. Plaintiff objects to this request insofar as it seeks information which never existed, or which was never stored in any medium from which data may be retrieved, accessed, read, or examined, or fixed in any way in any tangible form. Plaintiff objects to this request in that it assumes facts not in evidence and improperly seeks information related to consent, particularly insofar as no evidence of consent has thus far been produced. Furthermore, the Plaintiff objects to this request in that it violates the Plaintiff's privacy interests. The Plaintiff objects to this request in that any information obtained therefrom may be used to attempt to manufacture consent evidence.

17.    All Documents reflecting or relating to any websites relating to the TCPA, state equivalent statutes, or telemarketing visited on or between March 1, 2024 through April 19, 2024 by You or Your spouse or someone living in Your Household, including but not limited to a complete listing of all websites or URLs

visited or accessed, to the extent not produced in response to the preceding RFP.

Response: Plaintiff objects to this request insofar as it seeks documents other than the telephone number or calls at issue in this case and includes information not relevant to any party's claim or defense, do not relate in any manner to Defendant, and as a result are not proportional to the needs of the case. Plaintiff objects to this request insofar as it seeks "all documents" concerning websites visited in any manner so much as "relating to the TCPA," or the even more vague "state equivalent statutes," or "telemarketing," and as such the request is overly broad and disproportional to the needs of the case, including by rendering it impermissibly vague as it does not put Plaintiff on notice of the exact documents which are being sought. This is also insufficiently specific to place the Plaintiff on notice as to what documents exactly the Defendant is seeking, and substantially invades his privacy interests. The Plaintiff objects further in that the request can be read in such a way that it makes no attempt to tailor itself to specific discoverable information but is rather a fishing expedition for documents in any way even tangentially related to the claims asserted in this case or statements made therein. As such, any production sought, even if limited in scope, unlike here, is clearly not proportional to the needs of the case. Moreover, the Plaintiff objects to this request as seeking private online activity of non-parties, such as his spouse or someone living in his household, and constituting an unjustified invasion of personal privacy. Plaintiff objects to this request seeking website visit information as implicating significant personal privacy and confidentiality concerns. Moreover, as this is an action alleging violation of consumer privacy statutes, this discovery is disproportionate and substantially impacts Plaintiff's privacy rights. It is also harassing on the same basis. Furthermore, production of the aforementioned browsing history is an extraordinary remedy and a "drastic" discovery measure because of its highly intrusive nature. The Plaintiff further objects to this request as any information regarding the data sought is available through a less intrusive means of discovery. The Plaintiff objects insofar as this request seeks information and devices containing attorney-client communications, common interest privilege, communications with experts, and/or trial preparation materials. Plaintiff objects to this request insofar as it purports to assert that Plaintiff has or had such documents in his possession, care, custody, or control. Plaintiff objects to this request insofar as it seeks information which never existed, or which was never stored in any medium from which data may be retrieved, accessed, read, or examined, or fixed in any way in any tangible form. Plaintiff objects to this request in that it assumes facts not in evidence and improperly seeks information related to consent, to the extent it is relevant at all. Furthermore, the Plaintiff objects to this request in that it violates the Plaintiff's privacy interests. The Plaintiff objects to this request in that any information obtained therefrom may be

used to attempt to manufacture consent evidence. The request unduly seeks confidential or privileged information, including attorney-client communications, common interest privilege, or trial preparation materials. Plaintiff objects in that this request seeks information which is more available, or only so, to the Defendant, than the Plaintiff.

18.    All Documents reflecting or relating to internet usage by any Person using any internet-accessible computing device (e.g., laptop, PC, or tablet) or using any smartphone in Your Household on or between March 1, 2024 through May 31, 2025, including but not limited to a complete listing of all websites or URLs visited or accessed, to the extent not produced in response to the preceding RFPs.

Response: Plaintiff objects to this request insofar as it seeks documents other than the telephone number or calls at issue in this case and includes information not relevant to any party's claim or defense, do not relate in any manner to Defendant, and as a result are not proportional to the needs of the case. Plaintiff objects to this request insofar as it seeks "all documents" that in any manner "reflect or relate to" internet usage by any person in the Plaintiff's household. As such, the request is overly broad and disproportional to the needs of the case, including by rendering it impermissibly vague as it does not put Plaintiff on notice of the exact documents which are being sought. The Plaintiff further objects in that the request makes no attempt to tailor itself to specific discoverable information but is rather a fishing expedition that implicates significant personal privacy and confidentiality concerns in that it purports to want a complete copy of internet usage history for an over two-year period, which includes irrelevant, disproportional information of a highly sensitive and personal nature, including, but not limited to, communications protected by various privileges, including attorney-client and spousal communications privileges, or otherwise implicates the privacy interests of third parties and is protected by law from disclosure. Moreover, the Plaintiff objects to this request as seeking private online activity of non-parties, such as his spouse or someone living in his household, and constituting an unjustified invasion of personal privacy. Moreover, as this is an action alleging violation of consumer privacy statutes, this discovery is disproportionate and substantially impacts Plaintiff's privacy rights. It is also harassing on the same basis. Plaintiff objects to this request seeking website visit information as implicating significant personal privacy and confidentiality concerns. As such, production of the aforementioned browsing history is an extraordinary remedy and a "drastic" discovery measure because of its highly intrusive nature. The Plaintiff further objects to this request as any information regarding the data sought is available through a less intrusive means of discovery, particularly as there has been no allegation rising to any level that the

Plaintiff is withholding discoverable information. Moreover, as this is an action alleging violation of consumer privacy statutes, this discovery is disproportionate and substantially impacts Plaintiff's privacy rights. It is also harassing on the same basis. The Plaintiff objects as production or identification of any of these materials is overly broad and constitutes an undue burden when compared to any relevance they have on this matter, as it is not sufficiently specific to place the Plaintiff on notice of exactly what documents Defendant is seeking, and substantially invades his privacy interests. The Plaintiff objects to this request insofar as it purports to assert that the Plaintiff has such documents in his possession, care, custody, or control, and insofar as this request seeks information which never existed, or which were never stored in any medium from which data may be retrieved, accessed, read, or examined, or fixed in any tangible form. As such, any production sought, even if limited in scope, unlike here, is clearly not proportional to the needs of the case.

19.    All Documents reflecting or relating to all internet usage on or between March 1, 2024 through May 31, 2025 by You or Your spouse or someone living in Your Household, regardless of location or subject matter, including but not limited to a complete listing of all websites or URLs visited or accessed, to the extent not produced in response to the preceding RFPs.

Response: Plaintiff objects to this request insofar as it seeks documents other than the telephone number or calls at issue in this case and includes information not relevant to any party's claim or defense, do not relate in any manner to Defendant, and as a result are not proportional to the needs of the case. Plaintiff objects to this request insofar as it seeks "all documents" that in any manner "reflect or relate to" all internet usage by the Plaintiff or non-parties "regardless of location or subject matter." As such, the request is overly broad and disproportional to the needs of the case, including by rendering it impermissibly vague as it does not put Plaintiff on notice of the exact documents which are being sought. This is also insufficiently specific to place the Plaintiff on notice as to what documents exactly the Defendant is seeking, and substantially invades his privacy interests. The Plaintiff further objects in that the request makes no attempt to tailor itself to specific discoverable information but is rather a fishing expedition that implicates significant personal privacy and confidentiality concerns in that it purports to want a complete copy of all internet usage for an over two-year period, which includes irrelevant, disproportional information of a highly sensitive and personal nature, including, but not limited to, communications protected by various privileges, including attorney-client and spousal communications privileges, or otherwise implicates the privacy interests of third parties and is protected by law from disclosure. Moreover, the Plaintiff objects to this request as seeking private online activity of non-parties, such

as his spouse or someone living in his household, and constituting an unjustified invasion of personal privacy. Plaintiff objects to this request seeking website visit information as implicating significant personal privacy and confidentiality concerns. Moreover, as this is an action alleging violation of consumer privacy statutes, this discovery is disproportionate and substantially impacts Plaintiff's privacy rights. It is also harassing on the same basis. Furthermore, production of the aforementioned browsing history is an extraordinary remedy and a "drastic" discovery measure because of its highly intrusive nature. The Plaintiff further objects to this request as any information regarding the data sought is available through a less intrusive means of discovery, particularly as there has been no allegation rising to any level that the Plaintiff is withholding discoverable information. The Plaintiff objects insofar as this request seeks information and devices containing attorney-client communications, common interest privilege, communications with experts, and/or trial preparation materials. Plaintiff objects to this request insofar as it purports to assert that Plaintiff has or had such documents in his possession, care, custody, or control. Plaintiff objects to this request insofar as it seeks information which never existed, or which was never stored in any medium from which data may be retrieved, accessed, read, or examined, or fixed in any way in any tangible form. Plaintiff objects to this request in that it assumes facts not in evidence and improperly seeks information related to consent. Furthermore, the Plaintiff objects to this request in that it violates the Plaintiff's privacy interests. The Plaintiff objects to this request in that any information obtained therefrom may be used to attempt to manufacture consent evidence. The request unduly seeks confidential or privileged information, including attorney-client communications, common interest privilege, or trial preparation materials. As such, any production sought, even if limited in scope, unlike here, is clearly not proportional to the needs of the case.

20.    Documents sufficient to identify the phone number of any telecommunications device (*i.e.*, cell phone, smartphone, VoIP, or landlines) in Your Household, regardless of whether You are the user or subscriber or had ever been the user or subscriber, from March 1, 2024 to the present (other than the Subject Phone Number), to the extent not produced in response to the preceding RFPs.

Plaintiff objects to this request insofar as it seeks documents other than the telephone number or calls at issue in this case and includes information not relevant to any party's claim or defense, do not relate in any manner to Defendant, and as a result are not proportional to the needs of the case. Plaintiff objects to this request insofar as it seeks documents identifying "any telecommunications device" so much as used in the Plaintiff's household, and as such the request is overly broad and disproportional to the needs of the case, including by rendering it impermissibly

vague as it does not put Plaintiff on notice of the exact documents which are being sought. Plaintiff objects that this request is overly broad and unduly burdensome in seeking documents sufficient to identify the phone numbers of any telecommunications device in the Plaintiff's Household over an over one year period. This is a sweeping demand for the identities and records of non-parties, including family members and cohabitants, infringes upon substantial privacy interests, and is grossly disproportional to the needs of the case, which concerns unsolicited telemarketing calls made to a specific residential telephone number. The identity and usage history of household members' other phones have no bearing on the claims or defenses in this matter. The Plaintiff objects to this request in that it is being propounded to harass the Plaintiff, particularly as any numbers other than the one at issue are irrelevant to the calls the Plaintiff received. Furthermore, the Plaintiff objects to this request in that it violates the Plaintiff's privacy interests. The information sought is inherently private and implicates not only Plaintiff's personal privacy interests but may also encroach upon the privacy rights of third parties. The request appears designed not to elicit discoverable facts but rather to harass, intimidate, or chill Plaintiff's willingness to pursue his claims. Plaintiff objects that identifying numbers used by other household members risks exposing sensitive personal data of individuals not implicated in this litigation. The Plaintiff objects to this request in that it intimates that the use of multiple telephone numbers is inappropriate, unlawful, untoward, nefarious, or otherwise improper. Moreover, as this is an action alleging violation of consumer privacy statutes, this discovery is disproportionate and substantially impacts Plaintiff's privacy rights. The Plaintiff objects insofar as this request seeks attorney-client communications, common interest privilege, communications with experts, and/or trial preparation materials. Plaintiff objects to this request insofar as it purports to assert that Plaintiff has or had such documents in his possession, care, custody, or control, and insofar as this request seeks information which never existed, or which was never stored in any medium from which data may be retrieved, accessed, read, or examined, or fixed in any way in any tangible form.

21.    Documents sufficient to identify Your physical location for the entire day on April 19, 2024.

Response: Plaintiff objects to this request insofar as it seeks documents other than the telephone number or calls at issue in this case and includes information not relevant to any party's claim or defense, do not relate in any manner to Defendant, and as a result are not proportional to the needs of the case. Plaintiff objects to this request as it is plainly overly broad and unduly burdensome in that it seeks documents sufficient to identify his physical location for an entire day, which

constitutes an unjustified invasion of personal privacy. It is also impermissibly vague as it does not put Plaintiff on notice of the exact documents which are being sought. Plaintiff objects that this demand does not set forth a reasonably particularized category of documents to be produced. Plaintiff objects as production or identification of any of these materials is overly broad and constitutes an undue burden when compared to any relevance they have on this matter, as it is not sufficiently specific to place the Plaintiff on notice of exactly what documents Defendant is seeking, and substantially invades his privacy interests. The Plaintiff objects to this request in that it is being propounded to harass the Plaintiff. The information sought is inherently private and implicates not only Plaintiff's personal privacy interests but may also encroach upon the privacy rights of third parties. The request appears designed not to elicit discoverable facts but rather to harass, intimidate, or chill Plaintiff's willingness to pursue his claims. Moreover, as this is an action alleging violation of consumer privacy statutes, this discovery is disproportionate and substantially impacts Plaintiff's privacy rights. Plaintiff objects to this request as disclosure of his location raises significant privacy and confidentiality concerns, particularly as TCPA plaintiffs in other lawsuits have been harassed and threatened with bodily and physical harm, sexual assault, and had weapons pulled on them. The Plaintiff objects insofar as this request seeks attorney-client communications, common interest privilege, communications with experts, and/or trial preparation materials. Plaintiff objects to this request insofar as it purports to assert that the Plaintiff has such documents in his possession, care, custody, or control, and insofar as this request seeks information which never existed, or which were never stored in any medium from which data may be retrieved, accessed, read, or examined, or fixed in any tangible form.

22.    Documents sufficient to identify the IP address(es) of any internet-accessible electronic devices (including devices used to access the internet, such as the Wi-Fi router) in Your Household on March 1, 2024 through May 31, 2025.

Response: Plaintiff objects to this request insofar as it seeks documents other than the telephone number or calls at issue in this case and includes information not relevant to any party's claim or defense, do not relate in any manner to Defendant, and as a result are not proportional to the needs of the case. Plaintiff objects to this request insofar as it seeks "Documents sufficient to identify the IP address(es) of any internet-accessible electronic devices (including devices used to access the internet, such as the Wi-Fi router) in Your Household" and as such the request is overly broad and disproportional to the needs of the case, including by rendering it impermissibly

vague and confusing as it does not put Plaintiff on notice of the exact documents which are being sought and is unlimited in time and scope to all devices in the Plaintiff's household. Plaintiff objects to this request in that there has been no evidence that any consent evidence has been adduced which relies on an IP address. The Plaintiff thus objects to this request in that any information obtained therefrom may be used to attempt to manufacture consent evidence. It is also argumentative and harassing on the same basis. Moreover, the Plaintiff objects in that this request insinuates that it is the Plaintiff's burden to disprove that he visited a website, not the Defendant's burden to prove that the Plaintiff consented. The Plaintiff objects to this request in that it requires the disclosure of attorney–client materials, work-product materials, and related materials, such as trial preparation materials. Plaintiff objects insofar as this request seeks information and devices containing attorney-client communications, common interest privilege, communications with experts, and/or trial preparation materials. The Plaintiff objects to this request in that it is being propounded to harass the Plaintiff, particularly as the Defendant has not yet produced any evidence of consent or otherwise for why Plaintiff's IP addresses would be relevant. To date, Defendant has produced no evidence of consent, and certainly none relying on a web visit from a certain IP address. Plaintiff further objects that the request is technically unsound, including because it is not clear whether it seeks information as to public or private IP addresses and does not qualify whether it seeks static IP addresses, dynamic IP addresses, or both, particularly given the somewhat ethereal nature of dynamic IP addresses, and because "devices" do not have IP addresses; connections do. Any IP addresses the Plaintiff may have used are irrelevant to the specific alleged consent, which has not yet even been adduced. The Plaintiff objects in that this request implicates significant consumer personal and data security and privacy protection concerns, particularly as this is a lawsuit alleging receipt of unsolicited messages. Moreover, a response to this request may implicate the privacy and confidentiality concerns of the Plaintiff and/or other third parties which are not at issue in this litigation, and which indeed are paramount, given that this litigation involves the allegation of violations of consumer protection statutes, in addition to implicating privacy and data security interests. The Plaintiff also objects insofar as this request asserts that Plaintiff provided his consent, in any way, shape, or form, to receive calls or text messages. The Plaintiff objects in that this request seeks information which is more available, or only so, to the Defendant, than the Plaintiff. The Plaintiff objects to this request insofar as it purports to assert that the Plaintiff has such documents in his possession, care, custody, or control, and insofar as this request seeks information which never existed, or which were never stored in any medium from which data may be retrieved, accessed, read, or examined, or fixed in any way in any tangible form. Plaintiff further objects insofar as this request implicates the privacy and property interests of third parties and/or

which also seeks information which is protected by law from disclosure. Plaintiff further objects in that the request makes no attempt to tailor itself to specific discoverable information but is rather a fishing expedition that implicates significant personal privacy and confidentiality concerns. Moreover, as this is an action alleging violation of consumer privacy statutes, this discovery is disproportionate and substantially impacts Plaintiff's privacy rights.

23.    All Documents relating to or reflecting any purchase of internet services from any company or service provider on or between April 19, 2024 to the present, to the extent not produced in response to the preceding RFPs.

Response: Plaintiff objects to this request insofar as it seeks documents other than the telephone number or calls at issue in this case and includes information not relevant to any party's claim or defense, do not relate in any manner to Defendant, and as a result are not proportional to the needs of the case. Plaintiff objects to this request insofar as it seeks "all Documents" concerning any purchase of internet services from any company or service provider, and as such the request is overly broad and disproportional to the needs of the case, including by rendering it impermissibly vague as it does not put Plaintiff on notice of the exact documents which are being sought. This is also insufficiently specific to place the Plaintiff on notice as to what documents exactly the Defendant is seeking. The Plaintiff objects further in that the request can be read in such a way that it makes no attempt to tailor itself to specific discoverable information but is rather a fishing expedition for documents in any way even tangentially related to the claims asserted in this case or statements made therein. Moreover, as this is an action alleging violation of consumer privacy statutes, this discovery is disproportionate and substantially impacts Plaintiff's privacy rights. It is also harassing on the same basis. The Plaintiff objects to this request in that any information obtained therefrom may be used to attempt to manufacture consent evidence. The Plaintiff objects insofar as this request seeks attorney-client communications, common interest privilege, communications with experts, and/or trial preparation materials. Plaintiff objects to this request insofar as it purports to assert that Plaintiff has or had such documents in his possession, care, custody, or control. Plaintiff objects to this request insofar as it seeks information which never existed, or which was never stored in any medium from which data may be retrieved, accessed, read, or examined, or fixed in any way in any tangible form.

24.    All Documents or other materials (including but not limited to recordings, Call logs, notes, or screenshots) relating to or reflecting the Calls alleged in paragraphs 26 through 36 of the Complaint, to the extent not produced in response

to the preceding RFPs.

Response: Plaintiff objects to this request insofar as it seeks documents other than the telephone number or calls at issue in this case and includes information not relevant to any party's claim or defense, do not relate in any manner to Defendant, and as a result are not proportional to the needs of the case. Plaintiff objects to this request insofar as it seeks "all Documents" and as such the request is overly broad and disproportional to the needs of the case, including by rendering it impermissibly vague as it does not put Plaintiff on notice of the exact documents which are being sought. This is also insufficiently specific to place the Plaintiff on notice as to what documents exactly the Defendant is seeking. The Plaintiff objects insofar as this request seeks attorney-client communications, common interest privilege, communications with experts, and/or trial preparation materials. Plaintiff objects to this request insofar as it purports to assert that Plaintiff has or had such documents in his possession, care, custody, or control. Plaintiff objects to this request insofar as it seeks information which never existed, or which was never stored in any medium from which data may be retrieved, accessed, read, or examined, or fixed in any way in any tangible form. Plaintiff objects to this request in that this request seeks information which is more available, or only so, to the Defendant, than the Plaintiff. Notwithstanding the foregoing, the Plaintiff will produce responsive materials, to the extent not already produced, within a reasonable time not to exceed thirty days, as contemplated by FED. R. CIV. P. 34(b)(2)(B). Plaintiff reserves the right to supplement his responses and objections thereto as he comes into possession of more responsive documents.

25.    All Documents reflecting Your membership or involvement in any online social media or other online forum regarding the TCPA, TCPA claims, or telemarketing litigation.

Response: Plaintiff objects to this request insofar as it seeks documents other than the telephone number or calls at issue in this case and includes information not relevant to any party's claim or defense, do not relate in any manner to Defendant, and as a result are not proportional to the needs of the case. Plaintiff objects to this request insofar as it seeks "All Documents" reflecting the exceedingly vague, confusing and ambiguous "membership or involvement in any online social media or other online forum regarding the TCPA, TCPA claims, or telemarketing litigation" and as such the request is overly broad and disproportional to the needs of the case, including by rendering it impermissibly vague as it does not put Plaintiff on notice of the exact documents which are being sought. This is also insufficiently specific to place the Plaintiff on notice as to what documents exactly the Defendant is seeking.

The Plaintiff objects further in that the request can be read in such a way that it makes no attempt to tailor itself to specific discoverable information but is rather a fishing expedition for documents in any way even tangentially related to the claims asserted in this case or statements made therein. Plaintiff objects to this request seeking involvement in online forums concerning the TCPA as implicating significant personal privacy and confidentiality concerns. Moreover, as this is an action alleging violation of consumer privacy statutes, this discovery is disproportionate and substantially impacts Plaintiff's privacy rights. It is also harassing on the same basis. Plaintiff objects to this request as it assumes facts not in evidence. The Plaintiff objects insofar as this request seeks attorney-client communications, common interest privilege, communications with experts, and/or trial preparation materials. Plaintiff objects to this request insofar as it purports to assert that Plaintiff has or had such documents in his possession, care, custody, or control. Plaintiff objects to this request insofar as it seeks information which never existed, or which was never stored in any medium from which data may be retrieved, accessed, read, or examined, or fixed in any way in any tangible form.

26.    All Documents reflecting or relating to the registration of the Subject Phone Number on the National Do Not Call Registry, including but not limited to Documents reflecting who actually registered it and when.

Response: Plaintiff objects to this request insofar as it seeks documents other than the telephone number or calls at issue in this case and includes information not relevant to any party's claim or defense, do not relate in any manner to Defendant, and as a result are not proportional to the needs of the case. Plaintiff objects to this request claim or defense, do not relate in any manner to Defendant, and as a result are not proportional to the needs of the case. Plaintiff objects to this request insofar as it seeks "All Documents," and as such the request is overly broad and disproportional to the needs of the case, including by rendering it impermissibly vague as it does not put Plaintiff on notice of the exact documents which are being sought. Plaintiff objects to this request in that it seeks documents beyond those necessary to demonstrate and evidence the incorporated proposition. The Plaintiff objects to this request in that it purports to assert that Plaintiff is required to produce documents in support of a legal, not a factual, conclusion. The Plaintiff objects to this request as legally irrelevant as to who placed Plaintiff's telephone number on the National Do Not Call Registry. Plaintiff objects insofar as this request plainly seeks attorney-client communications, common interest privilege, communications with experts, and/or trial preparation materials. Moreover, as this is an action alleging violation of consumer privacy statutes, this discovery is disproportionate and substantially impacts Plaintiff's privacy rights. It is also harassing on the same

basis. Plaintiff objects to this request insofar as it purports to assert that Plaintiff has or had such documents in his possession, care, custody, or control. Plaintiff objects to this request insofar as it seeks information which never existed, or which was never stored in any medium from which data may be retrieved, accessed, read, or examined, or fixed in any way in any tangible form. Plaintiff objects in that this request seeks information which is more available, or only so, to the Defendant, than the Plaintiff. Notwithstanding the foregoing, the Plaintiff will produce a copy of a confirmation indicating the Plaintiff's registration on the National Do Not Call Registry, within a reasonable time not to exceed thirty days, as contemplated by FED. R. CIV. P. 34(b)(2)(B). Plaintiff reserves the right to supplement his responses and objections thereto as he comes into possession of more responsive documents.

27.    For inspection, any electronic device(s) associated with the Subject Phone Number on which You claim to have received any Calls of any kind and that You contend were placed by or on behalf of Viasat. Alternatively, please produce a complete forensic copy of such device(s). If the device is not in your possession, please explain its disposition.

Response: Plaintiff objects to this request insofar as it seeks documents other than the telephone number or calls at issue in this case and includes information not relevant to any party's claim or defense, do not relate in any manner to Defendant, and as a result are not proportional to the needs of the case. Plaintiff objects to this request as it is plainly overly broad and unduly burdensome in that it seeks to inspect "any electronic device(s)," so much as "associated with" the "Subject Phone Number," which is vague and confusing. Moreover, production of forensic images or the devices themselves of completely irrelevant information contained on those devices is unduly burdensome on Plaintiff. Moreover, the aforementioned inspection and/or forensic imaging will unquestionably implicate the privacy and confidentiality concerns of the Plaintiff and/or other third parties which are not at issue in this litigation, and which indeed are paramount, given that this litigation involves the allegation of violations of consumer protection statutes, particularly insofar as it seeks a forensic image of any device the Plaintiff has so much as used, or the content on any of the Plaintiff's devices referencing, relating to, or otherwise concerning third parties. Plaintiff further objects in that such image or inspection would also permit access to or contain confidential, copyrighted, trade secret, and other highly-sensitive and personal information, including information which if viewed or released would constitute irreparable financial and other injury, including professional injury, on Plaintiff. Plaintiff objects to this request insofar as it purports to assert that Plaintiff has or had such devices in his possession, care, custody, or control, and insofar as this request seeks information

and devices which never existed, or which was never stored in any medium from which data may be retrieved, accessed, read, or examined, or fixed in any way in any tangible form. The Plaintiff objects to this request in that any information obtained therefrom may be used to attempt to manufacture consent evidence. Plaintiff objects insofar as this request seeks information and devices containing attorney-client communications, common interest privilege, communications with experts, and/or trial preparation materials. Plaintiff further objects insofar as this request implicates the privacy and property interests of third parties and/or which also seeks information which is protected by law from disclosure. Plaintiff further objects in that the request makes no attempt to tailor itself to specific discoverable information but is rather a fishing expedition that implicates significant personal privacy and confidentiality concerns in that it purports to want to view or get a complete copy of any electronic device the Plaintiff has so much as "associated" with his telephone number in an unlimited time frame. As such, production of the aforementioned devices is an extraordinary remedy and a "drastic" discovery measure because of its highly intrusive nature. *See, e.g., Stewart v. First Transit, Inc.*, No. CV 18-3768, 2019 WL 13027112, at *1 (E.D. Pa. Sept. 3, 2019). As such, Plaintiff further objects to this request as any information regarding the data sought is available through a less intrusive means of discovery, particularly as there has been no allegation rising to any level that the Plaintiff is withholding discoverable information. *See John B. v. Goetz*, 531 F.3d 448, 459 (6th Cir. 2008). As yet another court has observed, "A court considering whether to compel a forensic analysis of a party's electronic devices "must be mindful of the potential intrusiveness" and "weigh inherent privacy concerns against its utility." *United Artists Corp. v. United Artist Studios LLC*, No. 219CV00828MWFMAAX, 2019 WL 9049050, at *9 (C.D. Cal. Oct. 7, 2019) (citing *John B.*, *supra*). There is simply no utility and a high level of intrusiveness of asking for the production of a Plaintiff's electronic devices in a TCPA matter, particularly, as less intrusive but nevertheless probative methods of discovery exist. Indeed, in *Bratcher v. Navient Sols., Inc.*, 249 F. Supp. 3d 1283, 1285 (M.D. Fla. 2017), the court denied a motion to compel a *plaintiff's* cell phone in an attempt to find calling records, not even all information contained therein, as here. As such, any production sought, even if limited in scope, unlike here, is clearly not proportional to the needs of the case.

28.    For inspection, any internet accessible computing device(s) (i.e., desktop computer, laptop, tablet, or smart phone) owned or used by You (including personal or work devices) or that was located in Your Household on or between March 1, 2024 to May 31, 2025, to the extent not produced in response to the

preceding RFPs. Alternatively, please produce a complete forensic copy of such device(s). If the device is not in your possession, please explain its disposition.

Response: Plaintiff objects to this request insofar as it seeks documents other than the telephone number or calls at issue in this case and includes information not relevant to any party's claim or defense, do not relate in any manner to Defendant, and as a result are not proportional to the needs of the case. Plaintiff objects to this request as it is plainly overly broad and unduly burdensome in that it seeks to inspect "internet accessible computing device(s)," so much as "owned or used by You" which is vague and confusing, and disproportional. Moreover, production of forensic images or the devices themselves of completely irrelevant information contained on those devices is unduly burdensome on Plaintiff. Moreover, the aforementioned inspection and/or forensic imaging will unquestionably implicate the privacy and confidentiality concerns of the Plaintiff and/or other third parties which are not at issue in this litigation, and which indeed are paramount, given that this litigation involves the allegation of violations of consumer protection statutes, particularly insofar as it seeks a forensic image of any device the Plaintiff has so much as used, or the content on any of the Plaintiff's devices referencing, relating to, or otherwise concerning third parties. Plaintiff further objects in that such image or inspection would also permit access to or contain confidential, copyrighted, trade secret, and other highly-sensitive and personal information, including information which if viewed or released would constitute irreparable financial and other injury, including professional injury, on Plaintiff. Plaintiff objects to this request insofar as it purports to assert that Plaintiff has or had such devices in his possession, care, custody, or control, and insofar as this request seeks information and devices which never existed, or which was never stored in any medium from which data may be retrieved, accessed, read, or examined, or fixed in any way in any tangible form. The Plaintiff objects to this request in that any information obtained therefrom may be used to attempt to manufacture consent evidence. Plaintiff objects insofar as this request seeks information and devices containing attorney-client communications, common interest privilege, communications with experts, and/or trial preparation materials. Plaintiff further objects insofar as this request implicates the privacy and property interests of third parties and/or which also seeks information which is protected by law from disclosure. Plaintiff further objects in that the request makes no attempt to tailor itself to specific discoverable information but is rather a fishing expedition that implicates significant personal privacy and confidentiality concerns in that it purports to want to view or get a  complete copy of any internet-connected electronic device the Plaintiff has so much as "used" in an almost two year period. As such, production of the aforementioned devices is an extraordinary remedy and

a "drastic" discovery measure because of its highly intrusive nature. *See, e.g., Stewart v. First Transit, Inc.*, No. CV 18-3768, 2019 WL 13027112, at *1 (E.D. Pa. Sept. 3, 2019). As such, Plaintiff further objects to this request as any information regarding the data sought is available through a less intrusive means of discovery, particularly as there has been no allegation rising to any level that the Plaintiff is withholding discoverable information. *See John B. v. Goetz*, 531 F.3d 448, 459 (6th Cir. 2008). As yet another court has observed, "A court considering whether to compel a forensic analysis of a party's electronic devices "must be mindful of the potential intrusiveness" and "weigh inherent privacy concerns against its utility." *United Artists Corp. v. United Artist Studios LLC*, No. 219CV00828MWFMAAX, 2019 WL 9049050, at *9 (C.D. Cal. Oct. 7, 2019) (citing *John B.*, *supra*). There is simply no utility and a high level of intrusiveness of asking for the production of a Plaintiff's electronic devices in a TCPA matter, particularly, as less intrusive but nevertheless probative methods of discovery exist. Indeed, in *Bratcher v. Navient Sols., Inc.*, 249 F. Supp. 3d 1283, 1285 (M.D. Fla. 2017), the court denied a motion to compel a *plaintiff's* cell phone in an attempt to find calling records, not even all information contained therein, as here. As such, any production sought, even if limited in scope, unlike here, is clearly not proportional to the needs of the case.

29.    For inspection, any devices associated with the phone numbers identified in response to Interrogatory No. 15 above, to the extent not produced in response to the preceding RFPs. Alternatively, please produce a complete forensic copy of such device(s). If the device is not in your possession, please explain its disposition.

Response: Plaintiff objects to this request insofar as it seeks documents other than the telephone number or calls at issue in this case and includes information not relevant to any party's claim or defense, do not relate in any manner to Defendant, and as a result are not proportional to the needs of the case. Plaintiff objects to this request as it is plainly overly broad and unduly burdensome in that it seeks to inspect "any devices associated with the phone numbers," so much as "identified in response to Interrogatory No. 15 above," which is vague and confusing, and disproportional. This is notwithstanding the fact that the Plaintiff has objected to Interrogatory 15, which such objections are reincorporated as if through fully set forth herein. Moreover, production of forensic images or the devices themselves of completely irrelevant information contained on those devices is unduly burdensome on Plaintiff. Moreover, the aforementioned inspection and/or forensic imaging will unquestionably implicate the privacy and confidentiality concerns of

the Plaintiff and/or other third parties which are not at issue in this litigation, and which indeed are paramount, given that this litigation involves the allegation of violations of consumer protection statutes, particularly insofar as it seeks a forensic image of any device the Plaintiff has so much as used, or the content on any of the Plaintiff's devices referencing, relating to, or otherwise concerning third parties. Plaintiff further objects in that such image or inspection would also permit access to or contain confidential, copyrighted, trade secret, and other highly-sensitive and personal information, including information which if viewed or released would constitute irreparable financial and other injury, including professional injury, on Plaintiff. Plaintiff objects to this request insofar as it purports to assert that Plaintiff has or had such devices in his possession, care, custody, or control, and insofar as this request seeks information and devices which never existed, or which was never stored in any medium from which data may be retrieved, accessed, read, or examined, or fixed in any way in any tangible form. The Plaintiff objects to this request in that any information obtained therefrom may be used to attempt to manufacture consent evidence. Plaintiff objects insofar as this request seeks information and devices containing attorney-client communications, common interest privilege, communications with experts, and/or trial preparation materials. Plaintiff further objects insofar as this request implicates the privacy and property interests of third parties and/or which also seeks information which is protected by law from disclosure. Plaintiff further objects in that the request makes no attempt to tailor itself to specific discoverable information but is rather a fishing expedition that implicates significant personal privacy and confidentiality concerns in that it purports to want to view or get a complete copy of any "devices associated with the phone numbers" in Interrogatory 15, which itself is objectionable. As such, production of the aforementioned devices is an extraordinary remedy and a "drastic" discovery measure because of its highly intrusive nature. *See, e.g., Stewart v. First Transit, Inc.*, No. CV 18-3768, 2019 WL 13027112, at *1 (E.D. Pa. Sept. 3, 2019). As such, Plaintiff further objects to this request as any information regarding the data sought is available through a less intrusive means of discovery, particularly as there has been no allegation rising to any level that the Plaintiff is withholding discoverable information. *See John B. v. Goetz*, 531 F.3d 448, 459 (6th Cir. 2008). As yet another court has observed, "A court considering whether to compel a forensic analysis of a party's electronic devices "must be mindful of the potential intrusiveness" and "weigh inherent privacy concerns against its utility." *United Artists Corp. v. United Artist Studios LLC*, No. 219CV00828MWFMAAX, 2019 WL 9049050, at *9 (C.D. Cal. Oct. 7, 2019) (citing *John B.*, *supra*). There is simply no utility and a high level of intrusiveness of asking for the production of a Plaintiff's electronic devices in a TCPA matter, particularly, as less intrusive but nevertheless probative methods of discovery

exist. Indeed, in *Bratcher v. Navient Sols., Inc.*, 249 F. Supp. 3d 1283, 1285 (M.D. Fla. 2017), the court denied a motion to compel a *plaintiff's* cell phone in an attempt to find calling records, not even all information contained therein, as here. As such, any production sought, even if limited in scope, unlike here, is clearly not proportional to the needs of the case.

30.    All Documents relating to the "dips" referenced in the Complaint.

Plaintiff objects to this request insofar as it seeks documents other than the telephone number or calls at issue in this case and includes information not relevant to any party's claim or defense, do not relate in any manner to Defendant, and as a result are not proportional to the needs of the case. Plaintiff objects to this request insofar as it seeks "all documents" in any manner "relating to" the "dips" referenced in the Complaint, and as such the request is overly broad and disproportional to the needs of the case, including by rendering it impermissibly vague as it does not put Plaintiff on notice of the exact documents which are being sought. Indeed, the only "dips" referenced in the complaint are caller ID database dips conducted by counsel, which are privileged. Plaintiff objects that this demand does not set forth a reasonably particularized category of documents to be produced. This is also insufficiently specific to place the Plaintiff on notice as to what documents exactly the Defendant is seeking, including insofar as it seeks information related to the exceedingly overbroad, confusing, and vague "dips" referenced in the Complaint. The Plaintiff further objects in that the request can be read in such a way that it makes no attempt to tailor itself to specific discoverable information but is rather a fishing expedition for documents in any way even tangentially related to the "dips," which implicates significant personal privacy and confidentiality concerns, which includes irrelevant, disproportional information of a highly sensitive and personal nature, including, but not limited to, communications protected by various privileges, including attorney-client privilege. Plaintiff objects in that this request seeks information which is more available, or only so, to the Defendant, than the Plaintiff. The Plaintiff objects to this request to the extent it requires the disclosure of attorney-client communications. The Plaintiff objects to this request insofar as it purports to assert that the Plaintiff has such documents in his possession, care, custody, or control, and insofar as this request seeks information which never existed, or which were never stored in any medium from which data may be retrieved, accessed, read, or examined, or fixed in any tangible form. Plaintiff objects to this request as premature, as discovery is still in its early stages.

31.    All Documents evidencing, supporting, or relating to the factual allegations in paragraphs 18 through 49 of the Complaint, to the extent not produced

in response to the preceding RFPs.

Response: Plaintiff objects to this request insofar as it seeks documents other than the telephone number or calls at issue in this case and includes information not relevant to any party's claim or defense, do not relate in any manner to Defendant, and as a result are not proportional to the needs of the case. Plaintiff objects to this request insofar as it seeks "all documents" in any manner "evidencing, supporting, or relating to" the factual allegations in paragraphs 18 through 49 of the Complaint, and as such the request is overly broad and disproportional to the needs of the case, including by rendering it impermissibly vague as it does not put Plaintiff on notice of the exact documents which are being sought. Plaintiff objects that this demand does not set forth a reasonably particularized category of documents to be produced. This is also insufficiently specific to place the Plaintiff on notice as to what documents exactly the Defendant is seeking. The Plaintiff further objects in that the request can be read in such a way that it makes no attempt to tailor itself to specific discoverable information but is rather a fishing expedition for documents in any way even tangentially related to the allegations in the Complaint or the claims asserted in this case or statements made therein, which implicates significant personal privacy and confidentiality concerns, which includes irrelevant, disproportional information of a highly sensitive and personal nature, including, but not limited to, communications protected by various privileges. Moreover, as this is an action alleging violation of consumer privacy statutes, this discovery is disproportionate and substantially impacts Plaintiff's privacy rights. It is also harassing on the same basis. The Plaintiff objects as production or identification of any of these materials is overly broad and constitutes an undue burden when compared to any relevance they have on this matter, as it is not sufficiently specific to place the Plaintiff on notice of exactly what documents Defendant is seeking, and substantially invades his privacy interests. Indeed, as such, this request seeks information which is more available, or only so, to the Defendant, than the Plaintiff. Plaintiff objects insofar as this request seeks attorney-client communications, common interest privilege, communications with experts, and/or trial preparation materials. The Plaintiff objects to this request insofar as it purports to assert that the Plaintiff has such documents in his possession, care, custody, or control, and insofar as this request seeks information which never existed, or which were never stored in any medium from which data may be retrieved, accessed, read, or examined, or fixed in any tangible form.

32.    All communications with any person, other than privileged communications between You and Your legal counsel in this Action or Your other retained legal counsel, referring to or relating in any way to Viasat, Calls involving or relating to Viasat, or the TCPA generally.

Response: Plaintiff objects to this request insofar as it seeks documents other than the telephone number or calls at issue in this case and includes information not relevant to any party's claim or defense, do not relate in any manner to Defendant, and as a result are not proportional to the needs of the case. Plaintiff objects to this request insofar as it seeks "all communications" so much as "concerning, or relating to" "the TCPA generally," and as such the request is overly broad and disproportional to the needs of the case, including by rendering it impermissibly vague as it does not put Plaintiff on notice of the exact documents which are being sought. The phrase "TCPA generally" renders this definition unascertainable. Furthermore, this request is also overly broad because it seeks "all communications," instead of a specific and reasonably particularized category of documents as the rules require. This is also insufficiently specific to place the Plaintiff on notice as to what documents exactly the Defendant is seeking. Plaintiff objects that this demand does not set forth a reasonably particularized category of documents to be produced. The Plaintiff further objects in that the request can be read in such a way that it makes no attempt to tailor itself to specific discoverable information but is rather a fishing expedition for documents in any way even tangentially related to the claims asserted in this case or statements made therein. Moreover, as this is an action alleging violation of consumer privacy statutes, this discovery is disproportionate and substantially impacts Plaintiff's privacy rights. It is also harassing on the same basis. The Plaintiff objects insofar as this request seeks attorney-client communications, common interest privilege, communications with experts, and/or trial preparation materials. This demand may be read to include a demand for privileged records, such as counsel for Plaintiff's entire litigation file for this case, and the records of communication between Plaintiff and counsel. The Plaintiff objects to this request in that it requires the disclosure of attorney work product mental impressions, i.e., the opinion of Plaintiff's counsel as to what documents would or would not be used to support or oppose such contentions. Plaintiff objects to this request insofar as it purports to assert that Plaintiff has or had such documents in his possession, care, custody, or control. Plaintiff objects to this request insofar as it seeks information which never existed, or which was never stored in any medium from which data may be retrieved, accessed, read, or examined, or fixed in any way in any tangible form. Plaintiff objects in that this request seeks information which is more available, or only so, to the Defendant, than the Plaintiff.

33.    All communications with any putative class members in this Action by You, anyone in Your Household, or Your legal counsel.

Response: Plaintiff objects to this request insofar as it seeks documents other than the telephone number or calls at issue in this case and includes information not relevant to any party's claim or defense, do not relate in any manner to Defendant, and as a result are not proportional to the needs of the case. Plaintiff objects to this request insofar as it seeks communications with putative class members, and as such the request is overly broad and disproportional to the needs of the case, including by rendering it impermissibly vague as it does not put Plaintiff on notice of the exact documents which are being sought, particularly as Defendant has refused to produce documents which identify putative class members. This is also insufficiently specific to place the Plaintiff on notice as to what documents exactly the Defendant is seeking. The Plaintiff further objects in that the request can be read in such a way that it makes no attempt to tailor itself to specific discoverable information but is rather a fishing expedition for documents in any way even tangentially related to putative class members, which implicates significant personal privacy and confidentiality concerns, which includes irrelevant, disproportional information of a highly sensitive and personal nature, including, but not limited to, communications protected by various privileges. Moreover, as this is an action alleging violation of consumer privacy statutes, this discovery is disproportionate and substantially impacts Plaintiff's privacy rights. It is also harassing on the same basis. The Plaintiff objects insofar as this request seeks attorney-client communications, common interest privilege, communications with experts, and/or trial preparation materials. Plaintiff objects to this request insofar as it purports to assert that Plaintiff has or had such documents in his possession, care, custody, or control, and insofar as this request seeks information which never existed, or which was never stored in any medium from which data may be retrieved, accessed, read, or examined, or fixed in any way in any tangible form. Plaintiff objects in that this request seeks information which is more available, or only so, to the Defendant, than the Plaintiff. Furthermore, portions of the request concerning communications with counsel or agents of counsel are, by definition, outside the Plaintiff's possession, care, custody, and control.

34.    A copy of Your retention agreement, fee agreement, engagement letter, or other contract with Your legal counsel or their law firm(s) in this Action.

Response: Plaintiff objects to this request insofar as it seeks documents other than the telephone number or calls at issue in this case and includes information not

relevant to any party's claim or defense, do not relate in any manner to Defendant, and as a result are not proportional to the needs of the case. Plaintiff objects to this request insofar as it seeks "All retention, retainer, or other agreements" between Plaintiff and his Counsel, and as such the request is vague, ambiguous, unintelligible, and overbroad insofar as it impermissibly demands Plaintiff to so much as produce retainer, engagement, or fee agreements with his counsel. Such documents are categorically privileged as attorney-client communications and attorney work product, and to compel their disclosure would serve no purpose other than harassment and to invade the sanctity of the attorney-client relationship. This request is nefarious, untoward, and otherwise improper in that it insinuates unethical conduct by Plaintiff or his counsel, and the production of such materials would be neither proportional to the needs of the case nor relevant to any claim or defense. To the extent Defendant seeks privileged retainer agreements, that would itself be improper and unethical, and Plaintiff assumes that this request is instead limited to non-privileged, non-confidential documents, of which none exist. Furthermore, this request is harassing as it seeks plainly privileged information. The Plaintiff objects to this request to the extent it requires the disclosure of attorney-client communications. The Plaintiff objects insofar as this request plainly seeks attorney-client communications, common interest privilege, communications with experts, and/or trial preparation materials. Plaintiff objects to this request insofar as it purports to assert that Plaintiff has or had such documents in his possession, care, custody, or control and insofar as this request seeks information which never existed, or which was never stored in any medium from which data may be retrieved, accessed, read, or examined, or fixed in any way in any tangible form.

35.    All Documents evidencing that Viasat had any control over any third party that You contend called You in violation of the TCPA or that Viasat had any control over that third party's calling campaign, including but not limited to all documents evidencing Viasat had the power to give said third party any interim instructions or any documents that You contend otherwise demonstrates Viasat's direct or vicarious liability under the TCPA in this Action.

Response: Plaintiff objects to this request insofar as it seeks documents other than the telephone number or calls at issue in this case and includes information not relevant to any party's claim or defense, do not relate in any manner to Defendant, and as a result are not proportional to the needs of the case. Plaintiff objects to this request insofar as it seeks "all documents" so much as "evidencing" Viasat's control over a third party's calling campaign or otherwise demonstrating Viasat's liability, and as such the request is overly broad and disproportional to the needs of the case,

including by rendering it impermissibly vague as it does not put Plaintiff on notice of the exact documents which are being sought. This is also insufficiently specific to place the Plaintiff on notice as to what documents exactly the Defendant is seeking. Plaintiff objects that this demand does not set forth a reasonably particularized category of documents to be produced. The Plaintiff further objects in that the request can be read in such a way that it makes no attempt to tailor itself to specific discoverable information but is rather a fishing expedition for documents in any way even tangentially related to the claims asserted in this case or statements made therein. Moreover, as this is an action alleging violation of consumer privacy statutes, this discovery is disproportionate and substantially impacts Plaintiff's privacy rights. It is also harassing on the same basis. The Plaintiff objects insofar as this request seeks attorney-client communications, common interest privilege, communications with experts, and/or trial preparation materials. The Plaintiff objects to this request in that it requires the disclosure of attorney work product mental impressions, i.e., the opinion of Plaintiff's counsel as to what documents would or would not be used to support or oppose such contentions. The Plaintiff objects to this request insofar as it asks the Plaintiff to make a legal conclusion or make a response that is untethered to the law of the TCPA, including on the basis of common law and other TCPA-related vicarious liability principles and case law holding that a call can be placed through another entity or that another entity can be vicariously liable for a call. Plaintiff objects to this request insofar as it purports to assert that Plaintiff has or had such documents in his possession, care, custody, or control, and insofar as this request seeks information which never existed, or which was never stored in any medium from which data may be retrieved, accessed, read, or examined, or fixed in any way in any tangible form. Plaintiff objects in that this request seeks information which is more available, or only so, to the Defendant, than the Plaintiff. Plaintiff objects to this request in that it purports to assert that Plaintiff is required to produce documents in support of a legal, not a factual, conclusion. Plaintiff objects to this request in that it seeks to lock the Plaintiff in to specific legal theories and evidence at a premature stage of the proceedings.

36.    All Documents relating to Your alleged consent, or lack of consent, or revocation of consent to receive Calls or text messages from or on behalf of Viasat.

Response: Plaintiff objects to this request insofar as it seeks documents other than the telephone number or calls at issue in this case and includes information not relevant to any party's claim or defense, do not relate in any manner to Defendant, and as a result are not proportional to the needs of the case. Plaintiff objects to this request insofar as it seeks "all documents" concerning consent, or lack of consent, or revocation of consent, and as such the request is overly broad and disproportional

to the needs of the case, including being internally contradictory. This is also insufficiently specific to place the Plaintiff on notice as to what documents exactly the Defendant is seeking. The Plaintiff objects further in that the request can be read in such a way that it makes no attempt to tailor itself to specific discoverable information but is rather a fishing expedition for documents in any way even tangentially related to consent in this case or statements made therein. The Plaintiff also objects insofar as this request asserts that Plaintiff provided his consent, in any way, shape, or form, to receive calls or text messages. Plaintiff further objects insofar as this request improperly seeks to shift Defendant's affirmative burden of proving consent, when it is not Plaintiff's burden to disprove consent or to produce documents showing a lack of consent. Indeed, the request is nonsensical as it requests the Plaintiff to produce documents tending to show a negative, which is a logical and factual impossibility, as the plaintiff never opted-in or consented to receive calls from ViaSat. The Plaintiff objects to this request in that it violates the Plaintiff's privacy interests. This request implicates significant consumer personal and data security and privacy protection concerns, particularly as this is a lawsuit alleging receipt of unsolicited messages or violation of consumer privacy statutes. The Plaintiff objects to this request in that any information obtained therefrom may be used to attempt to manufacture consent evidence. Moreover, as this is an action alleging violation of consumer privacy statutes, this discovery is disproportionate and substantially impacts Plaintiff's privacy rights. It is also harassing on the same basis. The Plaintiff objects insofar as this request plainly seeks attorney-client communications, common interest privilege, communications with experts, and/or trial preparation materials. The Plaintiff further objects insofar as any documents disproving this statement, i.e. that Plaintiff did consent, as would be sufficient for the Defendant to meet its own burden of proof as to this affirmative defense, are solely in the Defendant's possession, care, custody, and control. Plaintiff objects to this request insofar as it purports to assert that Plaintiff has or had such documents in his possession, care, custody, or control. Plaintiff objects to this request insofar as it seeks information which never existed, or which was never stored in any medium from which data may be retrieved, accessed, read, or examined, or fixed in any tangible form. Plaintiff objects in that this request seeks information which is more available, or only so, to the Defendant, than the Plaintiff. The Plaintiff objects as it purports to assert that the Plaintiff was required to take steps or not take steps, as the case may be, to disclaim consent for nonconsensual calls or provide evidence disproving Defendant's affirmative defense of consent, or that the same is a required element of a TCPA claim.

37.    All Documents relating to any alleged financial transaction (completed or attempted) between or involving You and Viasat.

Response: Plaintiff objects to this request insofar as it seeks documents other than the telephone number or calls at issue in this case and includes information not relevant to any party's claim or defense, do not relate in any manner to Defendant, and as a result are not proportional to the needs of the case. Plaintiff objects to this request insofar as it seeks "All Documents," and as such the request is overly broad and disproportional to the needs of the case, including by rendering it impermissibly vague as it does not put Plaintiff on notice of the exact documents which are being sought, including insofar as it appears to allege that no financial transaction occurred. This is also insufficiently specific to place the Plaintiff on notice as to what documents exactly the Defendant is seeking. The Plaintiff objects further in that the request can be read in such a way that it makes no attempt to tailor itself to specific discoverable information but is rather a fishing expedition for documents in any way even tangentially related to the claims asserted in this case or statements made therein. The Plaintiff objects to this request insofar as it seeks documents related to a financial transaction between Plaintiff and ViaSat, when Plaintiff has already alleged he received an attempted credit card charge for ViaSat service and an email confirmation. The attempt to consummate a financial transaction was pled in the Complaint. Moreover, as this is an action alleging violation of consumer privacy statutes, this discovery is disproportionate and substantially impacts Plaintiff's privacy rights, and it is also harassing on the same basis. The Plaintiff objects to this request in that any information obtained therefrom may be used to attempt to manufacture consent evidence. The Plaintiff further objects insofar as this request plainly seeks attorney-client communications, common interest privilege, communications with experts, and/or trial preparation materials. Plaintiff objects to this request insofar as it purports to assert that Plaintiff has or had such documents in his possession, care, custody, or control and insofar as this request seeks information which never existed, or which was never stored in any medium from which data may be retrieved, accessed, read, or examined, or fixed in any tangible form. Plaintiff objects in that this request seeks information which is more available, or only so, to the Defendant, than the Plaintiff. The Plaintiff further objects that any documents showing a transaction, are also in the Defendant's possession, care, custody, and control. Notwithstanding the foregoing, the Plaintiff will produce responsive materials, to the extent not already produced, within a reasonable time not to exceed thirty days, as contemplated by FED. R. CIV. P. 34(b)(2)(B). Plaintiff reserves the right to supplement his responses and objections thereto as he comes into possession of more responsive documents.

38.     All Documents reflecting any online or telephone inquiry made by You or on Your behalf or by someone on Your Household regarding internet services or

to any internet service company or provider on or between March 1, 2024 through May 31, 2025.

Response: Plaintiff objects to this request insofar as it seeks documents other than the telephone number or calls at issue in this case and includes information not relevant to any party's claim or defense, do not relate in any manner to Defendant, and as a result are not proportional to the needs of the case. Plaintiff objects to this request insofar as it seeks "All Documents" somehow representing an "online or telephone inquiry" about internet services, and as such the request is overly broad and disproportional to the needs of the case, including by rendering it impermissibly vague as it does not put Plaintiff on notice of the exact documents which are being sought. This is also insufficiently specific to place the Plaintiff on notice as to what documents exactly the Defendant is seeking. The Plaintiff objects further in that the request can be read in such a way that it makes no attempt to tailor itself to specific discoverable information but is rather a fishing expedition for documents in any way even tangentially related to the claims asserted in this case or statements made therein. Moreover, as this is an action alleging violation of consumer privacy statutes, this discovery is disproportionate and substantially impacts Plaintiff's privacy rights and is also harassing on the same basis. The Plaintiff objects to this request in that any information obtained therefrom may be used to attempt to manufacture consent evidence or otherwise harass the Plaintiff. Plaintiff objects insofar as this request plainly seeks attorney-client communications, common interest privilege, communications with experts, and/or trial preparation materials. Plaintiff objects to this request insofar as it purports to assert that Plaintiff has or had such documents in his possession, care, custody, or control and insofar as this request seeks information which never existed, or which was never stored in any medium from which data may be retrieved, accessed, read, or examined, or fixed in any tangible form. Plaintiff objects in that this request seeks information which is more available, or only so, to the Defendant, than the Plaintiff. The information sought regarding any alleged online or telephone inquiry about ViaSat's services, the only conceivably relevant "inquiry," would be within the possession Defendant its very self, especially if such "inquiries" are sufficient for the Defendant itself to bear its affirmative defense of consent. The Plaintiff objects to this request in that it improperly seeks to shift Defendant's affirmative burden of proving consent, when it is not Plaintiff's burden to disprove consent. The request is argumentative and harassing on the same basis, as it presumes that an inquiry regarding internet services at all, let alone ViaSat's, was made by the Plaintiff or on his behalf, implying consent to receive telemarketing calls. The Plaintiff further objects that any information regarding the data sought is available through a less intrusive means of discovery. Notwithstanding the foregoing, there are no responsive documents evidencing a

prior inquiry prior to the illegal calls Plaintiff received.

39.    All Documents reflecting any internet services purchased by You, someone in Your Household, or someone in Your family on or between March 1, 2024 through May 31, 2025.

Response: Plaintiff objects to this request insofar as it seeks documents other than the telephone number or calls at issue in this case and includes information not relevant to any party's claim or defense, do not relate in any manner to Defendant, and as a result are not proportional to the needs of the case. Plaintiff objects to this request insofar as it seeks "All Documents" somehow representing an "any internet services purchased by You" as such the request is overly broad and disproportional to the needs of the case, including by rendering it impermissibly vague as it does not put Plaintiff on notice of the exact documents which are being sought. As written, the request can be read to encompass all manner of private, irrelevant, and confidential information transmitted through the internet. This is also insufficiently specific to place the Plaintiff on notice as to what documents exactly the Defendant is seeking. The Plaintiff objects further in that the request can be read in such a way that it makes no attempt to tailor itself to specific discoverable information but is rather a fishing expedition for documents in any way even tangentially related to the claims asserted in this case or statements made therein. Moreover, as this is an action alleging violation of consumer privacy statutes, this discovery is disproportionate and substantially impacts Plaintiff's privacy rights and is also harassing on the same basis. The Plaintiff objects to this request in that any information obtained therefrom may be used to attempt to manufacture consent evidence or otherwise harass the Plaintiff. Plaintiff objects insofar as this request plainly seeks attorney-client communications, common interest privilege, communications with experts, and/or trial preparation materials. Plaintiff objects to this request insofar as it purports to assert that Plaintiff has or had such documents in his possession, care, custody, or control and insofar as this request seeks information which never existed, or which was never stored in any medium from which data may be retrieved, accessed, read, or examined, or fixed in any tangible form. Plaintiff objects in that this request seeks information which is more available, or only so, to the Defendant, than the Plaintiff. The Plaintiff objects to this request in that it improperly seeks to shift Defendant's affirmative burden of proving consent, when it is not Plaintiff's burden to disprove consent. The request is argumentative and harassing on the same basis, as it presumes that the Plaintiff's non-ViaSat internet services are relevant to this litigation. The Plaintiff further objects that any information regarding the data sought is available through a less intrusive means of discovery.

40.    To the extent You admitted (in whole or in part) any of the RFAs above, please produce all Documents supporting Your admissions.

Response: Plaintiff objects to this request insofar as it seeks documents other than the telephone number or calls at issue in this case and includes information not relevant to any party's claim or defense, do not relate in any manner to Defendant, and as a result are not proportional to the needs of the case. Plaintiff objects to this request insofar as it seeks "all documents" in any manner "supporting" admissions to Requests for Admission, and as such the request is overly broad and disproportional to the needs of the case, including by rendering it impermissibly vague as it does not put Plaintiff on notice of the exact documents which are being sought. Plaintiff objects that this request does not set forth a reasonably particularized category of documents to be produced. The Plaintiff further objects in that the request can be read in such a way that it makes no attempt to tailor itself to specific discoverable information but is rather a fishing expedition for documents in any way even tangentially related to the admissions, or statements made therein, which implicates significant personal privacy and confidentiality concerns, which includes irrelevant, disproportional information of a highly sensitive and personal nature, including, but not limited to, communications protected by various privileges, including attorney-client privilege. Plaintiff objects in that this request seeks information which is more available, or only so, to the Defendant, than the Plaintiff. The Plaintiff objects to this request to the extent it requires the disclosure of attorney-client communications. The Plaintiff objects to this request insofar as it purports to assert that the Plaintiff has such documents in his possession, care, custody, or control, and insofar as this request seeks information which never existed, or which were never stored in any medium from which data may be retrieved, accessed, read, or examined, or fixed in any tangible form. Plaintiff incorporates each of his objections to the Requests for Admission as if though fully set forth herein. Furthermore, the Plaintiff further objects in that discovery is still ongoing, and he does not yet have all documents, for example, supporting or refusing some of the factual contentions in his Requests for Admission. Notwithstanding the foregoing, the Plaintiff has not used any documents to support his admissions to Requests for Admission other than those which he has already agreed to produce.

41.    To the extent You denied (in whole or in part) any of the RFAs above, please produce all Documents supporting Your denials.
Response: Plaintiff objects to this request insofar as it seeks documents other than the telephone number or calls at issue in this case and includes information not

relevant to any party's claim or defense, do not relate in any manner to Defendant, and as a result are not proportional to the needs of the case. Plaintiff objects to this request insofar as it seeks "all documents" in any manner "supporting" denials to Requests for Admission, and as such the request is overly broad and disproportional to the needs of the case, including by rendering it impermissibly vague as it does not put Plaintiff on notice of the exact documents which are being sought. Plaintiff objects that this demand does not set forth a reasonably particularized category of documents to be produced. The Plaintiff further objects in that the request can be read in such a way that it makes no attempt to tailor itself to specific discoverable information but is rather a fishing expedition for documents in any way even tangentially related to the denials, or statements made therein, which implicates significant personal privacy and confidentiality concerns, which includes irrelevant, disproportional information of a highly sensitive and personal nature, including, but not limited to, communications protected by various privileges, including attorney-client privilege. Plaintiff objects in that this request seeks information which is more available, or only so, to the Defendant, than the Plaintiff. The Plaintiff objects to this request to the extent it requires the disclosure of attorney-client communications. The Plaintiff objects to this request insofar as it purports to assert that the Plaintiff has such documents in his possession, care, custody, or control, and insofar as this request seeks information which never existed, or which were never stored in any medium from which data may be retrieved, accessed, read, or examined, or fixed in any tangible form. Plaintiff incorporates each of his objections to the Requests for Admission as if though fully set forth herein. Furthermore, the Plaintiff further objects in that discovery is still ongoing, and he does not yet have all documents, for example, supporting or refusing some of the factual contentions in his Requests for Admission. Notwithstanding the foregoing, the Plaintiff has not used any documents to support his denials to Requests for Admission other than those which he has already agreed to produce.

42.    To the extent You denied (in whole or in part) any RFA above requesting that You admit "that You have no Documents or other materials in Your possession, custody or control evidencing" a particular fact or that "identify" a Person, produce all such Documents or materials evidencing said facts or identifying such persons, to the extent not produced in response to the preceding RFPs.

Response: Plaintiff objects to this request insofar as it seeks documents other than the telephone number or calls at issue in this case and includes information not relevant to any party's claim or defense, do not relate in any manner to Defendant, and as a result are not proportional to the needs of the case. Plaintiff objects to this request insofar as it seeks "all such documents" in any manner for a practically

unintelligible and nonsensical request. As written, the request seems to seek documents which the Plaintiff has denied that he has. That makes little sense. If the Plaintiff does not have documents, how can he be expected to produce documents evidencing a particular fact or "identifying"? such a person. The request is plainly illogical, vague, overly broad, and disproportional as written, in addition to being impossible to respond to. Plaintiff objects that this demand does not set forth a reasonably particularized category of documents to be produced. Plaintiff objects in that this request seeks information which is more available, or only so, to the Defendant, than the Plaintiff. The Plaintiff objects to this request to the extent it requires the disclosure of attorney-client communications. The Plaintiff objects to this request insofar as it purports to assert that the Plaintiff has such documents in his possession, care, custody, or control, and insofar as this request seeks information which never existed, or which were never stored in any medium from which data may be retrieved, accessed, read, or examined, or fixed in any tangible form. Plaintiff incorporates each of his objections to the Requests for Admission as if though fully set forth herein. Furthermore, the Plaintiff further objects in that discovery is still ongoing, and he does not yet have all documents, for example, supporting or refusing some of the factual contentions in his Requests for Admission.

43.    All Documents You use or may use to support or oppose any motion for summary judgment with respect to Plaintiff's individual TCPA claim against Viasat in this Action, to the extent not produced in response to the preceding RFPs.

Response: Plaintiff objects to this request insofar as it seeks documents other than the telephone number or calls at issue in this case and includes information not relevant to any party's claim or defense, do not relate in any manner to Defendant, and as a result are not proportional to the needs of the case. Plaintiff objects to this request as impermissibly vague, ambiguous, unintelligible, and overbroad insofar as it demands "All Documents" which Plaintiff may use to "support or oppose" any motion for summary judgment," rather than identifying a reasonably particularized category of documents as the Rules require. Plaintiff objects that this demand does not set forth a reasonably particularized category of documents to be produced. The Plaintiff objects in that the request is premature and seeks trial and dispositive motion strategy. Plaintiff further objects that this request is plainly premature, insofar as discovery is still ongoing, expert disclosures have not yet occurred, and Plaintiff is under no obligation to preview for Defendant its response or opposition to motion for summary judgment before it is due. Moreover, the request is plainly nonsensical and impossible to comply with because the Plaintiff cannot be expected to know what basis the Defendant will even move for summary judgment on in advance of Defendant's own motion. As a result, Plaintiff further objects that this request is

premature, harassing, and a plain fishing expedition, insofar as it makes no attempt to cabin its scope to relevant materials, is not limited to a reasonable period of time, not to exceed the applicable statute of limitations, and improperly demands that Plaintiff preview his entire evidentiary record before any motion for summary judgment is even due. Plaintiff further objects that this request calls for attorney-client communications, attorney trial strategy, attorney mental impressions, expert analysis, and trial preparation materials, all of which are privileged. Although the documents themselves may be introduced and are otherwise discoverable, identifying them as such and producing them with such an identification would unjustly and inappropriately reveal Plaintiff's trial and dispositive motion strategy. The Plaintiff further objects insofar as this request calls for attorney-client communications, attorney work product, trial preparation materials, expert materials, common interest communications, and similar such communications. The request impermissibly demands Plaintiff to so much as preview his summary judgment strategy, exhibits, and demonstratives months in advance of any applicable deadline, which is not only disproportionate but calls for the disclosure of attorney-client communications, attorney work product, trial preparation materials, expert analysis, and attorney mental impressions. Lastly, this request also plainly seeks attorney work product mental impressions, i.e., the opinion of Plaintiff's counsel as to what documents would or would not be used to support or oppose any motion for summary judgment. Hence, the response it seeks is outside the scope of discovery. The Plaintiff objects to this request insofar as it purports to assert that the Plaintiff has such documents in his possession, care, custody, or control, and insofar as this request seeks information which never existed, or which were never stored in any medium from which data may be retrieved, accessed, read, or examined, or fixed in any tangible form.

44.    All non-privileged Documents relating to Your involvement in any prior TCPA litigation, regardless of the nature of Your involvement (e.g., whether You were named as a party or otherwise) and not including this Action against Viasat.

Response: Plaintiff objects to this request insofar as it seeks documents other than the telephone number or calls at issue in this case and includes information not relevant to any party's claim or defense, do not relate in any manner to Defendant, and as a result are not proportional to the needs of the case. Plaintiff objects to this request insofar as it seeks "All non-privileged Documents relating to Your involvement in any prior TCPA litigation," without so much as a time limitation, instead of a specific and reasonably particularized category of documents as the rules require. Indeed, the burden placed upon Plaintiff to produce all such documents is overwhelming and beyond the scope of Rule 26 and plainly excessive given the

limited needs of this case. Seeking "All non-privileged Documents," in any manner so much as "relating to" "involvement in any prior TCPA litigation" encompasses potentially thousands of pages of records. For other categories of documents, including discovery responses, depositions, and settlement agreements, such information may further be subject to court-imposed confidentiality or protective orders. As multiple courts have held, one's prior litigation history is irrelevant to the case at hand, and as such, is neither relevant nor proportional to the needs of the case. Furthermore, this request is harassing. Plaintiff further objects to the extent the request seeks documents that are publicly available in court filings, as those are equally accessible to Defendant. The Plaintiff objects insofar as this request plainly seeks attorney-client communications, expert communications, and other forms of privileged communications, as well as communications protected by confidentiality agreements, protective orders, and various rules of the Federal Rules of Evidence. The underlying policy of Rule 408, which encourages the efficient settlement of disputes, leads courts to adopt a more demanding standard than that in Rule 26(b)(1) when it comes to the discoverability of settlement information. The Plaintiff objects to this request insofar as it purports to assert that the Plaintiff has such documents in his possession, care, custody, or control, and insofar as this request seeks information which never existed, or which were never stored in any medium from which data may be retrieved, accessed, read, or examined, or fixed in any tangible form. The Plaintiff objects insofar as this request is vague and confusing. Plaintiff further objects in that this request is unlimited in time and scope. Moreover, as this is an action alleging violation of consumer privacy statutes, this discovery is disproportionate and substantially impacts Plaintiff's privacy rights, in addition to being harassing. The Plaintiff objects to this request in that it intimates that filing multiple lawsuits or initiating litigation is inappropriate, unlawful, untoward, nefarious, or otherwise improper.

45.    All Documents reflecting any communication by You with any Person or entity (not including Your litigation counsel) regarding alleged TCPA or other telemarketing law violations, including but not limited to all "demand letters" or other forms of communication in or through which You have asserted such a violation by any Person or entity, other than Viasat.

Response: Plaintiff objects to this request insofar as it seeks documents other than the telephone number or calls at issue in this case and includes information not relevant to any party's claim or defense, do not relate in any manner to Defendant, and as a result are not proportional to the needs of the case. Plaintiff objects to this

request insofar as it seeks "all documents" in any manner "reflecting any communication" regarding alleged TCPA or other telemarketing law violations. Plaintiff further objects in that it seeks such documents without so much as a time limitation, instead of a specific and reasonably particularized category of documents as the rules require. Indeed, the burden placed upon Plaintiff to produce all such documents is overwhelming and beyond the scope of Rule 26 and plainly excessive given the limited needs of this case. Seeking this information encompasses potentially thousands of pages of records. The underlying policy of Rule 408, which encourages the efficient settlement of disputes, leads courts to adopt a more demanding standard than that in Rule 26(b)(1) when it comes to the discoverability of settlement information. Multiple other Courts have similarly held that they are not persuaded that financial information such as the specific amounts of Plaintiff's prior TCPA settlements or awards is relevant to [Defendant's] defenses. Plaintiff further objects in that this request is unlimited in time and scope. Moreover, as this is an action alleging violation of consumer privacy statutes, this discovery is disproportionate and substantially impacts Plaintiff's privacy rights, in addition to being harassing. As multiple courts have held, one's prior litigation history is irrelevant to the case at hand, and as such, is neither relevant nor proportional to the needs of the case. The Plaintiff objects insofar as this request plainly seeks attorney-client communications, expert communications, and other forms of privileged communications, as well as communications protected by confidentiality agreements, protective orders, and various rules of the Federal Rules of Evidence. The Plaintiff objects to this request in that it intimates that initiating litigation or conducting pre-litigation investigation for violations of the law is inappropriate, unlawful, untoward, nefarious, or otherwise improper. Furthermore, any public records of lawsuits filed by the Plaintiff and public filings therein are publicly available, and equally available to the Defendant. The Plaintiff objects to this request insofar as it purports to assert that the Plaintiff has such documents in his possession, care, custody, or control, and insofar as this request seeks information which never existed, or which were never stored in any medium from which data may be retrieved, accessed, read, or examined, or fixed in any way in any tangible form.

46.    All Documents relating to or reflecting any financial compensation agreement between You and any other Person or entity (excluding Viasat), regardless of who is being compensated, relating to the allegations in the Complaint, this Action, or Viasat.

Response: Plaintiff objects to this request insofar as it seeks documents other than the telephone number or calls at issue in this case and includes information not relevant to any party's claim or defense, do not relate in any manner to Defendant, and as a result are not proportional to the needs of the case. Plaintiff objects to this request insofar as it seeks "all documents" in any manner "relating to or reflecting" any "financial compensation agreement," and as such the request is overly broad and disproportional to the needs of the case, including by rendering it impermissibly vague as it does not put Plaintiff on notice of the exact documents which are being sought. Plaintiff objects that this demand does not set forth a reasonably particularized category of documents to be produced. As written, the request plainly encompasses the Plaintiff's retainer agreement with his counsel. The Plaintiff further objects in that the request can be read in such a way that it makes no attempt to tailor itself to specific discoverable information but is rather a fishing expedition for documents in any way even tangentially related to financial compensation agreements or the claims asserted in this case or statements made therein, which implicates significant personal privacy and confidentiality concerns, which includes irrelevant, disproportional information of a highly sensitive and personal nature, including, but not limited to, communications protected by various privileges, including attorney-client privilege. Moreover, as this is an action alleging violation of consumer privacy statutes, this discovery is disproportionate and substantially impacts Plaintiff's privacy rights. It is also harassing on the same basis. The Plaintiff objects as production or identification of any of these materials is overly broad and constitutes an undue burden when compared to any relevance they have on this matter, as it is not sufficiently specific to place the Plaintiff on notice of exactly what documents Defendant is seeking, and substantially invades his privacy interests. Plaintiff further objects insofar as this request plainly seeks attorney-client communications, common interest privilege, communications with experts, and/or trial preparation materials, expert communications, and other forms of privileged communications, as well as communications protected by confidentiality agreements, protective orders, and various rules of the Federal Rules of Evidence. The Plaintiff objects to this request to the extent it requires the disclosure of attorney-client communications. The Plaintiff objects to this request insofar as it purports to assert that the Plaintiff has such documents in his possession, care, custody, or control, and insofar as this request seeks information which never existed, or which were never stored in any medium from which data may be retrieved, accessed, read, or examined, or fixed in any way in any tangible form.

47.    All non-privileged Documents reflecting all financial compensation You have already received or were paid in connection with this Action or any prior

TCPA litigation in which You were involved, including but not limited to banking records, wire transfers, and copies of checks.

Response: Plaintiff objects to this request insofar as it seeks documents other than the telephone number or calls at issue in this case and includes information not relevant to any party's claim or defense, do not relate in any manner to Defendant, and as a result are not proportional to the needs of the case. This request is overly broad in that it seeks all financial documents relating to recovery of statutory damages under the TCPA involving the Plaintiff, without so much as a time limitation, instead of a specific and reasonably particularized category of documents as the rules require. Indeed, the burden placed upon Plaintiff to produce all such documents is overwhelming and beyond the scope of Rule 26 and plainly excessive given the limited needs of this case. Seeking "all non-privileged documents," without exception, in any manner so much as "reflecting" "all financial compensation" encompasses potentially hundreds of pages of records. The Plaintiff objects insofar as this request plainly seeks attorney-client communications, expert communications, and other forms of privileged communications, as well as communications protected by confidentiality agreements, protective orders, and various rules of the Federal Rules of Evidence. Indeed, multiple other Courts have similarly held that they are not persuaded that financial information such as the specific amounts of Plaintiff's prior TCPA settlements or awards is relevant to Defendant's defenses. The underlying policy of Federal Rule of Evidence 408, which encourages settlement, leads courts to adopt a more demanding standard for the discoverability of settlement information than for general discovery. Plaintiff further objects in that this request is unlimited in time and scope. Moreover, as this is an action alleging violation of consumer privacy statutes, this discovery is disproportionate and substantially impacts Plaintiff's privacy rights, in addition to being harassing. As multiple courts have held, one's prior litigation history, or the amount of statutory damages they have recovered, is irrelevant to the case at hand, and as such, is neither relevant nor proportional to the needs of the case. The Plaintiff objects insofar as this request is vague and confusing. Plaintiff objects to this request insofar as it purports to assert that Plaintiff has or had such documents in his possession, care, custody, or control, and insofar as this request seeks information which never existed, or which was never stored in any medium from which data may be retrieved, accessed, read, or examined, or fixed in any way in any tangible form. The Plaintiff objects to this request in that it intimates that initiating litigation or conducting pre-litigation investigation for violations of the law is inappropriate, unlawful, untoward, nefarious, or otherwise improper. Furthermore, any public records of lawsuits filed by the Plaintiff and public filings therein are publicly available, and equally available to the Defendant.

48.   All Documents referred to or identified in Your Rule 26(a) Initial Disclosures in this Action, to the extent not produced in response to the preceding RFPs.

Response: Plaintiff objects to this request insofar as it seeks documents other than the telephone number or calls at issue in this case and includes information not relevant to any party's claim or defense, do not relate in any manner to Defendant, and as a result are not proportional to the needs of the case. Plaintiff objects to this request insofar as it seeks "all documents" so much as "referred to or identified" in the Plaintiff's Initial Disclosures, and as such the request is overly broad and disproportional to the needs of the case, including by rendering it impermissibly vague as it does not put Plaintiff on notice of the exact documents which are being sought. Plaintiff objects that this demand does not set forth a reasonably particularized category of documents to be produced. Indeed, as the Plaintiff noted in his initial disclosures, some of the documents and categories of documents the Plaintiff requires are within the sole possession, care, custody, and control of the Defendant. The Plaintiff further objects in that the request can be read in such a way that it makes no attempt to tailor itself to specific discoverable information but is rather a fishing expedition for documents in any way even tangentially related to the initial disclosures, or statements made therein, which implicates significant personal privacy and confidentiality concerns, which includes irrelevant, disproportional information of a highly sensitive and personal nature, including, but not limited to, communications protected by various privileges, including attorney-client privilege. Plaintiff objects in that this request seeks information which is more available, or only so, to the Defendant, than the Plaintiff. The Plaintiff objects to this request to the extent it requires the disclosure of attorney-client communications. The Plaintiff objects to this request insofar as it purports to assert that the Plaintiff has such documents in his possession, care, custody, or control, and insofar as this request seeks information which never existed, or which were never stored in any medium from which data may be retrieved, accessed, read, or examined, or fixed in any tangible form. Moreover, this case is yet in a nascent stage and it is not clear what additional documents may be revealed, including those documents currently solely within the possession, care, custody, and control of Defendant. Notwithstanding the foregoing, the Plaintiff is not currently in possession of any relevant responsive documents referred to or mentioned in his Initial Disclosures beyond those which he has already agreed to produce or has produced.

49.   All Documents evidencing that Defendant itself (and not a third party) physically placed any phone calls or text messages to You as alleged in the

Complaint, to the extent not produced in response to the preceding RFPs.

Response: Plaintiff objects to this request insofar as it seeks documents other than the telephone number or calls at issue in this case and includes information not relevant to any party's claim or defense, do not relate in any manner to Defendant, and as a result are not proportional to the needs of the case. Plaintiff objects to this request insofar as it seeks "all documents" in any manner "evidencing" that Defendant itself physically placed any phone calls or text messages, and as such the request is overly broad and disproportional to the needs of the case, including by rendering it impermissibly vague as it does not put Plaintiff on notice of the exact documents which are being sought. Plaintiff objects that this demand does not set forth a reasonably particularized category of documents to be produced. Indeed, as the Plaintiff has noted, Defendant deliberately spoofed its caller ID so as to evade detection. However, as the Plaintiff has also explained, he investigated the caller on the calls and ascertained that ViaSat sent the calls at issue. That renders this Request practically impossible to comply with, as Defendant has taken the position that it did not attempt to charge the Plaintiff's credit card or send the Plaintiff an email. The Plaintiff further objects in that the request can be read in such a way that it makes no attempt to tailor itself to specific discoverable information but is rather a fishing expedition for documents in any way even tangentially related to the calls or text messages, which implicates significant personal privacy and confidentiality concerns, which includes irrelevant, disproportional information of a highly sensitive and personal nature, including, but not limited to, communications protected by various privileges, including attorney-client privilege. Plaintiff objects in that this request seeks information which is more available, or only so, to the Defendant, than the Plaintiff. The Plaintiff objects to this request to the extent it requires the disclosure of attorney-client communications. The Plaintiff objects to this request insofar as it purports to assert that the Plaintiff has such documents in his possession, care, custody, or control, and insofar as this request seeks information which never existed, or which were never stored in any medium from which data may be retrieved, accessed, read, or examined, or fixed in any tangible form. Notwithstanding the foregoing, the Plaintiff is not currently in possession of any relevant responsive documents beyond those which he has already agreed to produce or has produced.

50.    All Documents provided to You by (or obtained by You from) any third parties, whether by subpoena or otherwise, relating to the allegations in the Complaint, this Action, and/or Viasat, including but not limited to any, declarations, affidavits, recordings, or written statements.

Response: Plaintiff objects to this request insofar as it seeks documents other than the telephone number or calls at issue in this case and includes information not relevant to any party's claim or defense, do not relate in any manner to Defendant, and as a result are not proportional to the needs of the case. Plaintiff objects to this request insofar as it seeks "all documents" in any manner "provided to" or "obtained from" any third parties, and as such the request is overly broad and disproportional to the needs of the case, including by rendering it impermissibly vague as it does not put Plaintiff on notice of the exact documents which are being sought. Plaintiff objects that this demand does not set forth a reasonably particularized category of documents to be produced. Plaintiff objects insofar as this request seeks attorney-client, common interest privilege, trial preparation, or similar materials. Plaintiff objects as this request is premature and the Plaintiff has not yet received all responsive subpoena responses, nor has the Plaintiff issued all the subpoenas he intends to issue. The Plaintiff further objects in that the request can be read in such a way that it makes no attempt to tailor itself to specific discoverable information but is rather a fishing expedition for documents in any way even tangentially related to the allegations in the Complaint, which implicates significant personal privacy and confidentiality concerns, which includes irrelevant, disproportional information of a highly sensitive and personal nature, including, but not limited to, communications protected by various privileges, including attorney-client privilege. Plaintiff objects in that this request seeks information which is more available, or only so, to the Defendant, than the Plaintiff. The Plaintiff objects to this request to the extent it requires the disclosure of attorney-client communications. The Plaintiff objects to this request insofar as it purports to assert that the Plaintiff has such documents in his possession, care, custody, or control, and insofar as this request seeks information which never existed, or which were never stored in any medium from which data may be retrieved, accessed, read, or examined, or fixed in any tangible form. Notwithstanding the foregoing, the Plaintiff has already provided a copy of all subpoenas issued by the Plaintiff in this case, in compliance with Rule 45(a)(4). The Plaintiff has already produced copies of each subpoena response and all documents and correspondence received in response to the same. Notwithstanding the foregoing, the Plaintiff will produce a copy of any non-produced subpoena documents and communications, within a reasonable time not to exceed thirty days, as contemplated by FED. R. CIV. P. 34(b)(2)(B). Plaintiff further reserves the right to supplement as he comes into possession of more responsive documents.

51.    All Documents or other information produced in response to any subpoena issued by You in this Action, to the extent not produced in response to the preceding RFP.

Response: Plaintiff objects to the extent that the request is not relevant to any party's claim or defense or proportional to the needs of the case other than the telephone numbers or contacts at issue in this case. Plaintiff further objects insofar as this request calls for privileged information. Plaintiff further objects to this request as violative of the Parties' agreed scheduling order, which limited each party to 50 Requests for Production. Plaintiff refuses to answer this Request on the basis of the foregoing objections. Plaintiff reserves the right to assert further objections and responses as warranted.

52.    All Documents related to any damages You contend You incurred in this Action, including the computation thereof.

Response: Plaintiff objects to the extent that the request is not relevant to any party's claim or defense or proportional to the needs of the case other than the telephone numbers or contacts at issue in this case. Plaintiff further objects insofar as this request calls for privileged information. Plaintiff further objects to this request as violative of the Parties' agreed scheduling order, which limited each party to 50 Requests for Production. Plaintiff refuses to answer this Request on the basis of the foregoing objections. Plaintiff reserves the right to assert further objections and responses as warranted.

53.    Copies of all Communications, statements, videos, GIFs, or other postings that You made on or via Facebook, Twitter, Snapchat, TikTok, Instagram, Linked In, Slack, Venmo, Reddit, or Discord or any other social media, blog, or news source websites from March 1, 2024 to the present evidencing, relating to, or referring in any way to Viasat, the allegations in the Complaint, telemarketing, alleged telemarketing Calls or texts, TCPA claims, or the TCPA generally.

Response: Plaintiff objects to the extent that the request is not relevant to any party's claim or defense or proportional to the needs of the case other than the telephone numbers or contacts at issue in this case. Plaintiff further objects insofar as this request calls for privileged information. Plaintiff further objects to this request as violative of the Parties' agreed scheduling order, which limited each party to 50

Requests for Production. Plaintiff refuses to answer this Request on the basis of the foregoing objections. Plaintiff reserves the right to assert further objections and responses as warranted.

RESPECTFULLY SUBMITTED AND DATED this 21st day of October, 2025.

*/s/ Andrew Roman Perrong*
Andrew Roman Perrong, Esq.
PA Bar #333687
Perrong Law LLC
2657 Mount Carmel Avenue
Glenside, Pennsylvania 19038
Phone: 215-225-5529 (CALL-LAW)
Facsimile: 888-329-0305
a@perronglaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on October 21, 2025, a copy of the foregoing was served electronically on counsel for the Defendants via e-mail at "Heeringa, Paul" <PHeeringa@manatt.com>"Steven C. Tolliver, Jr." <sct@elliottgreenleaf.com>, "McGuinness, John" <JMcGuinness@manatt.com>, Fred Santarelli <fpsantarelli@elliottgreenleaf.com>, "Brenda, Bryce" <BBrenda@manatt.com>

*/s/ Andrew Roman Perrong*
Andrew Roman Perrong, Esq.
PA Bar #333687
Perrong Law LLC
2657 Mount Carmel Avenue
Glenside, Pennsylvania 19038
Phone: 215-225-5529 (CALL-LAW)
Facsimile: 888-329-0305
a@perronglaw.com