**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ASHER BRONSTIN, individually and on behalf of all other similarly situated, | |
| Plaintiff, | Civil Action No. 1:25-cv-00927-KMN |
| v. | (Hon. Keli M. Neary) |
| VIASAT, INC., | |
| Defendant. | |

## NOTICE OF ADDITIONAL EVIDENCE IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

Defendant Viasat Inc. ("Viasat") respectfully submits this Notice of Additional Evidence in support of its pending Motion to Dismiss ("Motion") Plaintiff's First Amended Complaint ("FAC"), which seeks dismissal in part for lack of standing. *See* Dkt. 24 at 7-10; Dkt. 37 at 2-13. The evidence was produced by Plaintiff on November 20, 2025, after the Motion was already fully briefed.

Attached as Exhibits A and B are certified transcripts of audio recordings, produced by Plaintiff, of the two calls at issue.[1] This evidence, which was in his possession before this suit was even filed, shows Viasat did not place the calls as alleged, and thus supports its factual standing challenge and warrants the FAC's dismissal with prejudice. *See* Dkt. 21, ¶ 39 ("Plaintiff alleges direct liability here.").

---

[1] The transcripts were prepared at Viasat's request, and have been partially redacted to remove personally identifying information. As they cannot be filed on the Court's docket electronically, the audio recordings will be submitted to chambers separately.

Specifically, Plaintiff's FAC alleges that Plaintiff received two calls on April 19, 2024, originating from different phone numbers—one with a 931-area code, and the other with a 530-area code. *See id.,* ¶¶ 27-31. As the Court recognized when bifurcating discovery, Plaintiff "claims the phone numbers that called him were from the carrier IP Horizon" but authenticated evidence obtained from that entity confirms that "IP Horizon does not have any record of ViaSat [*sic*] being associated with the subject numbers for the relevant time period in this case." Dkt. 36 at 2. The IP Horizon evidence corroborates the sworn testimony Viasat submitted with its Motion that it has no connection to those phone numbers. *See* Dkt. 23-1, ¶¶ 12-13.

The audio recordings of the subject calls further corroborates IP Horizon's evidence and Viasat's declaration. Viasat is not even mentioned in the 931-call. *See* Exhibit A, attached.[2] And during the 530-call, Plaintiff was transferred at least twice[3] by two unidentified persons before a third unidentified person offered Viasat's *and other* internet service providers' services—which was only after Plaintiff feigned

---

[2] This is significant because a violation of the TCPA's National Do-Not-Call Registry rules (the only claim Plaintiff asserts in his FAC) requires receipt of ***more than one*** "telephone solicitation" from or on behalf of the "same entity" in a 12-month period. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2). One such alleged call is not enough to state a claim. *See, e.g., Gillam v. Reliance First Capital, LLC,* 2023 WL 2163775, at *3 (E.D.N.Y. Feb. 22, 2023) (dismissing under Rule 12(b)(6) on this basis).

[3] This is significant because calls made by a third party and transferred to someone else do not support direct liability under the TCPA. *See Landy v. Nat. Power Sources, LLC,* 2021 WL 3634162, at *3 (D.N.J. Aug. 17, 2021) (dismissing under 12(b)(6) on this basis). *See also* Dkt. 24 at 10-19 (discussing legal standards for direct TCPA liability, which require the defendant to physically place a call directly to the plaintiff).

interest in switching to a "cheaper internet option" and provided his home address and other information to determine which internet services were available for purchase in his area. *See* Exhibit B, attached. In short, these recordings further confirm and support Viasat's argument that Plaintiff lacks an injury-in-fact, let alone one that is traceable to Viasat, as required for Article III standing. *See* Dkt. 24 at 7-10; Dkt. 37 at 2-13.

.

Dated: January 21, 2026

Respectfully submitted,

By: */s/ A. Paul Heeringa*

John W. McGuinness
(*Pro Hac Vice* to be Requested)
A. Paul Heeringa
(Admitted *Pro Hac Vice*)
MANATT, PHELPS & PHILLIP, LLP
1050 Connecticut Avenue, NW, Suite 600
Washington, D.C. 20036
Telephone: 202-585-6500
jmcguinness@manatt.com
pheeringa@manatt.com

FREDERICK P. SANTARELLI (PA 53901)
STEVEN C. TOLLIVER, JR. (PA 327165)
ELLIOTT GREENLEAF, P.C.
Union Meeting Corporate Center V
925 Harvest Drive, Suite 300
Blue Bell, PA 19422
(215) 977-1000 (phone)
FPSantarelli@elliottgreenleaf.com
sct@elliottgreenleaf.com

*Counsel for Defendant Viasat, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I certify that, on January 21, 2026, I filed the foregoing electronically through the Court's CM/ECF system, which will send notice of same to all counsel of record.

By: <u>/s/ A. Paul Heeringa</u>