IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ASHER BRONSTIN,** individually and on behalf of all others similarly situated, *Plaintiff*, v. **VIASAT INC.** *Defendant.* | Case No. 1:25−CV−00927−KMN  **CLASS ACTION**  **JURY TRIAL DEMANDED** |

## BRIEF IN SUPPORT OF MOTION
## FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

Plaintiff respectfully seeks leave of court to amend his class action complaint to add in as a Defendant The Preferred Prepaid, Inc., d/b/a XYZies, whom Plaintiff alleges directly placed the subject calls at issue, which were then transferred directly to Defendant ViaSat, and which Defendant ViaSat used to directly sell the Plaintiff the Defendant's goods and services, including by directly emailing the Plaintiff and directly charging the credit card Plaintiff provided on the second illegal call. In accordance with Rule 15(a)(2)'s mandate, and in the spirit of FED. R. CIV. P. 1, this Court should "freely" grant leave to amend because it will secure the just, speedy, and inexpensive determination of this class action dispute.

1

## FACTS AND PROCEDURAL HISTORY

As this Court is well aware, this case is a putative class action alleging violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"). In response, the Defendant filed a motion to dismiss the Plaintiff's complaint, to which Plaintiff filed an amended complaint. Defendant filed a second motion to dismiss, which has been fully briefed and is pending. Throughout the pendency of this motion, the parties have undertaken discovery in this matter, which has been bifurcated. Pursuant to the Court's order at the parties' discovery dispute conference, Defendant identified the involvement of XYZies. Discovery has revealed that the purportedly "inbound" call the Plaintiff allegedly made to ViaSat was, in reality, a call *transfer* made from the new Defendant sought to be added, XYZies, to ViaSat, as a result of two calls that the Second Amended Complaint makes clear that Defendant XYZies placed.

As a result, the Plaintiff alleges a direct liability cause of action as against XYZies for the calls Plaintiff received from XYZies selling ViaSat's services, and a vicarious liability cause of action as against ViaSat for the calls XYZies placed on its behalf. In so doing, the Plaintiff is merely alleging that XYZies is directly liable for the calls that have been at issue in this case from the beginning. The amendment adds no additional claims as against ViaSat, but merely clarifies the

relationship between the parties and the entity whom discovery has revealed physically placed the calls at issue.

## STATEMENT OF QUESTIONS INVOLVED

1.     Should the Court permit the filing of the Plaintiff's proposed Second Amended Complaint, which adds direct liability claims against an additional Defendant, The Preferred Prepaid, Inc., d/b/a XYZies?

*Suggested Answer*: Yes.

*Defendant's Anticipated Answer*: No.

## LAW AND ARGUMENT

A. *Amendment is proper to appropriately allege who is directly and vicariously liable.*

"[U]nder federal common-law principles of agency, there is vicarious liability for TCPA violations." *Campbell-Ewald Co. v. Gomez*, 136 S. Ct. 663, 674, 193 L. Ed. 2d 571 (2016). Vicarious liability is a critical component to the TCPA's enforcement, as the FCC explained in *In re The Matter of Joint Petition Filed by Dish Network, et al.*, 28 F.C.C. Rcd. 6574, 6584 (2013):

> [W]e see no reason that a seller should not be liable under [227(c)] for calls made by a third-party telemarketer when it has authorized that telemarketer to market its goods and services. In that circumstance, the seller has the ability, through its authorization, to oversee the conduct of its telemarketers, even if that power to supervise is unexercised. *Id.* at 6593
>
> [T]he seller is in the best position to monitor and police TCPA compliance by third-party telemarketers. . . . [P]otential seller liability will give the seller appropriate incentives to ensure that their

3

telemarketers comply with our rules. By contrast, allowing the seller to avoid potential liability by outsourcing its telemarketing activities to unsupervised third parties would leave consumers in many cases without an effective remedy for telemarketing intrusions . . . absent the application of agency-related principles, the seller (in this instance) would benefit from undeterred unlawful acts, and the statute's purpose would go unrealized.

At the outset of this litigation, ViaSat claimed that the Plaintiff "made an inbound call to 855-478-5112 on April 19, 2024, at 2:17 pm Pacific Time." (ECF No. 11-2, ¶ 12). However, the Plaintiff's telephone records from Google Fi which were produced in discovery responsive to a subpoena instead revealed no such call to this number, and moreover, confirm that the Plaintiff received the two calls he alleged from "spoofed" caller IDs at the times stated in his Complaint and First Amended Complaint. And, in response to the Court ordering ViaSat to provide the information, ViaSat subsequently confirmed that this purported "inbound call" to ViaSat was instead a call that was *transferred* to ViaSat by a vendor, whom ViaSat identified as XYZies, the Defendant sought to be added in amendment. Based on these developed facts as now known to the Plaintiff, the amendment advances a theory of the case that makes clear that XYZies called the Plaintiff with spoofed telephone calls to sell ViaSat's services, which it then transferred during the same call to ViaSat, and which ViaSat ultimately used to attempt to complete the sale of its services. As a result, the Second Amended Complaint asserts a theory of direct liability as against XYZies and a theory of vicarious liability as against ViaSat.

As such, the proposed amendment is necessary to conform the pleadings to the evidence developed in discovery, including that ViaSat subsequently identified that XYZies *transferred* the calls to it, which would mean that XYZies placed them as an initial matter. What's more, only by adding XYZies as an additional defendant will the Court be able to "accord complete relief among existing parties." FED. R. CIV. P. 19(a)(1)(A). Plaintiff now alleges, with the benefit of discovery, that XYZies physically placed the calls at issue, and that ViaSat is vicariously liable for that conduct. As the party actually committing the allegedly tortious conduct at issue, XYZies is also an indispensable party requiring joinder.

In examining the language of Rule 19, courts in the Third Circuit consider, at minimum, whether there are tortfeasors as necessary parties who must ordinarily be joined. See *Mattia v. Allstate Ins. Co.*, No. CIV.A. 14-2099, 2014 WL 2880302, at *5 (E.D. Pa. June 24, 2014). Because the Second Amended Complaint makes clear that XYZies physically placed the calls at issue, XYZies is a necessary party to the action, and therefore he must be joined into the complaint if feasible. *Tullett Prebon PLC v. BGC Partners, Inc.*, 427 Fed.Appx. 236, 239 (3d Cir. 2011). Indeed, it was not until discovery that XYZies' involvement in the subject conduct was uncovered after the Court compelled ViaSat to identify XYZies.

It is telling here that the framers of Rule 19 used the word "must," a word that is entitled to one of the strongest presumptions known to the law. It is a

5

mandate with only one exception: if the joinder would be infeasible. And here, nothing indicates that joinder would be infeasible. *See United Takeda Pharms. USA, Inc. v. Spireas*, No. CV 17-0452, 2017 WL 4401988, at *12 (E.D. Pa. Oct. 3, 2017). XYZies exists as an entity. *See id.* It continues to operate, and it continues to manage its affairs. *See id.* Finally, it is an entity that is directly liable for the TCPA violations alleged herein as the entity alleged to have physically placed the calls at issue.

Moreover, discovery has not closed and the litigation is still at a very early stage, with ViaSat having filed a pending motion to dismiss. As a result, an amendment would not prejudice ViaSat; it would only cause ViaSat to be held to account for actions on a theory of vicarious, as opposed to direct, liability. What's more, judicial economy would actually be further served here because the Plaintiff and the putative class are better served proceeding in this matter rather than needing to initiate a new action to seek to add XYZies.

B. *Justice requires the amendment, which does not prejudice ViaSat.*

Whether justice requires an amendment is a question left to the trial court's sound discretion and is reviewed on an abuse of discretion standard. Reasons for denying a plaintiff's request for leave to amend a complaint include prejudice to the nonmoving party, undue delay, bad faith or dilatory motive, and futility. *Foman v. Davis*, 371 U.S. 178, 182 (1962). None of these factors are present here.

First, as explained above, there is no additional prejudice to ViaSat, who was in the litigation as an initial matter and is now being sued under a theory of vicarious, as opposed to direct, liability. Moreover, ViaSat cannot claim prejudice as a result of identifying, in discovery, what happened, that it received a transferred call from XYZies, and that XYZies placed the subject call. ViaSat knew all along that XYZies transferred the subject call to it (which accounts for why ViaSat's records also show a shorter call duration), but refused to even identify XYZies' involvement or potential involvement in the conduct at issue until the Court ordered ViaSat to identify the vendor involved in the call transfer to ViaSat. The scope of discovery in this case is and has been the same all along and within ViaSat's knowledge the whole time, whether or not XYZies is part of the case.

Second, the amendment is not done for undue delay, bad faith, or a dilatory motive. The Parties are not on the eve of trial, discovery has not closed, and the deadline to certify the class has not yet passed. Rather, the amendment is merely done to conform the pleadings to the evidence that has been adduced in this litigation. To establish prejudice, "the nonmoving party must do more than merely claim prejudice; it must show that it was unfairly disadvantaged or deprived of the opportunity to present facts or evidence which it would have offered had the amendments been timely." *In re Charys Holding Co., Inc.*, 443 B.R. 638, 644 (Bankr. D. Del. 2011) (cleaned up). That is plainly not the case here, where the

case is at the pleadings stage, and the Plaintiff would ordinarily have had the right to amend as of right.

Finally, there is no clear futility. In sum, when evaluating the futility of an amendment, this Court is guided by the 12(b)(6) standard and must evaluate if the Plaintiff has stated a claim upon which relief could be granted. *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997). Importantly, the mere prospect that the Defendant will file a motion to dismiss does not create *clear* futility that justifies denying an amendment. *In re: L'Oreal Wrinkle Cream Mktg. Pracs. Litig..*, No. 2415, 2015 WL 5770202, at *4 (D.N.J. Sept. 30, 2015) ("[T]he likelihood that Defendants may attack the amended complaint with motion practice does not render the amendment itself prejudicial. . . . Rule 15 futility does not contemplate substantive motion practice on the merits of the claims. . . . If a proposed amendment is not *clearly* futile, then denial of leave to amend is improper."); *United States ex rel. Petratos v. Genentech, Inc.*, 141 F. Supp. 3d 311, 315 n.2 (D.N.J. 2015). Here, the Plaintiff alleges a plain claim for direct liability against XYZies, and a vicarious liability claim against ViaSat, which would not be futile, since vicarious liability in the TCPA context is ordinarily an issue that requires extensive discovery and is not resolvable at the pleadings stage. *See City Select Auto Sales, Inc. v. David Randall Assocs., Inc.*, No. CIV.A. 11-2658 JBS,

2014 WL 4755487, at *7 n.5 (D.N.J. Sept. 24, 2014); *McLaren v. UPS Store, Inc.*, No. CV 21-14424 (RMB/MJS), 2025 WL 3238934, at *15 (D.N.J. Nov. 20, 2025).

Moreover, multiple courts in the TCPA context have already held that amendment of pleadings in TCPA cases to conform to the evidence is an appropriate, non-futile reason to grant amendment. *E.g.*, *Dobronski v. Selectquote Ins. Servs.*, 462 F. Supp. 3d 784, 788 (E.D. Mich. 2020); *Perrong v. Victory Phones LLC*, 519 F. Supp. 3d 193, 199 (E.D. Pa. 2021) (granting amendment to rectify a pleading deficiency); *Hastings v. Triumph Prop. Mgmt. Corp.*, No. 216CV00213JADPAL, 2017 WL 388809, at *3, *4 (D. Nev. Jan. 26, 2017) (granting amendment that added an additional party as a primary defendant).

Finally, it would be improper for Defendant ViaSat to assert "futility" objections properly asserted only by XYZies, such as a possible argument that XYZies had nothing to do with the calls at issue, and which XYZies will have the own opportunity to challenge itself. *Conrad v. Lopez De Lasalle*, 681 F. Supp. 3d 371, 383 (D.N.J. 2023) ("[A] current party unaffected by a proposed amendment lacks standing to raise a futility argument on behalf of non-parties in opposition to a motion for leave to amend or supplement a complaint.").

Most importantly, denying leave here would force an inefficient, duplicative alternative. If Plaintiff is not permitted to amend his Complaint in this action, Plaintiff's only realistic option is to dismiss without prejudice as of right and refile

again, alleging the very complaint he seeks to have in amendment, be forced to re-serve Defendants, and possibly go through yet another round of briefing on arguments regarding discovery. That is the opposite of judicial economy. Granting leave allows the parties and the Court to resolve claims arising from the same conduct against the party alleged to have committed it in one forum, on one schedule, with one discovery record, precisely what Rule 15's liberal amendment policy is designed to facilitate. For the foregoing reasons, the Court should hold that justice requires the amendment and grant the motion accordingly. The Court should "freely give leave" for the Plaintiff to do so. Under the circumstances here and procedural posture, amendment would not be futile, would conform the evidence to the pleadings, and permit this litigation to proceed in due course.

## **CONCLUSION**

WHEREFORE, for the reasons set forth herein, the Plaintiff respectfully requests that the Court grant leave for the Plaintiff to file the Amended Complaint as the operative Complaint in this matter.

RESPECTFULLY SUBMITTED AND DATED this 17th day of February, 2026.

*/s/ Andrew Roman Perrong*
Andrew Roman Perrong, Esq.
PA Bar #333687
Perrong Law LLC
2657 Mount Carmel Avenue

Glenside, Pennsylvania 19038  
Phone: 215-225-5529 (CALL-LAW)  
Facsimile: 888-329-0305  
a@perronglaw.com

## CERTIFICATE OF SERVICE

I certify that I filed the foregoing via ECF on the below date, which will automatically send a copy to all attorneys of record on the case.

Dated: February 17, 2026

<i>/s/ Andrew Roman Perrong</i>  
Andrew Roman Perrong, Esq.  
PA Bar #333687  
Perrong Law LLC  
2657 Mount Carmel Avenue  
Glenside, Pennsylvania 19038  
Phone: 215-225-5529 (CALL-LAW)  
Facsimile: 888-329-0305  
a@perronglaw.com