# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| ASHER BRONSTIN, individually and on behalf of all other similarly situated, | |
| Plaintiff, | Civil Action No. 1:25-cv-00927-KMN |
| v. | (Hon. Keli M. Neary) |
| VIASAT, INC., | |
| Defendant. | |

## DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO AMEND COMPLAINT

## TABLE OF CONTENTS

INTRODUCTION ...........................................................................................................1

FACTUAL BACKGROUND AND PROCEDURAL HISTORY .............................1

ARGUMENT .................................................................................................................4

I.    Amendment is Futile Because the Sac Would Be Dismissed On Jurisdictional and Pleading Grounds. ...........................................................5

   a.    The SAC Fails to Establish Article III Standing Because the Alleged Calls Are Not Fairly Traceable to Viasat.................................................5

   b.    The SAC Fails to Plausibly Plead Any TCPA Liability Theory............7

II.   Allowing Amendment Would Unduly Prejudice Viasat and Delay Resolution of Threshold Issues...........................................................................8

III.  The Motion to Amend Reflects Dilatory Motive and Bad Faith.....................9

CONCLUSION .............................................................................................................11

i

# TABLE OF AUTHORITIES

## CASES

*Berk v. Ritz Carlton Condo. Ass'n,*
2021 WL 2651252 (D.N.J. Nov. 12, 2021) ........................................................9

*Blue Gentian, LLC v. Tristar Prods., Inc.,*
2024 WL 4719560 (D.N.J. Nov. 8, 2024) ......................................................8, 9

*Carter v. SNC-Lavalin Constructors, Inc.,*
2019 WL 918382 (D. Md. Feb. 25, 2019) .........................................................10

*Constitution Party of Pa. v. Aichele,*
757 F.3d 347 (3d Cir. 2014) ..............................................................................6

*Eisenacher v. Ct. of Common Pleas of Dauphin Cnty.,*
2025 WL 510970 (M.D. Pa. Feb. 14, 2025).................................................4, 7

*Eustice v. Louisiana Through Bd. of Supervisors of La. State Univ. & Agric.*
*& Mech. Coll.,*
2020 WL 12432041 (M.D. La. Feb. 3, 2020).....................................................10

*Foman v. Davis,*
371 U.S. 178 (1962).........................................................................................4

*Goldfish Shipping, S.A. v. HSH Nordbank AG,*
623 F.Supp.2d 635 (E.D. Pa. 2009)...................................................................10

*In re NAHC, Inc. Sec. Litig.,*
306 F.3d 1314 (3d Cir. 2002) ..............................................................................5

*Jackson v. Locust Med., LLC,*
2024 WL 2701695 (M.D. Pa. May 24, 2024)......................................................4

*Katz v. CrossCountry Mortg., LLC*
2022 WL 16950481 (N.D. Ohio Nov. 15, 2022)................................................8

*Magness v. Walled Lake Credit Bureau, LLC,*
2014 WL 12610218 (E.D. Pa. Jan. 31, 2014).....................................................4

*Minter v. Prime Equip.,*
451 F.3d 1196 (10th Cir. 2006) ........................................................................10

*Schmidt v. Wells Fargo Bank, N.A.,*
2018 WL 7550261 (D.N.J. Nov. 30, 2018) ....................................................4, 5

# TABLE OF AUTHORITIES
## (continued)

### RULES

Rule 12(b)(1).................................................................................................5

Rule 12(b)(6).................................................................................................7

Rule 15 ...............................................................................................8, 9, 10, 11

Rule 15(a)(2) .................................................................................................4

## INTRODUCTION

Plaintiff's Motion to Amend the First Amended Complaint should be denied for one straightforward reason: amendment is futile.[1] Plaintiff's own recordings and the carrier records already in the record show the alleged calls were not placed by Viasat and were not transferred to Viasat. Dkts. 23-7, 23-8, 44. Plaintiff recorded both calls before he filed suit, yet he twice pleaded, and then swore, that the callers spoke as if they were calling from Viasat and confirmed they were from Viasat. Dkts. 21 ¶ 39; 30-2. The recordings refute those allegations. Dkt. 44.

The proposed SAC does not fix the same standing and pleading defects already presented in Viasat's pending Motion to Dismiss. Dkt. 24. Instead, it repackages conclusory assertions and shifts theories in an effort to moot the Motion to Dismiss on the eve of a ruling. Because the SAC would be dismissed on the same grounds, leave should be denied.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed this putative TCPA class action on May 26, 2025, alleging Viasat placed two telemarketing calls he purportedly received on April 19, 2024. Dkt. 1. His pleading theory was direct liability: the calls were from Viasat. The Complaint

---

[1] Plaintiff's proposed amended pleading is miscaptioned as a "First Amended Complaint and Demand for Jury Trial." Dkt. 49-1. If permitted, it would in fact be Plaintiff's Second Amended Complaint ("SAC"), and this brief refers to it accordingly.

1

did not attach or reference recordings, did not allege carrier evidence linking either number to Viasat, and did not plead facts showing Viasat initiated outbound telemarketing calls.

Viasat moved to dismiss on, among other grounds, Article III standing because Plaintiff did not receive a call from or on behalf of Viasat and therefore lacked an injury traceable to Viasat. Dkt. 11-1 at 7. Viasat supported that motion with sworn evidence that it does not run an outbound telemarketing program and contractually prohibits vendors from making outbound telemarketing calls on its behalf. Dkts. 11-2; 23-1. Rather than oppose, Plaintiff amended. Dkt. 21.

The First Amended Complaint "FAC" doubled down: Plaintiff alleged the callers spoke as though they were calling from Viasat, pitched only Viasat products and, during the second call, "confirmed" they were calling from Viasat. Dkt. 21, ¶¶ 33, 39. Those were categorical factual assertions offered to defeat Viasat's standing and attribution arguments.

But Plaintiff had already recorded both calls and those recordings contradict his FAC allegations and his sworn declaration. On the first call, Viasat is never mentioned. Dkt. 44-1. On the second call, the speakers transfer Plaintiff between unidentified individuals; only after Plaintiff volunteers interest in "cheaper internet options" does a speaker mention Viasat, along with other internet providers. Dkt. 44-2. No caller identifies themselves as calling from Viasat. *Id.*

2

This documentary record aligns with the carrier evidence. IP Horizon, the carrier for the 931 and 530 numbers Plaintiff says were used to call him, produced detailed records confirming neither number was assigned to, used by, or associated with Viasat or any vendor affiliated with Viasat. Dkts. 23-7, 23-8.

Viasat's sworn evidence also explains why Plaintiff's attribution theory never made sense. Viasat's marketing model is inbound: consumers initiate calls (including calls to third-party vendors that receive only inbound calls on Viasat's behalf) seeking information or to purchase services; Viasat prohibits outbound telemarketing calls by vendors. Dkt. 23-1 ¶¶ 8-12. Consistent with that model and consistent with the recordings, although Plaintiff was transferred in real time between unidentified third parties, he was never transferred to Viasat and never spoke with anyone purporting to act on Viasat's behalf. Dkt. 44-1; 44-2.

After months of discovery disputes, Viasat advised the Court that the case could not proceed if no one called Plaintiff and asked Plaintiff to produce any evidence supporting his claims. Dkt. 38 at 2-3. The Court held a discovery conference on November 19, 2025. Dkt. 39. Plaintiff produced the recordings the next day, and Viasat filed them (and certified transcripts) as supplemental evidence to the Motion to Dismiss. Dkts. 44, 45.

Only then, on the eve of a ruling on the pending Motion to Dismiss, did Plaintiff move to amend again. The proposed SAC shifts away from direct liability

3

and instead speculates that a third party physically placed the calls and that any Viasat involvement occurred after transfers. Dkt. 49-1 ¶¶ 46, 50, 61; Dkt. 52 at 4-6. But the recordings Plaintiff possessed all along show the transfers in real time and do not show any transfer to Viasat at all. Dkt. 44-1; 44-2. Plaintiff's effort to reframe his latest theory as "revealed in discovery" rewrites the record and serves only to delay a ruling on a pending Motion to Dismiss.

## ARGUMENT

Leave to amend under Rule 15(a)(2) is not automatic. Although courts "freely give leave when justice so requires," denial is appropriate where amendment would be futile, would cause undue prejudice, reflects repeated failure to cure deficiencies, or is sought in bad faith or with dilatory motive. *See, e.g., Eisenacher v. Ct. of Common Pleas of Dauphin Cnty.,* 2025 WL 510970, at *5 (M.D. Pa. Feb. 14, 2025) (**Neary, J**.) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)); *Schmidt v. Wells Fargo Bank, N.A.*, 2018 WL 7550261, at *1 (D.N.J. Nov. 30, 2018) (same). *See also Jackson v. Locust Med., LLC,* 2024 WL 2701695, at *1 (M.D. Pa. May 24, 2024) (denying leave to amend in TCPA case) (citations omitted); *Magness v. Walled Lake Credit Bureau, LLC*, 2014 WL 12610218, at *2 (E.D. Pa. Jan. 31, 2014) (same). Each of those factors is present here.

Plaintiff's proposed SAC does not cure the jurisdictional and pleading defects already identified in Viasat's pending Motion to Dismiss. Instead, it attempts to

4

reframe the case after the evidentiary record—most notably Plaintiff's own call recordings—has foreclosed his original theory. Because the SAC would be dismissed on the same grounds as the FAC, leave to amend should be denied as futile. At a minimum, allowing amendment at this stage would unfairly prejudice Viasat and needlessly delay resolution of a threshold Article III issue.

## I.      Amendment is Futile Because the SAC Would Be Dismissed On Jurisdictional and Pleading Grounds.

An amendment is futile if the proposed pleading would not survive a motion to dismiss. *See, e.g., Schmidt,* 2018 WL 7550261, at *1 (citing, *In re NAHC, Inc. Sec. Litig.,* 306 F.3d 1314, 1332 (3d Cir. 2002)).  That standard is satisfied here for two independent reasons: the SAC still fails to establish Article III standing, and it still does not plausibly plead any theory of TCPA liability against Viasat.

### a.      The SAC Fails to Establish Article III Standing Because the Alleged Calls Are Not Fairly Traceable to Viasat.

Viasat's pending Motion to Dismiss raises a factual challenge to standing under Rule 12(b)(1), supported by sworn declarations, carrier records, and Plaintiff's own recordings of the calls at issue. That evidence establishes that Viasat did not place the calls, did not cause the calls to be placed, and did not receive any transferred call. The proposed SAC does nothing to change that record.

Article III standing requires a plaintiff to plead (and ultimately prove) that his injury is "fairly traceable" to the defendant's conduct. Where, as here, the defendant

5

mounts a factual standing challenge, the Court is not confined to the pleadings and may weigh evidence in the record. *Constitution Party of Pa. v. Aichele*, 757 F.3d 347, 358 (3d Cir. 2014). On this record, traceability fails as a matter of law.

The recordings—which Plaintiff possessed before filing suit—are the most direct and reliable evidence of what occurred on the calls. They show that:

(1) no caller identifies themselves as Viasat;

(2) Viasat is not mentioned at all on the first call;

(3) the second call does not involve any transfer to Viasat; and

(4) Viasat is mentioned only incidentally, alongside other internet service providers, after Plaintiff himself raises the subject of switching providers.

Carrier records independently confirm that the calling numbers were not assigned to or associated with Viasat or any Viasat vendor. Together, this evidence forecloses any plausible inference that Plaintiff's alleged injury is traceable to Viasat.

The SAC attempts to sidestep this problem by abandoning Plaintiff's original allegation—that Viasat placed the calls—and substituting a new theory that a third party placed the calls and later transferred them to Viasat. But that theory is contradicted by the recordings themselves, which do not reflect any transfer to Viasat at all. Recharacterizing the calls as "inbound" or asserting that Viasat "subsequently

confirmed" a transfer cannot rewrite what the recordings show and does not cure the traceability defect.

Where a plaintiff's own evidence negates traceability, amendment is futile. *See Eisenacher,* 2025 WL 510970, at \*5 ("[A]mendment would be futile because the deficiencies identified with the amended complaint are legal in nature and cannot be resolved by way of a curative amendment.") (citing *Grayson v. Mayview State Hosp.,* 293 F.3d 103, 108 (3d Cir. 2002))

The SAC still does not—and cannot—allege facts establishing that Plaintiff's alleged TCPA injury is fairly traceable to Viasat. For that reason alone, leave to amend should be denied.

### b.    The SAC Fails to Plausibly Plead Any TCPA Liability Theory.

Even setting standing aside, the SAC would be dismissed under Rule 12(b)(6) because it does not plausibly allege that Viasat "made" or "initiated" the calls. Labels and legal conclusions do not suffice, particularly where the plaintiff's own evidence points elsewhere. The SAC's revised theory—that an unidentified third party placed the calls and may have transferred them—does not cure the deficiency. To the contrary, it underscores the absence of facts tying Viasat to the alleged conduct.

The SAC relies on speculation and inference untethered to any concrete factual allegations, and it remains inconsistent with the call recordings themselves. Because the SAC would not survive a Rule 12(b)(6) motion, amendment is futile

and should be denied.

This is not Plaintiff's first attempt to plead these claims. Plaintiff amended once as of right after Viasat identified the same defects now at issue. He then doubled down on his direct liability theory in sworn testimony opposing the pending Motion to Dismiss—despite possessing recordings that contradict that theory. Rule 15 does not require courts to permit endless amendment, particularly where the defects are legal and evidentiary rather than technical. *See Katz v. CrossCountry Mortg., LLC*, 2022 WL 16950481, at *7 (N.D. Ohio Nov. 15, 2022) (denying leave to amend in TCPA case, noting plaintiff had amended and yet "many of the same deficiencies in [p]laintiff's original complaint that [d]efendant raised or identified in its initial motion to dismiss … remain[ed] in [p]laintiff's FAC" and that plaintiff "fail[ed] to identify any additional facts or evidence that he can now allege that would cure those deficiencies"). Here, the problem is not pleading detail; it is that the underlying facts, as established by Plaintiff's own evidence, do not support liability. Repackaging conclusory allegations under a new label does not warrant another round of amendment.

## II.   **Allowing Amendment Would Unduly Prejudice Viasat and Delay Resolution of Threshold Issues.**

Prejudice is the "touchstone" of the Rule 15 analysis. *Blue Gentian, LLC v. Tristar Prods., Inc.*, 2024 WL 4719560, at *7 (D.N.J. Nov. 8, 2024). The timing and procedural posture of this case weigh heavily against amendment.

Viasat's Motion to Dismiss the First Amended Complaint is fully briefed and pending decision. Granting leave to amend now would moot that motion as a matter of procedure, require Viasat to re-brief issues already squarely presented, and expand the case to include a new party—all despite an evidentiary record that has only strengthened Viasat's standing and merits arguments since its motion was filed. Allowing Plaintiff to amend again makes his pleading a moving target, which is inherently prejudicial to Viasat. *See, e.g., Berk v. Ritz Carlton Condo. Ass'n*, 2021 WL 2651252 at *4 (D.N.J. Nov. 12, 2021) (stating courts have "rightly rejected" a "moving target" approach to amendments; "wait and see tactics amount to undue delay and would prejudice the defendants"); *Blue Gentian LLC,* 2024 WL 4719560, at *8 (ruling similarly, citing *Berk*).

Rule 15 is designed to prevent exactly the conduct at issue here. Amendment at this stage would not advance the merits; it would delay resolution of a threshold jurisdictional issue and force unnecessary duplication of effort. Where, as here, the proposed amendment does not cure the defects identified in a pending dispositive motion, denial of leave is warranted.

### III.    The Motion to Amend Reflects Dilatory Motive and Bad Faith.

Finally, the record supports denial of leave based on dilatory motive and bad faith. Plaintiff possessed recordings contradicting his core liability allegations before he filed suit. Nonetheless, he pleaded—and later swore—that the callers spoke as if

they were calling from Viasat and confirmed they were from Viasat. Those statements are refuted by the recordings.

Plaintiff produced the recordings only after the Court convened a discovery conference and Viasat pressed for evidence supporting Plaintiff's claims. Only then—after the evidentiary record undermined his direct liability theory and on the eve of a ruling on a pending Motion to Dismiss—did Plaintiff seek to amend again, shifting factual and legal theories and adding a party he claims to have learned about months earlier. That is an "improper purpose" by any definition, and it is the epitome of "bad faith." *See, e.g.*, *Carter v. SNC-Lavalin Constructors, Inc.,* 2019 WL 918382, at *3 (D. Md. Feb. 25, 2019) ("Bad faith is established" for purposes of deciding whether to grant or deny a motion for leave to amend "'when it appears that the plaintiff is using Rule 15 to make the complaint a moving target, to salvage a lost case by untimely suggestion of new theories of recovery, [and] to present theories seriatim in an effort to avoid dismissal[.]'") (quoting *Minter v. Prime Equip.,* 451 F.3d 1196, 1206 (10th Cir. 2006)).[2]

Taken together, these circumstances support a finding that the Motion to

---

[2] *See also Goldfish Shipping, S.A. v. HSH Nordbank AG*, 623 F.Supp.2d 635, 640–41 (E.D. Pa. 2009) ("a litigant should not be permitted to present legal theories to the court seriatim"); *Eustice v. Louisiana Through Bd. of Supervisors of La. State Univ. & Agric. & Mech. Coll.*, 2020 WL 12432041, at *1 (M.D. La. Feb. 3, 2020) ("To the extent Plaintiff seeks leave to amend his complaint, the Court finds that Plaintiff is acting in bad faith and with dilatory motive in seeking leave to amend once again prior to the resolution of the pending dispositive motions before the district judge.").

Amend is a strategic attempt to avoid an adverse ruling and prolong the case, rather than a good-faith effort to cure pleading deficiencies. Rule 15 does not require courts to indulge such tactics.

## CONCLUSION

Plaintiff has already had a full and fair opportunity to litigate his claims against Viasat. From the outset, the record—including evidence in Plaintiff's own possession—demonstrated that Viasat did not place or receive the alleged calls. Nonetheless, Plaintiff pressed forward, forcing Viasat to incur substantial fees and costs litigating dispositive jurisdictional and pleading defects that remain unresolved.

Now, with Viasat's Motion to Dismiss fully briefed and a ruling imminent, Plaintiff seeks leave to amend yet again—this time to add a new party and advance reworked factual and legal theory that are contradicted by the existing evidentiary record and would fare no better on a motion to dismiss. The proposed amendment does not conform the pleading to the evidence; it attempts to avoid an adverse ruling, prolong the case, and impose additional, unnecessary costs on Viasat.

Rule 15 does not require the Court to permit amendment under these circumstances. Because the proposed SAC would be futile and its allowance would unfairly prejudice Viasat by mooting a pending dispositive motion and delaying resolution of a threshold Article III issue, Plaintiff's Motion to Amend should be

11

denied and the Court should proceed to decide Viasat's Motion to Dismiss the First

Amended Complaint.

Dated: March 17, 2026                        Respectfully submitted,

                                             By: */s/ A. Paul Heeringa*

                                             John W. McGuinness
                                             (*Pro Hac Vice* to be Requested)
                                             A. Paul Heeringa
                                             (Admitted *Pro Hac Vice*)
                                             MANATT, PHELPS & PHILLIP, LLP
                                             1050 Connecticut Avenue, NW, Suite 600
                                             Washington, D.C. 20036
                                             Telephone: 202-585-6500
                                             jmcguinness@manatt.com
                                             pheeringa@manatt.com

                                             */s/ Frederick P. Santarelli*

                                             FREDERICK P. SANTARELLI (PA 53901)
                                             STEVEN C. TOLLIVER, JR. (PA 327165)
                                             ELLIOTT GREENLEAF, P.C.
                                             Union Meeting Corporate Center V
                                             925 Harvest Drive, Suite 300
                                             Blue Bell, PA 19422
                                             (215) 977-1000 (phone)
                                             FPSantarelli@elliottgreenleaf.com
                                             sct@elliottgreenleaf.com

                                             *Counsel for Defendant Viasat, Inc.*

12

## CERTIFICATE OF SERVICE

I certify that, on March 17, 2026, I filed the foregoing electronically through the Court's CM/ECF system, which will send notice of same to all counsel of record.

By: */s/ A. Paul Heeringa*