# manatt

**A. Paul Heeringa**
Partner
Manatt, Phelps & Phillips, LLP
Direct Dial: (312) 529-6308
pheeringa@manatt.com

December 19, 2025

**VIA EMAIL**

Andrew R. Perrong, Esq.
Perrong Law LLC
2857 Mount Carmel Ave.
Glenside, PA 19038

      Re:    ***Bronstin v. Viasat, Inc.,*** **Case No. 1:25-cv-00927-KMN (M.D. Pa.)**

Dear Andrew:

We write on behalf of our client, Viasat, Inc. ("Viasat"), the defendant in the above-referenced matter (the "Action"). For the reasons explained below, Viasat requests that Plaintiff immediately (a) produce any evidence that he has demonstrating that Viasat is directly liable under the TCPA for the two subject calls as alleged in his complaint, or (b) voluntarily dismiss the Action with prejudice.

This case has been pending for more than six months. Since the beginning, Viasat has repeatedly informed your client, through both extensive motions practice and counsel-to-counsel discussions, that it did not call the Plaintiff and that Plaintiff's allegations to the contrary are demonstrably false and meritless. But rather than drop the case, your client has instead forced Viasat to expend significant time and money litigating the most basic aspects of this case, such as whether your client even received the calls alleged in his complaint in the first instance. That Plaintiff has not been able to conclusively answer that basic question many months after filing this case is deeply concerning.

Indeed, Plaintiff's failure to produce his own call records is particularly troubling. Plaintiff is a serial TCPA litigant (represented by experienced TCPA counsel) who undoubtedly knew at the time of filing that he would be the subject of discovery regarding the parties' claims and defenses, and that his call records in particular would be scrutinized. And yet your client made no effort to obtain or preserve his call records from his alleged cell carrier (Google Fi) prior to filing suit. As a result of his failure to obtain, preserve, and timely produce this indisputably critical evidence, Viasat has incurred substantial fees and costs in briefing two dispositive motions, a motion to bifurcate, seeking discovery from Plaintiff and third parties, and litigating this baseless Action.

Viasat believes that this case simply cannot go forward without call records, which your client should have already obtained before he filed suit and produced long ago, corroborating the most basic facts alleged by your client. It appears, however, that you intend to argue otherwise and rely on two purported audio recordings of the alleged calls. But any such reliance is misplaced. In fact, Plaintiff's belated production of the two purported recordings only underscores the meritless nature of this Action and the unreasonableness of Plaintiffs' litigation conduct to date.[1]

As an initial matter, it is hard to understand why it took Plaintiff until November 20, 2025 (178 days after his complaint was filed) to produce recordings he has apparently had in his possession all along.

---

[1] The existence of the recordings further demonstrates that Plaintiff spoliated his phone records or otherwise unreasonably failed to preserve evidence. Quite plainly, these call recordings were made because Plaintiff was contemplating bringing litigation when he received the calls. He was thus under an obligation to preserve all relevant evidence from that time onward. But Plaintiff ignored that critical obligation where he failed to obtain or preserve his own phone records.

# manatt

Andrew R. Perrong
December 19, 2025
Page 2

Plaintiff responded to multiple motions where Viasat asserted that Plaintiff had not received the subject calls. Never once did he even suggest that he was in possession of call recordings. This type of gamesmanship is unacceptable and needlessly multiplied these proceedings.  But even more importantly, the actual contents of the recordings suggest that Plaintiff's withholding may have been purposeful. Assuming the recordings are genuine, which is not conceded, they **directly contradict** Plaintiff's pled liability theory and confirm he lacks Article III standing to assert this Action.

In fact, as you know, Plaintiff's First Amended Complaint (*see* Dkt. 21, the "FAC") asserts only a "direct liability" theory against Viasat. More specifically, paragraph 39 of the FAC states as follows:

> To be clear, the Plaintiff alleges direct liability here. The calls all came from ViaSat [*sic*], including because ViaSat's goods and services were offered on the call, the individuals all spoke as though they were calling from ViaSat, or various offices and departments therein, and pitched ViaSat's internet services and only ViaSat's internet services. No other company names or other goods or services were mentioned or pitched on the calls, including any other company's internet services. And none of the callers at all indicated that they were calling from any third party entity.

The recently produced recordings of the two alleged calls are not consistent with and contradict these allegations. Aside from the fact that Viasat is not even mentioned on the first alleged call, the audio recording of the second alleged call (from the 931 number) actually confirms that Viasat did not call Plaintiff. Rather, Plaintiff was transferred at least twice by two unidentified persons before Viasat was even mentioned on the second alleged call—which was only after Plaintiff feigned interest in switching to a "cheaper internet option" and provided his address and other information. No one on that call "spoke as though they were calling from ViaSat" [*sic*] as alleged in the FAC. Even worse, the call recording also contradicts Plaintiff's sworn declaration submitted in opposition to Viasat's motion to dismiss, where he asserted *inter alia* that on the second call he spoke "with a representative who confirmed that they were calling from ViaSat." Dkt. 30-2, ¶ 7. That is simply false.

But even assuming Viasat could somehow be held directly liable for the second call (and it cannot), it would not change the outcome here. As you know, a violation of the TCPA's DNC rules (the only claim Plaintiff asserts in his FAC) requires receipt of **more than one** "telephone solicitation" from or on behalf of the "same entity" in a 12-month period. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2). One such call is not enough. *See, e.g., Gillam v. Reliance First Capital, LLC*, 2023 WL 2163775, at *3 (E.D.N.Y. Feb. 22, 2023) (dismissing DNC claim on this basis). But, as noted above, the recording of the first alleged call (from the 530 number) contains **nothing connecting it to Viasat**. Indeed, Viasat is not mentioned on that call at all. And records from the carrier that Plaintiff identified for the 530 number confirm that it was not assigned to Viasat and that Viasat did not own it.[2] All this confirms what Viasat has been telling Plaintiff from day one – it did not call him. Without at least two potentially violative calls traceable to Viasat, this Action necessarily fails.

In sum, Plaintiff has not produced a single shred of evidence supporting his allegations against Viasat, and has caused Viasat and the Court to expend substantial time and resources litigating a meritless case. Accordingly, Viasat asks Plaintiff to immediately produce any evidence that he has supporting his direct liability theory or voluntarily dismiss the Action with prejudice. If he does neither by **January 5, 2026**, we will raise these issues with the Court as a supplement to our Motion. Please be advised that Viasat reserves the right to seek all available relief from the Court beyond a

---

[2] The same is true of the 931 number allegedly used to place the second call.

# manatt

Andrew R. Perrong
December 19, 2025
Page 3

dismissal, including but not limited to recovery of Viasat's fees and costs incurred in connection with the Action, under 28 U.S.C. § 1927, Fed. R. Civ. P. 11(c), and/or the Court's inherent authority.

Best regards,

A. Paul Heeringa

*Counsel for Defendant Viasat Inc.*
(appearing *pro hac vice*)