# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ASHER BRONSTIN,** individually and on behalf of all others similarly situated, <br><br> *Plaintiff,* <br><br> *v.* <br><br> **VIASAT INC.** <br><br> *Defendant.* | Case No. <br> 1:25−CV−00927−KMN <br><br> **CLASS ACTION** <br><br> **JURY TRIAL DEMANDED** |

## MOTION FOR SANCTIONS AGAINST DEFENDANT AND ITS COUNSEL

Plaintiff Asher Bronstin respectfully moves, pursuant to Federal Rule of Civil Procedure 11(c)(2), for an Order imposing sanctions against Defendant ViaSat, Inc. and its counsel for filing Defendant's Motion for Sanctions against Plaintiff's counsel. Plaintiff served this motion on Defendant on March 9, 2026, and Defendant did not withdraw the challenged filing within the twenty-one-day safe harbor period.

This motion is directed at Defendant's sanctions motion itself. Plaintiff does not seek Rule 11 sanctions merely because ViaSat served contradictory discovery responses or because Gregory Henderson submitted a declaration that cannot be squared with ViaSat's later position, including the one it now takes in its sanctions motion. Rather, these prior sworn statements explain why Plaintiff initially proceeded under a direct liability theory against ViaSat in the original and First

1

Amended Complaint and shows that ViaSat should be sanctioned for *withholding the identity* of a vendor that it *knew* had potentially discoverable information, *lying* about it, and then moving to *sanction* Plaintiff's counsel for pleading a direct liability theory based on ViaSat's own withholding of evidence. ViaSat's own sworn record said there was no third party to plead. Indeed, ViaSat's initial Motion to Dismiss contended that "it was the ***Plaintiff who called Viasat***—not the other way around." (ECF 11-1) (emphasis original). Its Associate Director of Sales Performance, Gregory Henderson declared that ViaSat had received "an *inbound* call to 855-478-5112 on April 19, 2024, at 2:17 pm Pacific Time." (ECF 11-2 ¶ 12).

Faced with those sworn denials of the involvement of any third party, Plaintiff proceeded and asserted a direct liability theory as against ViaSat in his Amended Complaint. Only later, after ViaSat finally disclosed the vendor it had hidden for over six months, did Plaintiff promptly seek leave to amend to add XYZies and to plead the vicarious liability facts ViaSat had previously sworn did not exist. Rule 11 does not permit ViaSat to reverse course in that manner. A party cannot tell its adversary and the Court that no vendor was involved, claim that the "***Plaintiff . . . called Viasat***," only to pivot later in contradictory discovery responses, and argue that Plaintiff should be sanctioned because the proposed

Second Amended Complaint now "concedes" that a third party *that ViaSat tried to hide the involvement of for six months* physically placed the calls.

Because ViaSat's sanctions motion rests on a factual narrative that is irreconcilable with ViaSat's own earlier sworn submissions and signed pleadings, and because the motion tries to punish Plaintiff for amending only after ViaSat's concealment was broken, the motion should be denied and sanctions should instead be imposed against ViaSat and its counsel for filing it, as well as for the associated lack of candor to the Court.

RESPECTFULLY SUBMITTED AND DATED this 30th day of March, 2026

/s/ Andrew Roman Perrong
Andrew Roman Perrong, Esq.
PA Bar #333687
Perrong Law LLC
2657 Mount Carmel Avenue
Glenside, Pennsylvania 19038
Phone: 215-225-5529 (CALL-LAW)
Facsimile: 888-329-0305
a@perronglaw.com

3

## **<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that, on March 9, 2026, I served the foregoing on all interested parties in this action by transmitting such document(s) electronically from my e-mail address, a@perronglaw.com at Perrong Law LLC, Glenside, Pennsylvania, addressed to:

A. Paul Heeringa
Manatt, Phelps & Phillips, LLP
1050 Connecticut Avenue, NW, Suite 600
Washington, D.C. 20036
pheeringa@manatt.com

and

Frederick P. Santarelli and
Steven C. Tolliver, Jr.
Elliott Greenleaf, P.C.
925 Harvest Drive, Suite 300
Blue Bell, PA 19422
FPSantarelli@elliottgreenleaf.com
sct@elliottgreenleaf.com
jmc@elliottgreenleaf.com
las@elliottgreenleaf.com

Dated: March 9, 2026

*/s/ Andrew Roman Perrong*
Andrew Roman Perrong, Esq.
PA Bar #333687
Perrong Law LLC
2657 Mount Carmel Avenue
Glenside, Pennsylvania 19038
Phone: 215-225-5529 (CALL-LAW)
Facsimile: 888-329-0305
a@perronglaw.com