not understand what information is being sought and cannot reasonably respond; and (7) the provided definition of the term "vendor" (which would include the term "sub-vendor" as used in this Interrogatory) is vague, ambiguous, virtually limitless in scope, and capable of multiple interpretations and, as such, Defendant cannot be reasonably certain of the scope, type, subject matter or nature of the information being sought. Defendant further objects to this Interrogatory to the extent that it incorporates the purportedly defined terms "you" and "your" for all the reasons stated in its Preliminary Statements. Defendant further objects to the extent Plaintiff seeks discovery relating to third parties, as the Advisory Committee's Notes to Federal Rule 26(b)(1) make plain that parties "have no entitlement to discovery to develop new claims or defenses that are not already identified in the pleadings" and Plaintiff does not purport to plead a vicarious TCPA liability theory in the operative Complaint, and expressly disclaims such a theory.

Without waiving the foregoing objections or any reserved objections, Defendant incorporates by reference its Answer to Interrogatory No. 5 above as if fully stated herein, and states none.

8.     Identify each of the individuals that spoke with Plaintiff from your company or any of its vendors.

21

**ANSWER:** Defendant specifically objects to this Interrogatory, as stated, on the grounds and to the extent that: (1) it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, in that it is not reasonably limited in scope to the facts and allegations at issue in the Complaint, or to the parties, claims and/or defenses at issue in this litigation (and in fact, is virtually unlimited as to the subject matter of information sought), and therefore it is not proportional to the needs of the case; (2) as worded, it is not necessarily limited to seeking information within the possession, custody or control of Defendant, seeks information that is in the possession of third parties, and/or seeks information that is more readily available from other sources; (3) the provided definition of the term "vendor" is vague, ambiguous, virtually limitless in scope, and capable of multiple interpretations and, as such, Defendant cannot be reasonably certain of the scope, type, subject matter or nature of the information being sought; and (4) it would require Viasat to reveal trade secrets and/or other non-public, confidential and proprietary business information of Viasat and others, without having an appropriate protective order in place. Defendant further objects to this Interrogatory to the extent that it incorporates the purportedly defined term "your" for all the reasons stated in its Preliminary Statements. Defendant further objects to the extent Plaintiff seeks discovery relating to third parties, as the Advisory Committee's Notes to Federal Rule

22

26(b)(1) make plain that parties "have no entitlement to discovery to develop new claims or defenses that are not already identified in the pleadings" and Plaintiff does not purport to plead a vicarious TCPA liability theory in the operative Complaint, and expressly disclaims such a theory.

Without waiving the foregoing objections or any reserved objections, Defendant states that (i) Plaintiff did not speak with anyone at Viasat and (ii) after conducting a reasonably diligent inquiry, Viasat has located no additional information responsive to this Interrogatory. Investigation continues.

9.     If you contend that Plaintiff provided consent to receive solicitation telephone calls, state all facts in support of that contention and identify the date(s) on which and the means by which you contend consent was obtained.

**ANSWER:** Defendant specifically objects to this Interrogatory on the grounds and to the extent that: (1) as worded, it assumes facts not in evidence or would require Defendant to make legal conclusions to properly respond, specifically that Defendant or a third party acting on its behalf made "solicitation" calls or that "consent" was required to contact Plaintiff within the meaning of the TCPA; (2) as worded, it may be read as seeking information protected from disclosure by the attorney-client privilege and/or the attorney work-product doctrine and/or any other privilege or immunity, including but not limited to seeking the mental impressions, litigation/trial

23

strategy and/or legal conclusions of Defendant's counsel, or that is protected by the joint defense or common interest (or equivalent) privileges; and (3) it seeks information that is or should already be in Plaintiff's possession and, therefore is unduly burdensome. Defendant further objects to this Interrogatory to the extent that it incorporates the purportedly defined term "you" for all the reasons stated in its Preliminary Statements.

Without waiving the foregoing objections or any reserved objections, Defendant states that (i) Plaintiff's consent was not required because he did not receive an outbound call from or on behalf of Viasat; (ii) in any event, to the extent Plaintiff made an inbound call to inquire about Viasat's products and services, such an act would have given rise to an "established business relationship" (which would also obviate the need for consent) or could otherwise constitute prior express invitation or permission to be called; and (iii) upon information and belief, Plaintiff made such an inbound call (in this regard, Defendant refers to the Declaration of Greg Henderson, Dkt. 11-2, and Exhibit A thereto, and its Answer to Interrogatory No. 11 below).

10.    If you contend that a third party made or was involved in the calls alleged in the complaint, identify that third party and state all facts in support of the same.

**ANSWER**: Defendant specifically objects to this Interrogatory on the grounds and to the extent that: (1) it may be read as seeking information protected by the joint

24

defense or common interest (or equivalent) privileges; (2) it incorporates the purportedly defined term "you" and therefore is objectionable for the reasons stated in Defendant's Preliminary Statements above; and (3) it would require Viasat to reveal trade secrets and/or other non-public, confidential and proprietary business information of Viasat and others, without having an appropriate protective order in place.

Without waiving the foregoing objections or any reserved objections, Defendant states the calls alleged in the Complaint did not occur and therefore none.

11.   If you contend that the Plaintiff called you, state all facts in support of the same.

**ANSWER**: Defendant specifically objects to this Interrogatory on the grounds and to the extent that: (1) as worded, it may be read as seeking information protected from disclosure by the attorney-client privilege and/or the attorney work-product doctrine and/or any other privilege or immunity, including but not limited to seeking the mental impressions, litigation/trial strategy and/or legal conclusions of Defendant's counsel, or that is protected by the joint defense or common interest (or equivalent) privileges; and (2) it seeks information that is or should already be in Plaintiff's possession and, therefore is unduly burdensome. Defendant further objects to this Interrogatory to the extent that it incorporates the purportedly defined term

"you" for all the reasons stated in its Preliminary Statements.

Without waiving the foregoing objections or any reserved objections, Defendant states as follows: available records reflect Plaintiff made an inbound call to 855-478-5112 on April 19, 2024, at 2:17 pm Pacific Time. Among other identifying information, the individual who called gave his name as Ash Bronstin, expressed interest in purchasing Viasat's internet services during the call, and provided a credit card number for Plaintiff to make the purchase. This call lasted 23 minutes and 41 seconds. Defendant also refers Plaintiff to Dkt. 11-2, and Exhibit A thereto.

12.    Identify any third party who provided you with the telephone number at issue.

**ANSWER**: Defendant specifically objects to this Interrogatory on the grounds and to the extent that: (1) it may be read as seeking information protected by the joint defense or common interest (or equivalent) privileges; (2) it incorporates the purportedly defined term "you" and therefore is objectionable for the reasons stated in Defendant's Preliminary Statements above; and (3) it would require Viasat to reveal trade secrets and/or other non-public, confidential and proprietary business information of Viasat and others, without having an appropriate protective order in place. Defendant further objects to the extent Plaintiff seeks discovery relating to third parties, as the Advisory Committee's Notes to Federal Rule 26(b)(1) make plain that

26

this RFP to the extent that it incorporates the purportedly defined term "you" for all the reasons stated in its Preliminary Statements. Defendant further objects to the extent that responding would require Viasat to reveal trade secrets and/or other non-public, confidential and proprietary business information of Viasat and others, without having an appropriate protective order in place. Defendant further objects to the extent Plaintiff seeks discovery relating to third parties, as the Advisory Committee's Notes to Federal Rule 26(b)(1) make plain that parties "have no entitlement to discovery to develop new claims or defenses that are not already identified in the pleadings" and Plaintiff does not purport to plead a vicarious TCPA liability theory in the operative Complaint, and expressly disclaims such a theory.

Based on the foregoing, and without waiving any reserved objections, Defendant stands on its objections and will not provide a substantive response to this RFP or produce any responsive documents at this time.

8.      All contracts or documents representing agreements with any third party that dialed the calls to the Plaintiff.

**RESPONSE:** Defendant specifically objects to this RFP, as stated, on the grounds and to the extent that: (1) it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, in that it is not reasonably limited in scope to the facts and allegations at issue in the Complaint, or

46

to the claims and/or defenses at issue in this litigation, and therefore it is not proportional to the needs of the case; (2) as worded, overly broad in that it is not necessarily limited to contracts or agreements involving Defendant; and (3) it assumes facts not in evidence, specifically that any third party "dialed" (i.e., made calls to) Plaintiff on Defendant's behalf or that Plaintiff necessarily received such calls, and therefore Defendant would be required to assume or admit said facts to properly respond; and (4) responding would require Viasat to reveal trade secrets and/or other non-public, confidential and proprietary business information of Viasat and others, without having an appropriate protective order in place. Defendant further objects to the extent Plaintiff seeks discovery relating to third parties, as the Advisory Committee's Notes to Federal Rule 26(b)(1) make plain that parties "have no entitlement to discovery to develop new claims or defenses that are not already identified in the pleadings" and Plaintiff does not purport to plead a vicarious TCPA liability theory in the operative Complaint, and expressly disclaims such a theory.

Without waiving the foregoing objections or any reserved objections, Defendant states that, after conducting a reasonably diligent investigation and inquiry, Defendant has determined that it does not have documents responsive to this RFP.

9.    All communications with any third party that dialed the calls to the Plaintiff.

47

**RESPONSE:** Defendant specifically objects to this RFP, as stated, on the grounds and to the extent that: (1) it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, in that it is not reasonably limited in scope to the facts and allegations at issue in the Complaint, or to the claims and/or defenses at issue in this litigation, and therefore it is not proportional to the needs of the case; (2) as worded, overly broad in that it is not necessarily limited to contracts or agreements involving Defendant; and (3) it assumes facts not in evidence, specifically that any third party "dialed" (i.e., made calls to) Plaintiff on Defendant's behalf or that Plaintiff necessarily received such calls, and therefore Defendant would be required to assume or admit said facts to properly respond; and (4) responding would require Viasat to reveal trade secrets and/or other non-public, confidential and proprietary business information of Viasat and others, without having an appropriate protective order in place.

Without waiving the foregoing objections or any reserved objections, Defendant states that, after conducting a reasonably diligent investigation and inquiry, Defendant has determined that it does not have documents responsive to this RFP.

10.    All internal communications at your company regarding any third party that dialed the calls to the Plaintiff.

48

**RESPONSE:** Defendant specifically objects to this RFP, as stated, on the grounds and to the extent that: (1) it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, in that it is not reasonably limited in scope to the facts and allegations at issue in the Complaint, or to the claims and/or defenses at issue in this litigation, and therefore it is not proportional to the needs of the case; (2) as worded, overly broad in that it is not necessarily limited to contracts or agreements involving Defendant; and (3) it assumes facts not in evidence, specifically that any third party "dialed" (i.e., made calls to) Plaintiff on Defendant's behalf or that Plaintiff necessarily received such calls, and therefore Defendant would be required to assume or admit said facts to properly respond; (4) responding would require Viasat to reveal trade secrets and/or other non-public, confidential and proprietary business information of Viasat and others, without having an appropriate protective order in place; and (5) as worded, it may be read as seeking information protected from disclosure by the attorney-client privilege and/or the attorney work-product doctrine and/or any other privilege or immunity, including but not limited to seeking the mental impressions, litigation/trial strategy and/or legal conclusions of Defendant's counsel, and/or the joint defense or common interest (or equivalent) privileges. Defendant further objects to this RFP to the extent that it incorporates the purportedly defined term "you" for all the reasons stated in its

49

Preliminary Statements. Defendant further objects to the extent Plaintiff seeks discovery relating to third parties, as the Advisory Committee's Notes to Federal Rule 26(b)(1) make plain that parties "have no entitlement to discovery to develop new claims or defenses that are not already identified in the pleadings" and Plaintiff does not purport to plead a vicarious TCPA liability theory in the operative Complaint, and expressly disclaims such a theory.

Without waiving the foregoing objections or any reserved objections, Defendant states that, after conducting a reasonably diligent investigation and inquiry, Defendant has determined that it does not have documents responsive to this RFP.

11.    All communications with any third party that provided you the Plaintiff's telephone number.

**RESPONSE:** Defendant specifically objects to this RFP, as stated, on the grounds and to the extent that: (1) it assumes facts not in evidence, specifically that the subject phone number is necessarily Plaintiff's phone number, and therefore Defendant would be required to assume or admit said facts to properly respond; (2) it is duplicative of previous RFPs and therefore is unduly burdensome and harassing; (3) responding would require Viasat to reveal trade secrets and/or other non-public, confidential and proprietary business information of Viasat and others, without having an appropriate protective order in place; and (4) as worded, it may be read as seeking

50