# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**ASHER BRONSTIN,** individually and on behalf of all others similarly situated,

*Plaintiff,*

*v.*

**VIASAT INC.**

*Defendant.*

Case No.
1:25−CV−00927−KMN

**CLASS ACTION**

**JURY TRIAL DEMANDED**

## JOINT REPORT REGARDING DISCOVERY STATUS AND PROPOSED CASE MANAGEMENT DEADLINES

Pursuant to the Court's Order dated June 9, 2026 (ECF No. 69), and the Court's prior Orders, plaintiff Asher Bronstin ("Plaintiff") and defendant Viasat, Inc. ("Viasat") respectfully submit this Joint Report addressing whether discovery should remain stayed and the parties' proposed case management deadlines. For the reasons set forth below, the parties propose that the stay be lifted, that discovery be bifurcated, and that the case proceed on the schedule outlined herein.

## I. Current Posture of the Case

By its Order of June 9, 2026 (ECF No. 69), the Court granted Plaintiff leave to file his Second Amended Complaint and directed the Clerk to docket it. The Second Amended Complaint adds XYZies as a defendant, asserts a claim for direct liability against XYZies under the TCPA and asserts a claim against Viasat on a

vicarious liability. The Court further denied as moot Viasat's motion to dismiss the First Amended Complaint and denied the parties' respective motions for sanctions.

XYZies is a newly added defendant that has not yet appeared in this action. A summons has not yet been issued as to XYZies. Plaintiff will promptly request that the Clerk issue a summons as to XYZies and will effect service promptly upon issuance. Plaintiff anticipates that issuance of the summons, service on XYZies, and the filing of XYZies's responsive pleading will require 30-45 days.

## II.    Whether Discovery Should Remain Stayed

**Plaintiff's Position.** Plaintiff submits that the stay should be lifted so that this matter may move forward toward resolution of any questions surrounding Plaintiff's individual claims. XYZies, the entity alleged to have placed the calls at issue and whose relationship with Viasat lies at the heart of Plaintiff's vicarious liability theory, is a central party whose appearance is necessary for the efficient and complete development of the individual claims. Rather than conduct piecemeal discovery before XYZies appears, Plaintiff proposes that the bifurcated discovery period commence upon XYZies's filing of its responsive pleading, as set forth in the proposed deadlines below. This sequencing avoids duplicative discovery, conserves party and judicial resources, and ensures that the discovery period is used productively. Discovery should remain bifurcated and focused on Plaintiff's

individual claims, with class discovery to remain stayed pending the resolution of those claims.

**Defendant's Position.** Viasat agrees that discovery should remain stayed for an additional period while Plaintiff serves XYZies and XYZies responds to the Second Amended Complaint. Specifically, Viasat proposes that discovery remain stayed until XYZies files a responsive pleading, and that discovery thereafter proceed only as to Plaintiff's individual claims, consistent with the Court's bifurcation order. This sequencing will allow the parties to determine whether materials can be exchanged informally in the interim and whether the case can be narrowed or resolved without immediate discovery practice. If the stay is lifted after XYZies responds, discovery should remain bifurcated, with a 90-day period of individual discovery followed by a status conference to set a schedule for any summary judgment briefing on Plaintiff's individual claims. Viasat further requests that its deadline to respond to the Second Amended Complaint be extended to the same deadline applicable to XYZies following service, so that both defendants may respond on the same schedule.

## III.    Proposed Case Management Deadlines

Subject to the Court's approval, the parties propose the following case management schedule:

1.      **Commencement and Length of Bifurcated Discovery.** Consistent with the Court's Order, discovery shall remain bifurcated and focused on Plaintiff's individual claims. The bifurcated, individual discovery period shall commence on the date XYZies files its response to the Second Amended Complaint and shall run for ninety days thereafter. The bifurcated discovery period shall encompass discovery into Plaintiff's individual claims, including, but not limited to, the nature and extent of the relationship between XYZies and Viasat, and the calls XYZies is alleged to have placed to Plaintiff on behalf of Viasat. The ninety day period shall also be of sufficient length to permit the parties to take no more than three depositions per side of no more than four hours each.

2.      **Dispositive Motions.** At the close of the ninety day discovery period, a party may move for summary judgment on Plaintiff's individual claims. The parties respectfully request that the Court hold a status conference at the close of the discovery period, at which the parties will present a proposed briefing schedule for any motion for summary judgment on the individual claims.

Class discovery shall remain stayed pending the resolution of Plaintiff's individual claims, consistent with the Court's bifurcation of discovery. The parties will, in accordance with the Court's direction, proceed in a professional and courteous manner and will disclose potentially relevant information as soon as practicable for the most efficient resolution of this matter.

Dated: June 15, 2026                    Respectfully submitted,


                                        */s/ Andrew Roman Perrong*
                                        Andrew Roman Perrong, Esq.
                                        PA Bar #333687
                                        Perrong Law LLC
                                        2657 Mount Carmel Avenue
                                        Glenside, Pennsylvania 19038
                                        Phone: 215-225-5529 (CALL-LAW)
                                        Facsimile: 888-329-0305
                                        a@perronglaw.com
                                        *Counsel for Plaintiff*


                                        By: */s/ A. Paul Heeringa*

                                        John W. McGuinness
                                        (*Pro Hac Vice* to be Requested)
                                        A. Paul Heeringa
                                        (Admitted *Pro Hac Vice*)
                                        MANATT, PHELPS & PHILLIP, LLP
                                        1050 Connecticut Avenue, NW, Suite 600
                                        Washington, D.C. 20036
                                        Telephone: 202-585-6500
                                        jmcguinness@manatt.com
                                        pheeringa@manatt.com

                                        FREDERICK P. SANTARELLI (PA 53901)
                                        STEVEN C. TOLLIVER, JR. (PA 327165)
                                        ELLIOTT GREENLEAF, P.C.
                                        Union Meeting Corporate Center V
                                        925 Harvest Drive, Suite 300
                                        Blue Bell, PA 19422
                                        (215) 977-1000 (phone)
                                        FPSantarelli@elliottgreenleaf.com
                                        sct@elliottgreenleaf.com

                                        *Counsel for Defendant Viasat, Inc.*

## **CERTIFICATE OF SERVICE**

I certify that I filed the foregoing via ECF on the below date, which will automatically send a copy to all attorneys of record on the case.

Dated: June 15, 2026

*/s/ Andrew Roman Perrong*
Andrew Roman Perrong, Esq.