# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ASHER BRONSTIN, individually and on behalf of all other similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>VIASAT, INC. and THE PREFERRED PREPAID, INC. d/b/a XYZies,<br><br>Defendants. | Civil Action No. 1:25-cv-00927-KMN (Hon. Keli M. Neary)<br><br>CLASS ACTION |

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S SECOND AMENDED COMPLAINT[1]

Defendant Viasat, Inc. ("Viasat"), in accordance with Fed. R. Civ. P. 12 and the Court's scheduling order (*see* Dkt. 73), hereby respectfully submits its Answer and Affirmative Defenses to the "Second Amended Class Action Complaint" (*see* Dkt. 70, "SAC") filed by Plaintiff Asher Bronstin ("Plaintiff") in the above-captioned matter, and in so doing, Viasat answers, avers, and responds to each of the claims and allegations therein asserted against Viasat, and asserts certain defenses, as follows:

1.      The allegations in Paragraph 1 of the SAC do not appear to reflect allegations of fact against Viasat and instead reflect, in whole or in part, legal conclusions and/or a summary or quotation of legal authority, which speaks for itself,

---

[1] Plaintiff's Second Amended Complaint is incorrectly captioned as the First Amended Complaint.

and thus no response is required. To the extent a response is deemed required, Viasat denies having violated any applicable law. Any remaining allegations in this Paragraph are denied.

2. The allegations in Paragraph 2 of the SAC do not appear to reflect allegations of fact against Viasat and instead reflect, in whole or in part, legal conclusions and/or a summary or quotation of legal authority, which speaks for itself, and thus no response is required. To the extent a response is deemed required, Viasat denies having violated any applicable law. Any remaining allegations in this Paragraph are denied.

3. As to the allegations in Paragraph 3 of the SAC, Viasat admits only that Plaintiff purports to bring a lawsuit against Viasat and the other named defendant for purported violations of the Telephone Consumer Protection Act ("TCPA"), but denies that there has been any such violation or any other legal violation. Any remaining allegations in this Paragraph are denied.

### PARTIES

4. Viasat admits the allegations in Paragraph 4 of the SAC.

5. Viasat admits the allegations in Paragraph 5 of the SAC.

6. The allegations in Paragraph 6 of the SAC do not appear to reflect allegations of fact against Viasat and thus no response is required. To the extent a response is deemed required, Viasat lacks knowledge or information sufficient to

form a belief as to the truth of the allegations of the SAC and, on this basis, denies them.

## JURISDICTION AND VENUE

7.     The allegations in Paragraph 7 of the SAC do not appear to reflect allegations of fact against Viasat and instead reflect, in whole or in part, legal conclusions and, therefore, no response is required. To the extent a response is deemed required, Viasat admits only that Plaintiff purports to invoke this Court's federal jurisdiction to the extent the TCPA is a federal statute, but denies that such jurisdiction is proper to the extent Plaintiff lacks Article III standing. Any remaining allegations in this Paragraph are denied.

8.     The allegations in Paragraph 8 of the SAC do not appear to reflect allegations of fact against Viasat and instead reflect, in whole or in part, legal conclusions as to which no response is required. To the extent a response is deemed required, Viasat denies the accuracy of Plaintiff's legal conclusions. Responding further, Viasat admits only that it is registered to do business in Pennsylvania, but denies any implication of liability that may be inferred therefrom. Responding further, Viasat lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations in Paragraph 8 of the SAC and, on this basis, denies them.

9.     The allegations in Paragraph 9 of the SAC do not appear to reflect

allegations of fact against Viasat and instead reflect, in whole or in part, legal conclusions as to which no response is required. To the extent a response is deemed required, Viasat denies the accuracy of Plaintiff's legal conclusions. Any remaining allegations in this Paragraph are denied.

## BACKGROUND

**A. The TCPA Prohibits Calls to Numbers on the National Do Not Call Registry.**

10.    The allegations in Paragraph 10 of the SAC do not appear to reflect allegations of fact against Viasat and instead reflect, in whole or in part, legal conclusions and/or a summary or quotation of legal authority, which speaks for itself, and thus no response is required. To the extent a response is deemed required, Viasat denies having violated the TCPA or any applicable law. Any remaining allegations in this Paragraph are denied.

11.    The allegations in Paragraph 11 of the SAC do not appear to reflect allegations of fact against Viasat and instead reflect, in whole or in part, legal conclusions and/or a summary or quotation of legal authority, which speaks for itself, and thus no response is required. To the extent a response is deemed required, Viasat denies having violated the TCPA or any applicable law. Any remaining allegations in this Paragraph are denied.

12.    The allegations in Paragraph 12 of the SAC do not appear to reflect allegations of fact against Viasat and instead reflect, in whole or in part, legal

conclusions and/or a summary or quotation of legal authority, which speaks for itself, and thus no response is required. To the extent a response is deemed required, Viasat denies having violated the TCPA or any applicable law. Any remaining allegations in this Paragraph are denied.

13.    The allegations in Paragraph 13 of the SAC do not appear to reflect allegations of fact against Viasat and instead reflect, in whole or in part, legal conclusions and/or a summary or quotation of legal authority, which speaks for itself, and thus no response is required. To the extent a response is deemed required, Viasat denies having violated the TCPA or any applicable law. Any remaining allegations in this Paragraph are denied.

**B. The TCPA Also Requires Telemarketers to Transmit Caller Identification Information Including the Telemarketer's Name.**

14.    The allegations in Paragraph 14 of the SAC do not appear to reflect allegations of fact against Viasat and instead reflect, in whole or in part, legal conclusions and/or a summary or quotation of legal authority, which speaks for itself, and thus no response is required. To the extent a response is deemed required, Viasat denies having violated the TCPA or any applicable law. Any remaining allegations in this Paragraph are denied.

15.    The allegations in Paragraph 15 of the SAC do not appear to reflect allegations of fact against Viasat and instead reflect, in whole or in part, legal conclusions and/or a summary or quotation of legal authority, which speaks for itself,

and thus no response is required. To the extent a response is deemed required, Viasat denies having violated the TCPA or any applicable law. Any remaining allegations in this Paragraph are denied.

16. The allegations in Paragraph 16 of the SAC do not appear to reflect allegations of fact against Viasat and instead reflect, in whole or in part, legal conclusions and/or a summary or quotation of legal authority, which speaks for itself, and thus no response is required. To the extent a response is deemed required, Viasat denies having violated the TCPA or any applicable law. Any remaining allegations in this Paragraph are denied.

17. The allegations in Paragraph 17 of the SAC do not appear to reflect allegations of fact against Viasat and instead reflect, in whole or in part, legal conclusions and/or a summary or quotation of legal authority, which speaks for itself, and thus no response is required. To the extent a response is deemed required, Viasat denies having violated the TCPA or any applicable law. Any remaining allegations in this Paragraph are denied.

18. The allegations in Paragraph 18 of the SAC do not appear to reflect allegations of fact against Viasat and instead reflect, in whole or in part, legal conclusions and/or a summary or quotation of legal authority, which speaks for itself, and thus no response is required. To the extent a response is deemed required, Viasat denies having violated the TCPA or any applicable law. Any remaining allegations

in this Paragraph are denied.

## FACTUAL ALLEGATIONS

19.   The allegations in Paragraph 19 of the SAC do not appear to reflect allegations of fact against Viasat and instead reflect, in whole or in part, legal conclusions and/or a summary or quotation of legal authority, which speaks for itself, and thus no response is required. To the extent a response is deemed required, Viasat admits only that Plaintiff is a "person" but denies any implication of liability that may be inferred therefrom and further denies having violated the TCPA or any applicable law. Any remaining allegations in this Paragraph are denied.

20.   The allegations in Paragraph 20 of the SAC reflect, in whole or in part, legal conclusions, as to which no response is required. To the extent a response is deemed required, Viasat denies the accuracy of Plaintiff's legal conclusions. Responding further, Viasat lacks knowledge or information sufficient to form a belief as to the truth of any allegations in Paragraph 20 of the SAC and, on this basis, denies them.

21.   The allegations in Paragraph 21 of the SAC do not appear to reflect allegations of fact against Viasat and instead reflect, in whole or in part, legal conclusions as to which no response is required. To the extent a response is deemed required, Viasat denies the accuracy of Plaintiff's legal conclusions. Responding further, Viasat lacks knowledge or information sufficient to form a belief as to the

7

truth of any remaining allegations in Paragraph 21 of the SAC and, on this basis, denies them.

22. Viasat lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22 of the SAC and, on this basis, denies them.

23. The allegations in Paragraph 23 of the SAC do not appear to reflect allegations of fact against Viasat and instead reflect, in whole or in part, legal conclusions as to which no response is required. To the extent a response is deemed required, Viasat denies the accuracy of Plaintiff's legal conclusions. Responding further, Viasat lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations in Paragraph 23 of the SAC and, on this basis, denies them.

24. The allegations in Paragraph 24 of the SAC do not appear to reflect allegations of fact against Viasat and instead reflect, in whole or in part, legal conclusions as to which no response is required. To the extent a response is deemed required, Viasat denies the accuracy of Plaintiff's legal conclusions. Responding further, Viasat lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations in Paragraph 24 of the SAC and, on this basis, denies them.

25. Viasat lacks knowledge or information sufficient to form a belief as to

the truth of the allegations in Paragraph 25 of the SAC and, on this basis, denies them.

26.    Viasat denies all the allegations in Paragraph 26 of the SAC.

27.    Viasat denies all the allegations in Paragraph 27 of the SAC.

28.    Viasat denies all the allegations in Paragraph 28 of the SAC.

29.    The allegations in Paragraph 29 of the SAC do not appear to reflect allegations of fact against Viasat and instead reflect, in whole or in part, legal conclusions as to which no response is required. To the extent a response is deemed required, Viasat denies the accuracy of Plaintiff's legal conclusions. Any remaining allegations in this Paragraph are denied.

30.    The allegations in Paragraph 30 of the SAC do not appear to reflect allegations of fact against Viasat and instead reflect, in whole or in part, legal conclusions as to which no response is required, and/or purport to summarize a document produced in discovery, which speaks for itself. To the extent a response is deemed required, Viasat denies the accuracy of Plaintiff's legal conclusions and summarization. Responding further, Viasat lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations in Paragraph 30 of the SAC and, on this basis, denies them.

31.    The allegations in Paragraph 31 of the SAC do not appear to reflect allegations of fact against Viasat and instead reflect, in whole or in part, legal

conclusions as to which no response is required. To the extent a response is deemed required, Viasat denies the accuracy of Plaintiff's legal conclusions. Any remaining allegations in this Paragraph are denied.

32. The allegations in Paragraph 32 of the SAC do not appear to reflect allegations of fact against Viasat and instead reflect, in whole or in part, legal conclusions as to which no response is required. To the extent a response is deemed required, Viasat denies the accuracy of Plaintiff's legal conclusions. Any remaining allegations in this Paragraph are denied.

33. Viasat denies all the allegations in Paragraph 33 of the SAC.

34. Viasat denies all the allegations in Paragraph 34 of the SAC.

35. Viasat denies all the allegations in Paragraph 35 of the SAC.

36. Viasat denies all the allegations in Paragraph 36 of the SAC.

37. The allegations in Paragraph 37 of the SAC do not appear to reflect allegations of fact against Viasat and instead reflect, in whole or in part, legal conclusions as to which no response is required, and/or purport to summarize a document produced in discovery, which speaks for itself. To the extent a response is deemed required, Viasat denies the accuracy of Plaintiff's legal conclusions and summarization. Responding further, Viasat lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations in Paragraph 37 of the SAC and, on this basis, denies them.

38. The allegations in Paragraph 38 of the SAC do not appear to reflect allegations of fact against Viasat and instead reflect, in whole or in part, legal conclusions as to which no response is required. To the extent a response is deemed required, Viasat denies the accuracy of Plaintiff's legal conclusions. Any remaining allegations in this Paragraph are denied.

39. The allegations in Paragraph 39 of the SAC purport to summarize a document or other material produced in discovery, which speaks for itself. To the extent a response is deemed required, Viasat denies the accuracy of Plaintiff's summarization. Any remaining allegations in this Paragraph are denied.

40. The allegations in Paragraph 40 of the SAC purport to summarize a document or other material produced in discovery, which speaks for itself. To the extent a response is deemed required, Viasat denies the accuracy of Plaintiff's summarization. Any remaining allegations in this Paragraph are denied.

41. Viasat denies all the allegations in Paragraph 41 of the SAC.

42. Viasat denies all the allegations in Paragraph 42 of the SAC.

43. Viasat denies all the allegations in Paragraph 43 of the SAC.

44. Viasat denies all the allegations in Paragraph 44 of the SAC, including any that may be inferred from the included screenshots.

45. The allegations in Paragraph 45 of the SAC purport to summarize a document produced in discovery, which speaks for itself. To the extent a response is

11

deemed required, Viasat denies the accuracy of Plaintiff's summarization. Any remaining allegations in this Paragraph are denied, including any that may be inferred from the included screenshots.

46.     Viasat denies all the allegations in Paragraph 46 of the SAC.

47.     Viasat denies all the allegations in Paragraph 47 of the SAC.

48.     The allegations in Paragraph 48 of the SAC purport to summarize a document produced in discovery, which speaks for itself. To the extent a response is deemed required, Viasat denies the accuracy of Plaintiff's summarization. Any remaining allegations in this Paragraph are denied.

49.     The allegations in Paragraph 49 of the SAC purport to summarize a document produced in discovery, which speaks for itself. To the extent a response is deemed required, Viasat denies the accuracy of Plaintiff's summarization. Any remaining allegations in this Paragraph are denied, including any that may be inferred from the included screenshot.

50.     Viasat denies all the allegations in Paragraph 50 of the SAC.

51.     As to the allegations of Paragraph 51 of the SAC, Viasat denies that IP Horizon is Viasat's "calling carrier" or that any calls were placed to Plaintiff by or on behalf of Viasat. Viasat lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 51 of the SAC (including in the provided table) and, on this basis, denies them.

12

52. As to the allegations of Paragraph 52 of the SAC, Viasat denies that IP Horizon is Viasat's "calling carrier" or that any calls were placed to Plaintiff by or on behalf of Viasat. Viasat lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 52 of the SAC and, on this basis, denies them.

53. Viasat lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 53 of the SAC and, on this basis, denies them, but denies any liability as to Viasat that could be inferred therefrom.

54. The allegations in Paragraph 54 of the SAC do not appear to reflect allegations of fact against Viasat and instead reflect, in whole or in part, legal conclusions as to which no response is required. To the extent a response is deemed required, Viasat denies the accuracy of Plaintiff's legal conclusions. Viasat lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 54 of the SAC and, on this basis, denies them.

55. The allegations in Paragraph 55 of the SAC do not appear to reflect allegations of fact against Viasat and instead reflect, in whole or in part, legal conclusions as to which no response is required. To the extent a response is deemed required, Viasat denies the accuracy of Plaintiff's legal conclusions. Viasat lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 55 of the SAC and, on this basis, denies them.

56. Viasat denies all the allegations in Paragraph 56 of the SAC.

57. The allegations in Paragraph 57 of the SAC do not appear to reflect allegations of fact against Viasat and instead reflect, in whole or in part, legal conclusions and/or a summary or quotation of legal authority, which speaks for itself, and thus no response is required. To the extent a response is deemed required, Viasat denies having violated the TCPA or any applicable law. Any remaining allegations in this Paragraph are denied.

58. The allegations in Paragraph 58 of the SAC do not appear to reflect allegations of fact against Viasat and instead reflect, in whole or in part, legal conclusions and/or a summary or quotation of legal authority, which speaks for itself, and thus no response is required. To the extent a response is deemed required, Viasat denies having violated the TCPA or any applicable law. Any remaining allegations in this Paragraph are denied.

59. The allegations in Paragraph 59 of the SAC do not appear to reflect allegations of fact against Viasat and instead reflect, in whole or in part, legal conclusions and/or a summary or quotation of legal authority, which speaks for itself, and thus no response is required. To the extent a response is deemed required, Viasat denies having violated the TCPA or any applicable law. Any remaining allegations in this Paragraph are denied.

60. The allegations in Paragraph 60 of the SAC do not appear to reflect

allegations of fact against Viasat and instead reflect, in whole or in part, legal conclusions and/or a summary or quotation of legal authority, which speaks for itself, and thus no response is required. To the extent a response is deemed required, Viasat denies having violated the TCPA or any applicable law. Any remaining allegations in this Paragraph are denied.

61. Viasat denies all the allegations in Paragraph 61 of the SAC.

62. Viasat denies all the allegations in Paragraph 62 of the SAC.

63. Viasat denies all the allegations in Paragraph 63 of the SAC.

64. Viasat denies all the allegations in Paragraph 64 of the SAC.

65. Viasat denies all the allegations in Paragraph 65 of the SAC.

66. Viasat denies all the allegations in Paragraph 66 of the SAC.

67. Viasat denies all the allegations in Paragraph 67 of the SAC.

68. Viasat denies all the allegations in Paragraph 68 of the SAC.

69. The allegations in Paragraph 69 of the SAC purport to summarize or characterize the content of a website, which speaks for itself, and thus no response is required. To the extent a response is deemed required, Viasat denies the accuracy of Plaintiff's summarization or characterizations. Responding further, Viasat admits that it presently has a business relationship with XYZies, but denies any implication of liability that may be inferred therefrom. Any remaining allegations in this Paragraph are denied, including any that may be inferred from the provided

screenshot.

70. Viasat denies all the allegations in Paragraph 70 of the SAC.

71. Viasat denies all the allegations in Paragraph 71 of the SAC.

72. Viasat denies all the allegations in Paragraph 72 of the SAC.

73. Viasat denies all the allegations in Paragraph 73 of the SAC.

74. Viasat denies all the allegations in Paragraph 74 of the SAC.

75. The allegations in Paragraph 75 of the SAC do not appear to reflect allegations of fact against Viasat and instead reflect, in whole or in part, legal conclusions and/or a summary or quotation of legal authority, which speaks for itself, and thus no response is required. To the extent a response is deemed required, Viasat denies having violated the TCPA or any applicable law. Any remaining allegations in this Paragraph are denied.

76. Viasat denies all the allegations in Paragraph 76 of the SAC.

77. Viasat denies all the allegations in Paragraph 77 of the SAC.

78. Viasat denies all the allegations in Paragraph 78 of the SAC.

79. As to the allegations in Paragraph 79 of the SAC, Viasat denies that any calls were placed to Plaintiff by or on behalf of Viasat. Viasat lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 79 of the SAC and, on this basis, denies them.

80. Viasat denies all the allegations in Paragraph 80 of the SAC.

## CLASS ACTION ALLEGATIONS

81. As to the allegations in Paragraph 81 of the SAC, Viasat incorporates by reference its responses to Paragraph 1 through 80 above, as if fully stated herein.

82. As to the allegations in Paragraph 82 of the SAC, Viasat admits only that Plaintiff purports to bring a claim on behalf of himself and putative class members and seeks class treatment, but denies that any class exists, the proposed class definitions are proper, the SAC includes any facially-certifiable class allegations, Viasat violated the TCPA or any other applicable law, Plaintiff has stated a plausible claim for relief or has standing to bring a claim under the TCPA, Plaintiff would be an adequate class representative, or this case is worthy or capable of class treatment. Any remaining allegations in this Paragraph are denied.

83. Viasat denies all the allegations in Paragraph 83 of the SAC.

84. Viasat denies all the allegations in Paragraph 84 of the SAC.

85. Viasat denies all the allegations in Paragraph 85 of the SAC.

86. Viasat denies all the allegations in Paragraph 86 of the SAC, including all subparagraphs.

87. Viasat denies all the allegations in Paragraph 87 of the SAC.

88. Viasat denies all the allegations in Paragraph 88 of the SAC, including all subparagraphs.

17

**COUNT I**
**Violations of the TCPA, 47 U.S.C. § 227**
**(On Behalf of Plaintiff and the National DNC Class)**

89.     As to the allegations in Paragraph 89 of the SAC, Viasat incorporates by reference its responses to Paragraphs 1 through 88 above, as if fully stated herein.

90.     The allegations in Paragraph 90 of the SAC do not appear to reflect allegations of fact against Viasat and instead reflect, in whole or in part, legal conclusions and/or a summary or quotation of legal authority, which speaks for itself, and thus no response is required. To the extent a response is deemed required, Viasat denies having violated the TCPA or any applicable law. Any remaining allegations in this Paragraph are denied.

91.     Viasat denies all the allegations in Paragraph 91 of the SAC.

92.     Viasat denies all the allegations in Paragraph 92 of the SAC.

93.     Viasat denies all the allegations in Paragraph 93 of the SAC.

94.     Viasat denies all the allegations in Paragraph 94 of the SAC.

**COUNT II**
**Violations of the TCPA, 47 U.S.C. § 227**
**(On Behalf of Plaintiff and the Telemarketing Caller ID Class)**

95.     As to the allegations in Paragraph 95 of the SAC, Viasat incorporates by reference its responses to Paragraphs 1 through 94 above, as if fully stated herein.

96.     The allegations in Paragraph 96 of the SAC do not appear to reflect allegations of fact against Viasat and instead reflect, in whole or in part, legal

18

conclusions and/or a summary or quotation of legal authority, which speaks for itself, and thus no response is required. To the extent a response is deemed required, Viasat denies having violated the TCPA or any applicable law or that there is a private cause of action under the cited regulation. Any remaining allegations in this Paragraph are denied.

97.    The allegations in Paragraph 97 of the SAC do not appear to reflect allegations of fact against Viasat and instead reflect, in whole or in part, legal conclusions and/or a summary or quotation of legal authority, which speaks for itself, and thus no response is required. To the extent a response is deemed required, Viasat denies having violated the TCPA or any applicable law or that there is a private cause of action under the cited regulation. Any remaining allegations in this Paragraph are denied.

98.    Viasat denies all the allegations in Paragraph 98 of the SAC.

99.    Viasat denies all the allegations in Paragraph 99 of the SAC.

100.    Viasat denies all the allegations in Paragraph 100 of the SAC.

101.    Viasat denies all the allegations in Paragraph 101 of the SAC.

## PLAINTIFF'S PRAYER FOR RELIEF

WHEREFORE, Viasat denies each and every allegation set forth in the "Prayer for Relief" in Plaintiff's SAC (including all subparts), and specifically denies that Plaintiff is entitled to any of the damages or other relief requested in the SAC, either

expressly or by implication, including but not limited to the specific relief requested on pages 18-19 of the SAC, or to any relief whatsoever, and demands the strictest of proof of all alleged damages, injuries, and harms. Viasat further denies that it violated the TCPA or any other law in relation to this action, and thus denies Plaintiff is entitled to relief under such laws. Viasat further denies that Plaintiff is entitled to treble damages or "[s]uch other and further relief" Plaintiff requests in the SAC, including but not limited to injunctive relief, fees, costs, or punitive damages.

## DEMAND FOR JURY TRIAL

Viasat does not oppose at this time Plaintiff's demand for jury trial.

## VIASAT'S GENERAL DENIALS

All allegations in the SAC, including those presented in any and all attached exhibits or in any and all subparts or subparagraphs or in any preamble or footnotes, that are not specifically admitted above are hereby expressly and fully denied, and Viasat denies any and all allegations implied or that may be inferred from any captions or headings in or footnotes to the SAC or that purport to relate to conduct by other parties. For the avoidance of doubt, as to the responses above, Viasat denies any liability as to having violated the TCPA, or any other applicable state or federal law, or that Plaintiff is entitled to any damages or other relief under the TCPA or otherwise, including but not limited to the specific statutory provisions identified in the SAC or others. Viasat further denies Plaintiff or any putative class member is entitled to any

20

relief or damages whatsoever, and demands strict proof thereof. Viasat further denies that this Court has proper federal subject matter jurisdiction (particularly to the extent Plaintiff lacks Article III standing) or that Plaintiff is entitled to class treatment. Any scrivener's error herein should not be construed against Viasat and should be construed as a denial rather than an admission of liability.

## VIASAT'S AFFIRMATIVE AND OTHER DEFENSES

By alleging the affirmative and other defenses herein and below, Viasat intends no alteration of any burden of proof that otherwise exists with regard to the claims in the SAC. All defenses are pled in the alternative and do not constitute an admission either of liability, of subject matter jurisdiction, or as to whether Plaintiff is entitled to relief. For the avoidance of doubt, nothing in these defenses should be construed as an admission of liability, and any allegation of fault by Viasat in the SAC is denied.

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

For all of the same reasons Viasat previously identified (*see* Dkt. 24 and 37), Viasat contends that the SAC fails to set forth facts sufficient to state or constitute a claim against Viasat under the TCPA or any other law, fails to plead facts demonstrating Article III standing, and fails to state facts sufficient to entitle Plaintiff or any putative class member to the relief sought, or any relief whatsoever. Further, Viasat contends Plaintiff will be unable to establish such facts as necessary to satisfy

Plaintiff's burden of proof as to the claim asserted.

## SECOND AFFIRMATIVE DEFENSE

### (Not Willful and/or Knowing)

Plaintiff has not carried and cannot carry his burden of showing that any action or omission by Viasat was "willful" or "knowing" and, therefore, is not entitled to treble damages under the TCPA or any other law that provides for treble damages.

## THIRD AFFIRMATIVE DEFENSE

### (Consent, and/or Established Business Relationship)

Upon information and belief, Plaintiff's claims are barred because, to the extent Plaintiff received any telephonic communications from Viasat, or from third parties on Viasat's behalf in this action if any, which is denied, (i) Plaintiff requested to receive said telephonic communications, (ii) any such telephonic communications were sent with Plaintiff's "prior express invitation or permission" (or "prior express written consent" or "prior express consent" where required), (iii) he had an "established business relationship" with Viasat or the caller, (iv) his consent was not required on account of the nature of the calls or the technology used (*i.e.*, the at-issue calls did not involve an artificial or prerecorded voice, or the equipment used to make calls is not covered by or subject to the TCPA's requirements), and/or (v) such telephonic communications were sent in response to an inquiry, were not unwanted, and, in fact, were requested and/or consented to by Plaintiff, an authorized third-party,

and/or the regular user and/or subscriber of the subject phone number who may have been acting in concert with Plaintiff.

## FOURTH AFFIRMATIVE DEFENSE

### (Error)

Plaintiff's claims are barred, in whole or in part, because, to the extent he received any violative communications directly from Viasat or on behalf of Viasat, which Viasat denies, such communications were the result of bona fide error.

## FIFTH AFFIRMATIVE DEFENSE

### (Good Faith)

At all times relevant to the matters alleged in the SAC, Viasat acted in good faith, reasonably and without any actual or constructive knowledge of any alleged breach of any legal duty owed to Plaintiff, or any other alleged wrong done to Plaintiff.

Additionally, all conduct and activities of Viasat alleged in the SAC conformed to statutes, regulations and industry standards based upon the state of knowledge existing at the time(s) alleged in the SAC. As a consequence, some or all of Plaintiff's claim is barred in full, or in part, based on Viasat's (or any purported agent's) good faith belief that they had good cause and/or a legitimate business reason to act as they did and did not directly or indirectly perform any acts that would constitute a violation of Plaintiff's rights. Moreover, Plaintiff's allegations that he is entitled to treble damages based on "knowing" or "willful" violations are barred for this same reason.

23

## SIXTH AFFIRMATIVE DEFENSE

### (Third Party Acts)

Plaintiff's claims are barred because the alleged conduct was caused or contributed to by the acts or omissions of Plaintiff and/or third parties other than Viasat, over which Viasat had no control, and for which Viasat is not liable either directly or vicariously. For the avoidance of doubt, Viasat is not directly or vicariously liable for the alleged unlawful acts of any other party or third party because, *inter alia*, (i) it did not physically make the communications at issue, (ii) it did not have a common law agency relationship with any third party that did make the subject communications, and (iii) it cannot be held liable under the TCPA pursuant to any common law agency theory (including actual authority, apparent authority, or ratification).

## SEVENTH AFFIRMATIVE DEFENSE

### (Failure to Join)

Plaintiff's claims fail due to his failure to join necessary or indispensable parties in this action, including but not limited to the person(s) or entity (or entities) who sent the alleged communications at issue in purported violation of the TCPA and/or acted on such person's or entity's behalf in doing so and any other user or owner of the subject phone number who provided consent to be contacted by Viasat.

## EIGHTH AFFIRMATIVE DEFENSE

### (Fifth Amendment Due Process)

To the extent the TCPA is applied against Viasat to impose upon Viasat liability in circumstances that Viasat could not have reasonably avoided and/or damages that would be grossly disproportional to any actual harm caused by the activity in question, the TCPA violates the Due Process Clause of the Fifth Amendment to the United States Constitution. *See Golan v. Veritas Ent., LLC*, 2017 WL 3923162, at *3 (E.D. Mo. Sept. 7, 2017), *aff'd sub nom.* 930 F.3d 950 (8th Cir. 2019) (citing *Capitol Records, Inc. v. Thomas-Rasset*, 692 F.3d 899, 907 (8th Cir. 2012) ("[T]he TCPA's statutory damages clause is constitutional, but a specific damages award may be unconstitutional if it is so severe and oppressive as to be wholly disproportionate to the offense and obviously unreasonable.")).

## NINTH AFFIRMATIVE DEFENSE

### (Due Process – Punitive Damages)

To the extent that the SAC seeks punitive or exemplary damages under the TCPA, it violates the rights of Viasat under the Due Process provisions of the United States Constitution, as grossly excessive penalties entered on a discretionary basis may amount to an "arbitrary deprivation of property without the due process of law." *See, e.g., TXO Prod. Corp. v. Alliance Res. Corp.*, 509 U.S. 443, 453, 454 (1993); *BMW of N. Am., Inc. v. Gore*, 517 U.S. 559, 562 (1996). The TCPA affords discretion

to award up to $1,500.00 "per violation."

## TENTH AFFIRMATIVE DEFENSE

### (Eighth Amendment Excessive Fines)

If the TCPA is applied against Viasat to impose liability grossly disproportional to any actual harm allegedly caused by the activity in question, the TCPA violates the Eighth Amendment to the United States Constitution, which prohibits excessive fines. Statutory penalties violate due process rights "where the penalty prescribed is so severe and oppressive as to be wholly disproportionate to the offense and obviously unreasonable." *United States v. Citrin*, 972 F. 2d 1044, 1051 (9th Cir. 1992) (quoting *St. Louis, I.M. & S. Ry. Co. v. Williams*, 251 U.S. 63, 66-67 (1919)).

## ELEVENTH AFFIRMATIVE DEFENSE

### (De Minimis Harm)

Plaintiff's claims are barred, in whole or in part, by the doctrine of de minimis harm because the actual harm allegedly suffered by Plaintiff (if any, which is not conceded and expressly denied) is negligible.

## TWELFTH AFFIRMATIVE DEFENSE

### (Equitable Defenses)

Plaintiff's claims are barred, in whole or in part, based upon the doctrines of unclean hands, estoppel, waiver, and/or other doctrines or theories of equity, including but not limited to assumption of risk, particularly (but not limited) to the extent that

26

Plaintiff consented to receiving the communications and/or authorized another person's use of the phone number at issue and/or provision of consent for calls to that number, or requested, sought out, induced or otherwise encouraged communications for the sole or intended purpose of bringing TCPA claims. For the avoidance of doubt, failure to list a specific equitable defense herein should not be construed as a waiver of any equitable defenses. Rather, Viasat invokes, without limitation, any and all equitable defenses available to it under applicable law and interpretive authority.

For the avoidance of doubt, Viasat asserts, without limitation, all defenses, protections, and limitations available to it under the TCPA and its related implementing regulations, or any other applicable law as to Plaintiff's claims in the SAC, including but not limited to that (1) Viasat did not contact Plaintiff without consent, (2) Viasat did not contact or authorize others to contact Plaintiff as alleged in the SAC (or at all), (3) Viasat has established and implemented, with due care, reasonable practices and procedures to effectively prevent violations of the TCPA's regulations, and such practices and procedures were in place and followed at all relevant times, (4) Plaintiff did not receive an actionable "telephone solicitation" or "telemarketing" call within the meaning of the TCPA or other applicable law, (5) Plaintiff requested, sought out, consented to, induced or otherwise encouraged contact for the sole or intended purpose of bringing TCPA and/or equivalent claims, without having suffered any injury, and/or (6) upon information and belief, the telephone

27

number at issue is used by and for Plaintiff's business purposes and is used for "residential" purposes (including that the number is not the primary means of reaching him at his residence), and therefore Plaintiff does not qualify as a "residential telephone subscriber" within the meaning of the TCPA.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

Plaintiff is not entitled to relief because, if Plaintiff has been damaged, which Viasat denies, Plaintiff has failed to mitigate his damages, and therefore any recovery against Viasat is barred or should be reduced accordingly.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Lack of Standing)

Plaintiff lacks standing to bring his claims under Article III of the United States Constitution or otherwise (including "prudential" or "statutory" standing), particularly to the extent that Plaintiff did not suffer a concrete and particularized injury in fact that is traceable to or redressable by Viasat for all of the reasons previously stated (see Dkt. 24 and 37), and/or to the extent that Plaintiff (i) is not the subscriber, owner and/or user of the subject phone number, (ii) consented to receiving the communications at issue in this action, (iii) requested to be called, (iv) did not actually receive the subject communications or did not do so on the subject number, (v) induced the communications and/or authorized another third-party to do so on his

28

behalf, and/or (vi) is not within the "zone of interests" that the TCPA and other laws invoked in his SAC were designed to protect, among other reasons.

In particular, and without limitation, Plaintiff lacks standing as Viasat did not send or authorize the unlawful communications as alleged (and in fact, upon information and belief, Plaintiff has fabricated his claims in this case and is a professional serial litigant abusing the TCPA for profit) and therefore did not cause any injury to Plaintiff. Further, because Viasat did not send or authorize the communications as alleged to Plaintiff, Plaintiff's alleged injury, if any, cannot be traced to, or redressed by, Viasat.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Legitimate Business Purpose)

All conduct and activities of Viasat, including any purported agents, alleged in the SAC conformed to statutes, regulations and industry standards based upon the state of knowledge existing at the time(s) alleged in the SAC. As a consequence, some or all of Plaintiff's claims are barred in full, or in part, based on Viasat's good faith belief that Viasat or any third party purporting to act on its behalf had good cause and/or a legitimate business reason to act as they did and did not directly or indirectly perform any acts that would constitute a violation of Plaintiff's rights.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Intervening/Superseding Cause)

The SAC is barred, in whole or in part, to the extent that Plaintiff's purported damages, if any, resulted from acts and/or omissions of other parties, third parties, conditions, or by forces and/or things over whom/which Viasat had no control, including but not limited to any user or subscriber of the phone number who provided consent to receive the calls at issue. Plaintiff's claim is barred for the additional reason that, upon information and belief, Plaintiff consented to receiving the communications at issue or authorized others to do so, and/or expressly invited or solicited the communications for the intended purpose of bringing a TCPA or equivalent claim. Thus, the acts of Plaintiff or such other parties/third parties/forces/conditions constitute intervening or superseding causes of any purported harm.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (No Proximate Cause)

If Plaintiff suffered or sustained any damages or injury as a proximate result of the purported conduct of Viasat or third parties purportedly acting on its behalf, which Viasat denies, such damages or injury were proximately caused by or contributed to by the acts and/or negligence of Plaintiff and/or third parties, which bars or reduces Plaintiff's right to recover any such damages against Viasat. Accordingly, Plaintiff is barred from recovering any such damages and/or is subject to a proportionate

reduction on a comparative fault basis for any alleged damages so caused.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Ratification)

The cause of action in the SAC is barred, in whole or in part, by the doctrines of acquiescence, ratification, and consent for the reasons stated above and below, and for others. This is because, among other reasons, Plaintiff consented to receiving the communications at issue, and/or expressly invited or solicited the communications for the intended purpose of bringing a TCPA (or equivalent) claim.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Safe Harbor)

At all times relevant to the matters alleged in the SAC, Viasat had established and implemented written procedures to comply with (and has so complied with) the applicable TCPA Do-Not-Call rules. For the avoidance of doubt, Viasat asserts all "safe harbor" and other affirmative defenses available to it under all applicable TCPA provisions and related implementing regulations, as interpreted by the Federal Communications Commission and applicable decisional authority and as amended,

31

pertaining to Plaintiff's allegations against Viasat in this matter (*see, e.g.*, 47 U.S.C. §§ 227(c) and 47 C.F.R. § 64.1200(c)) without limitation.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Class Not Certifiable)

Plaintiff does not meet the class requirements of Rule 23 of the Federal Rules of Civil Procedure. Specifically, Viasat contends that Plaintiff cannot meet, at the minimum, the class certification requirements of numerosity, commonality, typicality, and adequate representation. Additionally, the putative class is not ascertainable by objective measures and common issues of law and fact do not predominate over individualized inquiries, including because the circumstances under which individuals might provide consent and/or revoke consent can naturally vary by individual. Plaintiff also cannot meet the requirements for class certification because he is not a member of the class he seeks to represent, to the extent that there has been no TCPA violation by Viasat.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (No Injunctive Relief)

Plaintiff has failed to state facts (and indeed there are no such facts) that would entitle Plaintiff or any putative class member to obtain injunctive relief because,

32

among other reasons, there is no threat of immediate, imminent, and/or continuing harm, and therefore Plaintiff lacks standing to pursue this relief and/or such relief is not available as a matter of law. *See, e.g.*, *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 158 (2014); *TransUnion LLC v. Ramirez*, 594 U.S. 413, 435 (2021); *Miller v. Time Warner Cable Inc.*, 2016 WL 7471302, at \*2–4 (C.D. Cal. Dec. 27, 2016).

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Reservation of Defenses; Additional or Other Defenses)

Certain additional affirmative and other defenses to the SAC and to the purported claims for relief stated therein may be available to Viasat. However, these additional defenses may require discovery before they can be properly alleged as certain information is in the hands of Plaintiff and/or third parties. Thus, Viasat reserves the right to assert other separate and additional defenses, if and when they become appropriate in this action and to the extent allowed. Viasat further reserves and does not waive any arbitral rights against Plaintiff (to the extent Viasat determined that Plaintiff's claims are subject to a binding arbitration agreement between the parties) and/or any right to seek sanctions against Plaintiff or his counsel under 28 U.S.C. §1927, Fed. R. Civ. P 11, and other applicable rules or law, particularly as Plaintiff's SAC lacks any good faith basis in law or fact and indeed contains demonstrably false allegations that have already been proven false in discovery, among other reasons. Viasat also reserves and does not waive the right to

33

bring an affirmative action against Plaintiff, his counsel, or any responsible third parties, if and when it determines it has a legal and factual basis to do so, in accordance with applicable rules and law. For the avoidance of doubt, Viasat reserves all rights and privileges afforded to it under applicable rules and law, and intends no waiver hereby, whether or not said rights and privilege are expressly identified herein.

## **<u>VIASAT'S PRAYER FOR RELIEF</u>**

WHEREFORE, Viasat respectfully requests that the Court enter judgment in its favor, dismiss Plaintiff's SAC with prejudice, award Viasat all of its costs and attorneys' fees incurred in defending this action to the extent available under applicable law, and grant Viasat all other relief as the Court deems just and appropriate.

Dated: August 11, 2026

Respectfully submitted,

By: */s/ Kareem A. Salem*

John W. McGuinness
(*Pro Hac Vice* to be Requested)
A. Paul Heeringa
(Admitted *Pro Hac Vice*)
Kareem A. Salem
(Admitted *Pro Hac Vice*)
MANATT, PHELPS & PHILLIPS, LLP
1700 M ST, NW, 4th Floor
Washington, D.C. 20036
Telephone: 202-585-6500
jmcguinness@manatt.com
pheeringa@manatt.com
ksalem@manatt.com

FREDERICK P. SANTARELLI (PA 53901)
STEVEN C. TOLLIVER, JR. (PA 327165)
ELLIOTT GREENLEAF, P.C.
Union Meeting Corporate Center V
925 Harvest Drive, Suite 300
Blue Bell, PA 19422
(215) 977-1000 (phone)
FPSantarelli@elliottgreenleaf.com
sct@elliottgreenleaf.com

*Counsel for Defendant Viasat, Inc.*

35

## CERTIFICATE OF SERVICE

I hereby certify that, on August 11, 2026, I filed the foregoing electronically through the Court's CM/ECF system, which will send notice of the filing to all counsel of record.

By: /s/ *Kareem A. Salem*